**EXHIBIT B**
(Proposed Interim Order)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

TOP LINE GRANITE DESIGN INC.                    Case No. 22-40216 (CJP)

                                                Chapter 11

                        Debtor.

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Upon consideration of the *Debtor's Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Post-petition Replacement Liens as Adequate Protection, and (D) Scheduling a Final Hearing* filed with this Court on March  30, 2022 (the "**Motion**")[1] by Top Line Granite Design Inc. (the "**Debtor**"); notice of the Motion being good and sufficient notice under the circumstances; the Court having held an emergency hearing on April ___ _____, 2022 relating to the Motion; after due deliberation and sufficient cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted on an interim basis subject to the terms and conditions set forth in this interim order.

2.      The Debtor is authorized to use its Cash Collateral substantially in accordance with the Budget.

3.      The Debtor is authorized to use Cash Collateral to pay all expenses incurred by the Debtor in the operation of its ongoing business post-petition (or if incurred pre-petition, those expenditures authorized by a specific Order of this Court) pending the final hearing on the Motion.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

4.      The Lienholders are hereby granted post-petition replacement liens and security interests in property of the Debtor's estate, as set forth in the Motion, in an amount equivalent to the amount of Cash Collateral expended by the Debtor, of the same type, in the same nature and to the same extent as the Lienholders had in such assets pre-petition to the extent the Lienholders held validly perfected liens and security interests as of the Petition Date ("**Post-petition Liens**").

5.      The Post-petition Liens shall be recognized only to the extent of diminution in the value of the Lienholders' prepetition collateral constituting Cash Collateral resulting from the Debtor's use thereof in the operation of the Debtor's business in the Post-petition Period.

6.      The Post-petition Liens shall maintain the same priority, validity, and enforceability as the Lienholders' liens on their pre-petition collateral.

7.      This interim order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Post-petition Liens without the necessity of filing or recording any financial statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction to validate or perfect (in accordance with applicable non-bankruptcy law) the Post-petition Liens.

8.      The Post-petition Liens shall not attach to any avoidance powers held by the Debtor or any trustee for the Debtor, including those avoidance powers set forth in sections 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, or to the proceeds of any claims under or actions commenced pursuant to such powers.

9.      As further adequate protection, to the extent funds are available, the Debtor is authorized to make monthly adequate protection payments to the Lienholders as set forth in the Motion and in the Budget.

10. Nothing in this Order shall be construed to permit a carveout for payment of fees of the Debtor's counsel and the Subchapter V trustee, or to surcharge Avidia Bank's collateral pursuant to Section 506(c) of the Bankruptcy Code without further order of the Bankruptcy Court. Moreover, nothing herein constitutes a waiver of any rights or remedies of a creditor or party in interest to object to the Motion in connection with any further hearing or with respect to any further request by the Debtor to use cash collateral.

11. After entry of any final order authorizing this Motion, on a monthly basis, the Debtor shall file with this Court a reconciliation statement showing estimated amounts as described in the Budget versus actual monthly revenue and expenses.

12. Nothing in this Order shall constitute a waiver by or restrict the Debtor's right to seek further use of Cash Collateral or to seek authority to use Cash Collateral other than on the terms and conditions set forth herein.

13. This Order shall be without prejudice to the rights of the Debtor and other parties in interest to challenge the validity or perfection of secured creditors' asserted security interests, including the pre-petition liens of any creditor under a Cash Advance Agreement, on any grounds whatsoever. The Post-petition Liens granted pursuant to this Order may be revoked or reduced to the extent that any such challenge or objection is successful.

14. The final hearing on the Motion is hereby scheduled for _____ ___, **2022 at __:__ __.m.** Any party in interest objecting to the relief requested in the Motion on a final basis shall file a written objection with the Clerk of the Court (and serve such objection on counsel to the Debtor) no later than 4:00 p.m. (Eastern Time) on _____ _____, 2022.

15. The Debtor shall serve, by United States mail, first-class postage prepaid, Email, or other appropriate method of service, notice of the entry of the interim order and of the final

hearing on: (a) the parties having been given notice of the Motion, and (b) any party which has filed prior to such date a request for notices with this Court.

16.     Notwithstanding the possible applicability of Bankruptcy Rules 6004 and 7062 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry by the Court.

SO ORDERED by the Court this _____ day of April, 2022.


_____
Honorable Christopher J. Panos
UNITED STATES BANKRUPTCY JUDGE


3071052.7