UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TOP LINE GRANITE DESIGN INC. [1]<br><br>Debtor. | Case No. 22-40216 (CJP)<br><br>Chapter 11 |

### DEBTOR'S MOTION FOR AUTHORITY TO PAY PREPETITION EMPLOYEE WAGES, AMOUNTS DUE TO SUBCONTRACTORS, AND OTHER EMPLOYMENT RELATED OBLIGATIONS

Top Line Granite Design Inc., a debtor in possession (the "**Debtor**"), hereby moves this Court for entry of an order authorizing the Debtor, in its good faith business judgment, to pay certain prepetition wages, salaries or commissions, amounts due to subcontractors, and other employment related obligations as set forth herein. In support of this motion (the "**Motion**"), the Debtor respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for relief requested herein are sections 105(a), 363(b), 507(a)(4), (5) and (8), 541(b), 1107(a), and 1129(a)(9)(B) of Title 11 of the United States Code (the "**Bankruptcy Code**"); and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[1] A/k/a Design Top Line Granite, and aka Top Line Granite Design. The Debtor's name was changed from Brazil Stones Inc. in November 2005.

## Background

4. On March 25, 2022 (the "**Petition Date**"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, as a small business Subchapter V debtor.

5. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to manage and operate its business as a debtor-in-possession.

6. On March 28, 2022, the Court appointed Steven Weiss as the Subchapter V trustee.

7. The Debtor incorporates by reference the factual background discussed in its motion for interim and final orders (A) authorizing use of cash collateral, (B) granting post-petition replacement liens as adequate protection, and (C) scheduling a final hearing, filed with the Court on March 30, 2022 [Doc. No. 16] (the "**Cash Collateral Motion**").

## Employment Related Obligations

8. As mentioned in the Cash Collateral Motion, as of the Petition Date, the Debtor pays wages, salaries and/or commissions to many employees (the "**Employees**"). The Employees include the Debtor's owner, Edmilson Ramos ("**Mr. Ramos**") sales representatives, technicians, schedule and account managers, production and quality managers, polishers, robot operator, office personnel, and others. The Debtor also has a sales manager and bookkeeper who is paid as a subcontractor and receives a Form 1099 from the Debtor (the "**Sales Manager**").

9. The Debtor incurs payroll obligations to the Employees and pays the Sales Manager in the ordinary course of business. The Debtor pays its Employees and the Sales Manager one (1) week in arrears on a weekly basis every Friday. Post-petition, the Debtor expects payments to the Employees and Sales Manager to be approximately $25,000 per week.

The average commissions for the Debtor's sale representatives is expected to be approximately $30,000.00 per month.

10. Disbursements or payroll to Employees are administered through ADP Payroll Services. Generally, the Debtor funds its own payroll account in advance of each pay day. Upon information and belief, all amounts related to payroll taxes have been paid pre-petition. The Debtor does not offer Employee benefit plan (other than minimal $120.00 weekly payments for the owner's 401k benefit).

11. The Debtor also uses the services of various individual labor subcontractors (the "**Subcontractors**") that are paid through US Construction and Maintenance LLC, an affiliated entity ("**US Construction**").[2] The Subcontractors have not been paid in full for pre-petition services. Subcontractor services are critical for the Debtor's operations.

12. Pre-petition, the Employees and the Sales Manager received checks from the Debtor but some of them did not get cashed and remain outstanding due to insufficient funds. The total for such prepetition unpaid amounts is approximately $22,801.00, as reflected on **Exhibit A** attached hereto (the "**Employment Compensation**").

13. The Subcontractors also received check payments pre-petition from US Construction (and some from the Debtor directly).[3] However, some of the checks did not get cashed and remain outstanding due to insufficient funds. The total for such prepetition unpaid amounts is approximately $132,000.00, as reflected on **Exhibit A** attached hereto (the "**Subcontractor Amounts**", collectively with the Employment Compensation, the "**Unpaid Compensation**"). The Debtor anticipates that payment of the Unpaid Compensation will not be

---

[2] Mr. Ramos is the majority member or general partner of US Construction and Maintenance LLC.
[3] The Debtor paid certain amounts directly to the Subcontractors because the Debtor did not pay US Construction.

3

made all at once, but may be paid during a three- month period, as contemplated under the budget attached to the Cash Collateral Motion, to the extent funds are available.

14. In addition, the Debtor entered into a settlement agreement with a prior employee, pursuant to which the Debtor agreed to pay the total sum of $40,000.00 in 15 monthly payments of $2,666.67 each, starting April 2022 (the "**Employee Settlement Amount**").

15. By this Motion, the Debtor seeks authority, but not direction, to pay prepetition amounts related to the Unpaid Compensation, and the Employee Settlement Amount (the "**Employment Related Obligations**") in the ordinary course of the Debtor's business to the extent there are sufficient funds.

### Relief Requested

16. As a result of this Chapter 11 filing, the Debtor is prohibited from paying claims that arose prior to the Petition Date without receiving specific authorization from this Court. By this Motion, the Debtor seeks authority to pay and honor in the ordinary course of business and in its sole discretion, the Employment Related Obligations, to the extent funds are available, and to continue to pay and honor in the ordinary course on a post-petition basis all of such obligations.

17. The Debtor asserts that approval of this Motion is necessary for such workers that depend on their compensation to meet their necessary living expenses. These workers will be exposed to significant financial difficulties if the Debtor is not permitted to pay and honor such obligations in the ordinary course of business. In addition, such authorization is necessary to maintain morale and to otherwise ensure the continued retention of the Debtor's Employees and the Sales Manager, and to ensure ongoing services by the Subcontractors.

18. Bankruptcy Rule 6003 provides that a bankruptcy court shall not within twenty-one (21) days after the filing of the petition approve "a motion to use, sell, lease, or otherwise

4

incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition...." This is not applicable here since the Debtor is not requesting emergency/ expedited determination. In fact, a final hearing is currently scheduled for April 28, 2022, on the Cash Collateral Motion and the Debtor requests that this Motion also be heard on April 28, 2022, which is more than 21 days after the Petition Date.

## Basis for Relief

19. Each of the Employees is entitled to a priority claim for compensation (including wages, salaries, commissions, or severance) earned in the 180-day period preceding the Petition Date in an amount up to $13,650.00. 11 U.S.C. § 507(a)(4). Claims on account of employee benefits accrued in the 180-day period preceding the Petition Date are entitled to priority. 11 U.S.C. § 507(a)(5). Claims for payroll and related taxes are also entitled to priority status. 11 U.S.C. § 507(a)(8). As priority claims, the Debtor is required to pay these claims in full to confirm a chapter 11 plan. See 11 U.S.C. § 1129(a)(9)(B) (requiring payment of certain allowed unsecured claims for wages, salaries and commissions for contributions to an employee benefit plan). Therefore, authorizing the Debtor to make these payments at this time would only affect the timing, but not the amount, of the payment of the employee claims to the extent they constitute priority claims.

20. The Court may also grant the relief requested herein pursuant to section 363 of the Bankruptcy Code. Section 363 of the Bankruptcy Code provides that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims. See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (discussing prior order authorizing payment of prepetition wage claims pursuant to section 363(b); relief appropriate where payment was needed to "preserve and protect its business and

5

ultimately reorganize, retain its currently working employees and maintain positive employee morale."). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." Id.

21. Paying the Employment Related Obligations will benefit the estate and its creditors by allowing the Debtor's business operations to continue without interruption. If the requested relief is not granted and the Employees, the Sales Manager or the Subcontractors seek alternative opportunities, such a development would deplete the Debtor's workforce, hindering the Debtor's ability to meet its customer obligations. The loss of valuable workers and the resulting need to recruit new employees or subcontractors to replenish the Debtor's workforce would be distracting and counterproductive at this critical time, during which the Debtor is stabilizing operations and restructuring its operations in chapter 11.

22. In addition, the Debtor is highly dependent on its workforce. Accordingly, there can be no doubt that the Debtor must do its utmost to retain the Employees, the Sales Manager, and the Subcontractors by, among other things, continuing to honor all wages and other compensation, benefit, and related obligations that accrued prepetition. The relief requested herein is necessary to ensure that the Debtor can retain and maintain the morale of its experienced employees and workers throughout the bankruptcy case, thereby preserving the Debtor's on-going business operations.

23. The Court may also rely on its general equitable powers to grant the relief requested in this Motion as codified in section 105(a) of the Bankruptcy Code. Section 105 of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition

debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." Ionosphere Clubs, 98 B.R. at 175-176. Section 105(a) of the Bankruptcy Code authorizes a court to "permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor." In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992); see also In re Just for Feet, Inc., 242 B.R. 821, 825 (D. Del. 1999).

24. As discussed above, the Employees, the Sales Manager, and the Subcontractors are integral to the Debtor's business operations. Failure to satisfy such obligations in the ordinary course of business will jeopardize the loyalty and trust of such workers. Some of them may leave or stop working and thereby cause serious disruption to the Debtor's business operations during this critical period when the Debtor needs the continued support of its Employees, the Sales Manager, and the Subcontractors to allow for a successful reorganization.

25. Moreover, the relief requested by this Motion is also supported by the well-established "necessity of payment" doctrine. Courts routinely rely on the doctrine for authority to enter an order authorizing the payment of prepetition compensation and other employee benefits. For example, in In re Just For Feet, Inc., 242 B.R. at 824, the Court noted that "[t]he United States Supreme Court first articulated the 'necessity of payment doctrine' over a century ago when it stated that '[m]any circumstances exist which make it necessary and indispensable to the business of the [debtor] and the preservation of the property, for the receiver to pay pre-existing debts . . . .'" Id. Accordingly, under the "necessity of payment" doctrine, a court may authorize a debtor to pay prepetition claims where such payment is essential to the continued operation of the debtor. Id. at 826-27; see also In re Ionosphere Clubs, Inc., 98 B.R. at 176 (court relied on equitable powers under Section 105(a) and the necessity of payment rule to authorize payments of wages, benefits and expenses in order to retain current employees and

maintain positive employee morale); In re Chateaugay Corp., 80 B.R. 279, 281 (S.D.N.Y. 1987) (under the necessity of payment doctrine, bankruptcy court should defer to the debtor's business judgment in permitting payment of certain workers' compensation claims).

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

26. To successfully implement the foregoing successfully and considering the nature of the requests herein, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

27. The Debtor will send notice of this Motion to the following parties: (i) the Office of the United States Trustee for the District of Massachusetts, (ii) the Subchapter V trustee, (iii) the secured creditors, (iv) the Debtor's 20 largest unsecured creditors, and (v) any other parties designated in the service list by the Debtor to receive notice. In light of the nature of the relief requested, the Debtor submits that no other or further notice is required.

### Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**: (i) authorizing the Debtor to pay the Employment Related Obligations as described herein; and (b) granting such other and further relief as is just and proper.

Respectfully Submitted,

TOP LINE GRANITE DESIGN INC.

By its proposed bankruptcy counsel,

*/s/ Alan L. Braunstein*
Alan L. Braunstein (BBO #546042)
Macken Toussaint (BBO# 645076)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street
Boston, Massachusetts 02114
Tel: (617) 523-9000
abraunstein@riemerlaw.com
mtoussaint@riemerlaw.com

DATED: April 7, 2022

# EXHIBIT A
(Prepetition Unpaid Compensation)

## TOP LINE GRANITE CURRENT EMPLOYEES & SUBCONTRACTOR

| Date | Num | Name | Title | Type of Wage | Credit | | Total Per Employee | |
|---|---|---|---|---|---|---|---|---|
| 03/03/2022 | 1814 | Carolline's Service - 1099 | Sales Manager & Bookkeeping | Salary & Commission | $ | 2,057.41 | | 1847 |
| 03/10/2022 | 1838 | Carolline's Service - 1099 | Sales Manager & Bookkeeping | Salary & Commission | $ | 2,788.95 | | 1847 |
| 03/10/2022 | 1839 | Carolline's Service - 1099 | Sales Manager & Bookkeeping | Salary & Commission | $ | 3,149.59 | $ 12,777.22 | 1847 |
| 03/18/2022 | 1931 | Carolline's Service - 1099 | Sales Manager & Bookkeeping | Salary & Commission | $ | 1,978.80 | | 1847 |
| 03/25/2022 | 2145 | Carolline's Service - 1099 | Sales Manager & Bookkeeping | Salary & Commission | $ | 2,802.47 | | 1847 |
| 03/23/2022 | 2052 | Hellen De Oliveira Moreno | Schedule Manager | Salary | $ | 674.64 | $ 674.64 | 1847 |
| 03/18/2022 | 1967 | Maicon R Pereira | Salesperson | Commission | $ | 126.23 | $ 126.23 | 1847 |
| 03/25/2022 | 2101 | Paulo D Amaral | Programmer | Salary | $ | 885.71 | $ 885.71 | 1847 |
| 03/23/2022 | 2053 | Ricardo L Silva. | Salesperson | Salary & Commission | $ | 1,033.95 | $ 1,685.47 | 1847 |
| 03/23/2022 | 2054 | Ricardo L Silva. | Salesperson | Salary & Commission | $ | 651.52 | | 1847 |
| 03/25/2022 | 2137 | William Marmolejo | Polisher | Salary | $ | 871.20 | $ 871.20 | 1847 |
| | | | | | $ | 17,020.47 | | |

## TOP LINE GRANITE PAST EMPLOYEES

| Date | Num | Name | Title | | Credit | | Total Per Employee | |
|---|---|---|---|---|---|---|---|---|
| 03/24/2022 | 2067 | Alvaro Camargo | Polisher | Salary | $ | 3,198.00 | $ 3,198.00 | 1847 |
| 03/16/2022 | 1891 | Natalia Vidotti | Salesperson | Salary & Commission | $ | 850.00 | $ 1,133.33 | 1847 |
| 03/16/2022 | 1892 | Natalia Vidotti | Salesperson | Salary & Commission | $ | 283.33 | | 1847 |
| 03/21/2022 | 1992 | Mario Alves | Salesperson | Salary | $ | 1,450.00 | $ 1,450.00 | 1847 |
| | | | | | $ | 5,781.33 | | |

## US CONSTRUCTION SUBCONTRACTORS (1099)

| Date | Num | Name | Title | | Credit | | Total Per Employee | |
|---|---|---|---|---|---|---|---|---|
| 03/02/2022 | 1187 | Alvaro Gomes | Polisher | Salary | $ | 1,713.65 | | 8062 |
| 03/09/2022 | 1183 | Alvaro Gomes | Polisher | Salary | $ | 1,713.65 | $ 6,854.60 | 8062 |
| 03/16/2022 | 1256 | Alvaro Gomes | Polisher | Salary | $ | 1,713.65 | | 8062 |
| 03/23/2022 | 1192 | Alvaro Gomes | Polisher | Salary | $ | 1,713.65 | | 8062 |
| 03/01/2022 | 1184 | Americo Cortes | Installer | Salary | $ | 1,693.42 | | 8062 |
| 03/08/2022 | 1254 | Americo Cortes | Installer | Salary | $ | 1,693.42 | $ 6,773.68 | 8062 |
| 03/16/2022 | 1207 | Americo Cortes | Installer | Salary | $ | 1,693.42 | | 8062 |
| 03/23/2022 | 1211 | Americo Cortes | Installer | Salary | $ | 1,693.42 | | 8062 |
| 03/16/2022 | 1188 | Angelina Gimenez | Programmer | Salary | $ | 1,445.95 | $ 2,891.90 | 8062 |
| 03/23/2022 | 1252 | Angelina Gimenez | Programmer | Salary | $ | 1,445.95 | | 8062 |
| 03/10/2022 | 1223 | Bento Dezesseis | Polisher | Salary | $ | 1,353.42 | | 8062 |
| 03/17/2022 | 1190 | Bento Dezesseis | Polisher | Salary | $ | 1,353.42 | $ 4,060.26 | 8062 |
| 03/24/2022 | 1203 | Bento Dezesseis | Polisher | Salary | $ | 1,353.42 | | 8062 |
| 03/10/2022 | 1218 | Bernadete Dollis | Installer | Salary | $ | 1,708.26 | | 8062 |
| 03/17/2022 | 1237 | Bernadete Dollis | Installer | Salary | $ | 1,708.26 | $ 5,124.78 | 8062 |
| 03/24/2022 | 1213 | Bernadete Dollis | Installer | Salary | $ | 1,708.26 | | 8062 |
| 03/04/2022 | 1182 | Bernardo Gemandes | CNC Operator | Salary | $ | 1,427.50 | | 8062 |
| 03/11/2022 | 1199 | Bernardo Gemandes | CNC Operator | Salary | $ | 1,427.50 | $ 5,710.00 | 8062 |
| 03/18/2022 | 1238 | Bernardo Gemandes | CNC Operator | Salary | $ | 1,427.50 | | 8062 |
| 03/25/2022 | 1217 | Bernardo Gemandes | CNC Operator | Salary | $ | 1,427.50 | | 8062 |
| 03/11/2022 | 1257 | Carlos Thomaz | Template Technician | Salary | $ | 1,507.53 | | 8062 |
| 03/17/2022 | 1225 | Carlos Thomaz | Template Technician | Salary | $ | 1,507.53 | $ 4,522.59 | 8062 |
| 03/24/2022 | 1198 | Carlos Thomaz | Template Technician | Salary | $ | 1,507.53 | | 8062 |
| 03/02/2022 | 1206 | Caua Nunes | Project Manager | Salary | $ | 1,445.77 | | 8062 |
| 03/10/2022 | 1253 | Caua Nunes | Project Manager | Salary | $ | 1,445.77 | $ 5,783.08 | 8062 |
| 03/17/2022 | 1201 | Caua Nunes | Project Manager | Salary | $ | 1,445.77 | | 8062 |
| 03/23/2022 | 1197 | Caua Nunes | Project Manager | Salary | $ | 1,445.77 | | 8062 |
| 03/03/2022 | 1231 | Cintia Tulmarim | Project Manager | Salary | $ | 1,373.84 | | 8062 |
| 03/09/2022 | 1196 | Cintia Tulmarim | Project Manager | Salary | $ | 1,373.84 | $ 5,495.36 | 8062 |
| 03/16/2022 | 1236 | Cintia Tulmarim | Project Manager | Salary | $ | 1,373.84 | | 8062 |
| 03/23/2022 | 1233 | Cintia Tulmarim | Project Manager | Salary | $ | 1,373.84 | | 8062 |
| 03/25/2022 | 2092 | Emerson Lopes Dos Santos | Installer | Salary | $ | 1,103.31 | $ 1,103.31 | 8062 |
| 03/25/2022 | 2075 | Felix Arruda | Project Manager | Salary & Commission | $ | 3,406.00 | $ 3,406.00 | 8062 |
| 03/23/2022 | 2066 | Florentino De Jesus | Project Manager | Salary & Commission | $ | 1,297.64 | $ 1,297.64 | 8062 |
| 03/03/2022 | 1251 | Gabriel Dias | Forklift | Salary | $ | 1,640.95 | | 8062 |
| 03/10/2022 | 1239 | Gabriel Dias | Forklift | Salary | $ | 1,640.95 | $ 6,563.80 | 8062 |
| 03/17/2022 | 1247 | Gabriel Dias | Forklift | Salary | $ | 1,640.95 | | 8062 |
| 03/24/2022 | 1246 | Gabriel Dias | Forklift | Salary | $ | 1,640.95 | | 8062 |
| 03/07/2022 | 1221 | Gael Sampaio | Inventory | Salary | $ | 1,375.05 | | 8062 |
| 03/14/2022 | 1224 | Gael Sampaio | Inventory | Salary | $ | 1,375.05 | $ 4,125.15 | 8062 |

| Date | Check # | Name | Role | Type | Amount | | Total | Code |
|---|---|---|---|---|---|---|---|---|
| 03/21/2022 | 1202 | Gael Sampaio | Inventory | Salary | $ 1,375.05 | | | 8062 |
| 03/03/2022 | 1222 | Geraldo Donizette | Template Technician | Salary | $ 1,475.95 | | | 8062 |
| 03/10/2022 | 1228 | Geraldo Donizette | Template Technician | Salary | $ 1,475.95 | $ | 5,903.80 | 8062 |
| 03/17/2022 | 1200 | Geraldo Donizette | Template Technician | Salary | $ 1,475.95 | | | 8062 |
| 03/24/2022 | 1232 | Geraldo Donizette | Template Technician | Salary | $ 1,475.95 | | | 8062 |
| 03/02/2022 | 1208 | Germana Vivaz | Project Manager | Salary | $ 1,000.00 | | | 8062 |
| 03/11/2022 | 1185 | Germana Vivaz | Project Manager | Salary | $ 1,000.00 | $ | 3,000.00 | 8062 |
| 03/18/2022 | 1226 | Germana Vivaz | Project Manager | Salary | $ 1,000.00 | | | 8062 |
| 03/25/2022 | 2093 | Gerson F. O. Araujo | Installer | Salary | $ 1,226.00 | $ | 1,226.00 | 1847 |
| 03/04/2022 | 1194 | Humberto Martins | CNC Operator | Salary | $ 1,665.73 | | | 8062 |
| 03/11/2022 | 1193 | Humberto Martins | CNC Operator | Salary | $ 1,665.73 | $ | 6,662.92 | 8062 |
| 03/18/2022 | 1249 | Humberto Martins | CNC Operator | Salary | $ 1,665.73 | | | 8062 |
| 03/25/2022 | 1245 | Humberto Martins | CNC Operator | Salary | $ 1,665.73 | | | 8062 |
| 02/25/2022 | 2080 | Ines Dos Santos | Accounting Assistant | Salary | $ 2,100.00 | | | 1847 |
| 03/02/2022 | 2081 | Ines Dos Santos | Accounting Assistant | Salary | $ 2,100.00 | | | 1847 |
| 03/08/2022 | 2082 | Ines Dos Santos | Accounting Assistant | Salary | $ 2,100.00 | $ | 10,500.00 | 1847 |
| 03/18/2022 | 1934 | Ines Dos Santos | Accounting Assistant | Salary | $ 2,100.00 | | | 1847 |
| 03/23/2022 | 2061 | Ines Dos Santos | Accounting Assistant | Salary | $ 2,100.00 | | | 1847 |
| 03/01/2022 | 1181 | Juarez Tully | Robot Operator | Salary | $ 1,605.50 | | | 8062 |
| 03/08/2022 | 1248 | Juarez Tully | Robot Operator | Salary | $ 1,605.50 | $ | 6,422.00 | 8062 |
| 03/15/2022 | 1244 | Juarez Tully | Robot Operator | Salary | $ 1,605.50 | | | 8062 |
| 03/22/2022 | 1227 | Juarez Tully | Robot Operator | Salary | $ 1,605.50 | | | 8062 |
| 03/01/2022 | 1186 | Laianne Silva | Programmer | Salary | $ 1,343.47 | | | 8062 |
| 03/07/2022 | 1230 | Laianne Silva | Programmer | Salary | $ 1,343.47 | $ | 5,373.88 | 8062 |
| 03/14/2022 | 1216 | Laianne Silva | Programmer | Salary | $ 1,343.47 | | | 8062 |
| 03/21/2022 | 1240 | Laianne Silva | Programmer | Salary | $ 1,343.47 | | | 8062 |
| 03/08/2022 | 1242 | Livia Abravanel | Production Assistant | Salary | $ 1,376.69 | | | 8062 |
| 03/15/2022 | 1255 | Livia Abravanel | Production Assistant | Salary | $ 1,376.69 | $ | 4,130.07 | 8062 |
| 03/22/2022 | 1250 | Livia Abravanel | Production Assistant | Salary | $ 1,376.69 | | | 8062 |
| 03/23/2022 | 2060 | Luanne Pereira | Project Assistant | Salary | $ 1,500.00 | $ | 1,500.00 | 1847 |
| 03/25/2022 | 2095 | Lucas Fernandes | Installer | Salary | $ 1,305.59 | $ | 1,305.59 | 1847 |
| 03/07/2022 | 1205 | Nair Bento | Project Assistant | Salary | $ 1,465.45 | | | 8062 |
| 03/14/2022 | 1210 | Nair Bento | Project Assistant | Salary | $ 1,465.45 | $ | 4,396.35 | 8062 |
| 03/21/2022 | 1191 | Nair Bento | Project Assistant | Salary | $ 1,465.45 | | | 8062 |
| 03/21/2022 | 1995 | Neusa Gonzales | Production Manager | Salary | $ 1,900.00 | | | 1847 |
| 03/21/2022 | 1997 | Neusa Gonzales | Production Manager | Salary | $ 1,520.00 | $ | 5,320.00 | 1847 |
| 03/25/2022 | 2083 | Neusa Gonzales | Production Manager | Salary | $ 1,900.00 | | | 1847 |
| 03/02/2022 | 1195 | Raul Gil | Installer | Salary | $ 1,269.10 | | | 8062 |
| 03/09/2022 | 1209 | Raul Gil | Installer | Salary | $ 1,269.10 | $ | 3,807.30 | 8062 |
| 03/16/2022 | 1189 | Raul Gil | Installer | Salary | $ 1,269.10 | | | 8062 |
| 03/03/2022 | 1243 | Ticiana Pinheiro | Salesperson | Salary | $ 1,500.00 | | | 8062 |
| 03/09/2022 | 1258 | Ticiana Pinheiro | Salesperson | Salary | $ 1,500.00 | | | 8062 |
| 03/15/2022 | 1229 | Ticiana Pinheiro | Salesperson | Salary | $ 1,500.00 | $ | 7,500.00 | 8062 |
| 03/15/2022 | 1235 | Ticiana Pinheiro | Salesperson | Salary | $ 1,500.00 | | | 8062 |
| 03/22/2022 | 1215 | Ticiana Pinheiro | Salesperson | Salary | $ 1,500.00 | | | 8062 |
| 03/25/2022 | 2099 | Wesley Dias | Polisher | Salary | $ 1,062.00 | $ | 1,312.00 | 1847 |
| 03/25/2022 | 2147 | Wesley Dias | Polisher | Salary | $ 250.00 | | | 1847 |
| | | | | | **132,072.06** | | | |

EXHIBIT B
(Proposed Order)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>TOP LINE GRANITE DESIGN INC. [1]<br><br>Debtor. | Case No. 22-40216 (CJP)<br><br>Chapter 11 |

# ORDER AUTHORIZING MOTION FOR AUTHORITY TO PAY PREPETITION EMPLOYEE WAGES, AMOUNTS DUE TO SUBCONTRACTORS, AND OTHER EMPLOYMENT RELATED OBLIGATIONS

Upon the motion (the "**Motion**")[2] of the above-captioned debtor (the "**Debtor**") for the entry of an order authorizing the Debtor to pay certain prepetition wages, salaries or commissions, amounts due to subcontractors, and other employment related obligations as set forth in the Motion; it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

The Motion is granted as set forth herein.

The Debtor is authorized, but not directed, to honor and pay the Employment Related Obligations described in the Motion in accordance with the Debtor's stated prepetition practices to the extent there are sufficient funds.

The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[1] A/k/a Design Top Line Granite, and aka Top Line Granite Design. The Debtor's name was changed from Brazil Stones Inc. in November 2005.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Notwithstanding the possible applicability of Bankruptcy Rules 6004 and 7062 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry by the Court.

Date:_____, 2022

                                                _____
                                                Honorable Christopher J. Panos
                                                UNITED STATES BANKRUPTCY JUDGE

3072411.9