UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

TOP LINE GRANITE DESIGN INC. [1]

Debtor.

Case No. 22-40216 (CJP)

Chapter 11

## SECTION 1188(C) STATUS CONFERENCE REPORT

The above-captioned debtor and debtor-in-possession ("**Debtor**") has elected to file this case under subchapter V of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor files this report pursuant to Section 1188(c) of the Bankruptcy Code.

1. *Type of Plan of Reorganization.* Debtor intends to pursue the following type of plan of reorganization in this case:

_____ Consensual

_____ Nonconsensual

\_\_X\_\_ Undetermined

2. *Plan of Reorganization; Claims.* In addition to non-classified claims (administrative expense claims, and priority tax claims), and claim of potential post-petition DIP lender, if any, the Debtor's proposed plan (the "**Plan**") will classify the claims and interests as follows:

(i) Other priority claims, if any

(ii) Avidia Bank secured claims (revolving line and equipment loan)

(iii) Enterprise secured claim (line of credit)

(iv) ENG Commercial Finance secured claim (equipment loan)

(v) U.S. Small Business Administration ("**SBA**") secured claim

(vi) Other secured claims

(vii) Cash advance lenders

(viii) General unsecured creditors (the "**Unsecured Claims**")

(ix) Equity interests

---

[1] A/k/a Design Top Line Granite, and aka Top Line Granite Design. The Debtor's name was changed from Brazil Stones Inc. in November 2005.

1

(the claims of Avidia Bank, Enterprise, ENG Commercial Finance, and the SBA are referred to herein as "**Senior Claims**")

The Debtor anticipates that several impaired classes will be entitled to vote to accept or reject the Debtor's Plan, including the class of Unsecured Claims. The Debtor has negotiated a term sheet and is in discussion with a potential DIP financing lender for needed working capital, subject to due diligence of the DIP lender and approval of the Bankruptcy Court. The Debtor will prepare the projections and other financial statements to better determine the extent of any distribution under the Plan to creditors, including the Unsecured Claims.

The Debtor is hopeful that all impaired classes, including holders of Unsecured Claims, will support and vote to accept the Plan. If so, the requirements of Section 1129(a)(8) (each class of claims to accept the plan if impaired), and Section 1129(a)(10) (if a plan has an impaired class of claims at least one class of claims to accept the plan) will be met. In that case, the Debtor will request that the Plan be confirmed as a consensual plan pursuant to Section 1191(a) of the Bankruptcy Code.

Otherwise, the Debtor will request that the Court confirms the Plan as a non-consensual plan pursuant to Section 1191(b) of the Bankruptcy Code. The Plan will not discriminate unfairly and will be fair and equitable, as provided under Section 1191(c) of the Bankruptcy Code, as the Debtor will make available its projected disposable income, if any and as applicable, to pay claims during the term of the Plan.

Pursuant to the Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election Under 11 U.S.C. §1111(b); and (D) Other Deadlines [Doc. No. 23], the general bar date for creditors (other than governmental units) to file proofs of claim is June 3, 2022.[2] According to the Debtor's bankruptcy Schedule F, the Debtor estimates that there is approximately $2,000,000.00 in unsecured debt outstanding, not including (i) certain contingent guaranty claims, and (ii) certain insider claims.

**3.** ***Parties in Interest; Proposed Plan Treatment.*** The treatment of creditors and potential distributions under the Plan will depend on whether or not a DIP loan is received from a DIP lender and is authorized by the Bankruptcy Court. The Debtor has had discussions with the following parties in interest concerning the Debtor's plan of reorganization to the extent stated below:

(i)     Priority Claimants: The Debtor scheduled priority claims on its Schedule E related to wages and sales tax totaling approximately $110,000.00. The Debtor expects such claims will be paid in full under the Plan or pursuant to the order of the Bankruptcy Court.

(ii)     Secured Creditors: The Debtor has been in direct communications with Avidia Bank and ENG Commercial Finance through counsel. Secured creditors, including the Senior Claims will be impaired and the holders of such claims may receive monthly payments in accordance with the terms of the applicable loan documents unless the Plan (subject to the

---

[2] The deadline for governmental authorities is September 21, 2022 under Section 502(b)(9) of the Bankruptcy Code.

cramdown process under sections 1191(b) and 1129 of the Bankruptcy Code). The Debtor intends to challenge the alleged secured claims of the cash money lenders and the Debtor believes that such creditors will most likely be deemed wholly unsecured.

(iii)     Unsecured Creditors: As discussed above, the Debtor will be working on the projections and other financial statements to better determine the extent of any distribution under the Plan to holders of Unsecured Claims. Any proceeds from post-petition proceedings against past and present cash money lenders, including with respect to (i) damages incurred by the Debtor from the pre-petition actions of Merchant Capital, (ii) post-petition actions of certain cash money lenders and violation of the automatic stay, and (iii) any usury challenge and recovery of paid pre-petition interests ("**Potential Litigation Proceeds**") may be a source of distribution under the Plan.

(iv)     Equity Interest Holders: The Debtor is a corporation wholly owned by Edmilson Ramos who will retain his equity interest in the Debtor under the Plan.

(v)     Subchapter V Trustee: The Debtor shared the draft of this report with the Subchapter V trustee before filing it. The Debtor will propose to pay the administrative expense claims, including the claim of the Subchapter V trustee, on the effective date of or through the Plan as provided in Sections 1129(a)(9)(A) and 1191(e) of the Bankruptcy Code.

**4.     Communications with Parties in Interest.** See answer to Section #3.

**5.     Efforts to Formulate Plan of Reorganization.** The Debtor's Plan, expected to have a three-year term, will provide for payments to the holders of allowed claims from (i) cash flow and ongoing operations, and (ii) Potential Litigation Proceeds, if any.

It is expected that claims and interests will be treated as follows under the Plan, depending on whether or not the DIP financing is approved by the DIP lender and authorized by the Bankruptcy Court:[3]

| Claim/ Class | Impairment | Treatment | Entitled to Vote? |
|---|---|---|---|
| Administrative expense claims (incl. professional fee claims) | N/A | To be paid in full on the effective date of or through the Plan. | N/A |
| Priority tax claims | N/A | Paid in full on the effective date of the Plan. | N/A |
| **Class 1-** Other priority claims (if any) | Unimpaired | Paid in full on the effective date of the Plan. | No |

---

[3] The Debtor is still evaluating the claims and the bar date for creditors to file claims has not expired. The Debtor reserves all rights with respect to classification and treatment of claims under the Plan.

3

| Class 2- Avidia Bank secured claims (revolving loan and equipment loan) | Impaired | Monthly payments of principal and/or interest as required under the applicable loan documents (or as permitted under the Bankruptcy Code). | Yes |
|---|---|---|---|
| Class 3- Enterprise secured claim (line of credit) | Impaired | Monthly payments of principal and/or interest as required under the loan documents (or as permitted under the Bankruptcy Code). | Yes |
| Class 4- ENG commercial secured claim (equipment loan) | Impaired | Monthly payments of principal and/or interest as required under the loan documents (or as permitted under the Bankruptcy Code). | Yes |
| Class 5- SBA secured claim | Impaired | Monthly payments of principal and/ or interest as required under the loan documents (or as permitted under the Bankruptcy Code). | Yes |
| Class 6- Other secured creditors | Impaired | Monthly payments of principal and/or interest as required under the loan documents (or as permitted under the Bankruptcy Code). | Yes |
| Class 7- Cash advance lenders | Impaired | To be classified as a General Unsecured Claim and will receive the same treatment provided for Class 8 under the Plan. | Yes |
| Class 8 - General Unsecured Claims | Impaired | Pro rata share in cash distribution from disposable income, if any and as applicable. | Yes |
| Class 9 - Interests | Unimpaired | To retain equity interest in the Debtor. | No |

**6.     *Timing for Filing Plan of Reorganization*.** Does the Debtor intend to file a plan of reorganization within the 90-day deadline imposed by § 1189(b) of the Bankruptcy Code?: Yes

**7.     *Additional Information.*** The Debtor expects to assume its executory contracts and unexpired commercial leases as set forth in Schedule G. The cure costs as reflected in Schedule F will be paid in connection with such assumption.

**8.** *Notice.* The Debtor will send notice of this Report to the following parties: (i) the Office of the United States Trustee for the District of Massachusetts, (ii) the Subchapter V trustee, (iii) the secured creditors, (iv) the Debtor's largest unsecured creditors, and (v) any other parties designated in the service list by the Debtor to receive notice.

Respectfully submitted,

TOP LINE GRANITE DESIGN INC.

By: Edmilson Ramos
Title: President


COUNSEL FOR THE DEBTOR

*/s/ Macken Toussaint*
Macken Toussaint (BBO# 645076)
Alan L. Braunstein (BBO #546042)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street
Boston, Massachusetts 02114
Tel: (617) 523-9000
mtoussaint@riemerlaw.com
abraunstein@riemerlaw.com

DATED: May 4, 2022

In re:

TOP LINE GRANITE DESIGN INC.

Case No. 22-40216 (CJP)

Chapter 11

Debtor.

## **CERTIFICATE OF SERVICE**

I, Macken Toussaint, with the law firm of Riemer & Braunstein LLP, hereby certify that I caused to be served on May 4, 2022, a true and accurate copy of **SECTION 1188(C) STATUS CONFERENCE REPORT** by first class United States mail postage pre-paid, or by electronic notification (EN) or by e-mail (E-Mail), where indicated, upon the following parties list below and any other party receiving electronic notification in this case:

Office of the United States Trustee
Attn: Lisa D. Tingue, Esq.
446 Main Street, 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV ; lisa.d.tingue@usdoj.gov  (EN)

Steven Weiss, Trustee
Shatz, Schwartz & Fentin
1441 Main Street, Suite 1100
Springfield, MA 01103
sweiss@ssfpc.com , MA11@ecfcbis.com ; astephan@ssfpc.com  (EN)

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Internal Revenue Service
Special Procedures Function STOP 20800
P.O. Box 9112
JFK Building
Boston, MA 02203

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

United States Attorney
John Joseph Moakley United States
Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Top Line Granite Design Inc.
carolline@toplinegranitedesign.com; e.ramos@toplinegranitedesign.com;
lucianaoliveira@toplinegranitedesign.com (E- Mail)

Peter J. Nicosia, Esq.
Nicosia & Associates, PC
PO Box 721, 259 Middlesex Rd.
Tyngsboro, MA 01879
nicosia@nicosia-associates.com (E-Mail)

**NOTICE OF APPEARANCE:**

Michael Van Dam, Esq
Van Dam Law LLP
233 Needham Street, Suite 540
Newton, MA 02464
mvandam@vandamlawllp.com  (EN)
(counsel for Avidia Bank)

Philip F. Coppinger, Esq.
P.O. Box 20354
Worcester, MA 01602
ECF@coppingerlaw.com  (EN)
(counsel for Leamar Industries, Inc.)

Paul G. Crochiere Esq.
Regnante Sterio LLP
401 Edgewater Place, Suite 630
Wakefield, MA 01880-6210
pcrochiere@regnante.com (EN)
(counsel for Enterprise Bank & Trust Company)

Zann Welch
Claims Processor
Bankruptcy Servicer for Ally Bank
AIS Portfolio Services, LP
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
ECFNotices@aisinfo.com  (E-Mail)

**SECURED CREDITORS:**

AJ Equity Group
1648 61 Street
Dillon Dancoso
Brooklyn, NY 11204
dillond@competitivecapsolutions.com ; sender@ajequity.com ; aryeh@ajequity.com
asher@ajequity.com  (E-Mail)
Yana Chechelnitsky, Esq. The Law Office of Yana Chechelnitsky, LLC
nynj@yanalawoffice.com (E-Mail)

Avidia Bank
Stephen McAndrew
42 Main Street
Hudson, MA 01749
s.mcandrew@avidiabank.com  (E-Mail)

Blade Funding, Inc.
211 Boulevard of the Americas
Lakewood, NJ 08701
uw@bladefunding.com ; info@bladefunding.com  (E-Mail)

BrickStone Group LLC
1201 N. Orange Street, Suite 7140
Wilmington, DE 19801
Paul@worldglobalfund.com; bruce@brickstonefund.com (E-Mail)

Colonial Imports Corp.
10 Marmon Drive
Nashua, NH 03060

Corporation Service Company,
as representative
P.O. Box 2576
Springfield, IL 62708
uccsprep@cscglobal.com  (E-Mail)

CT Corporation System, as representative
330 N. Brand Blvd., Suite 700
Glendale CA 91203

Danvers – Tll, Inc.
488 Main Street
Tewksbury, MA 01876

Diverse Capital
750 Main Street, Suite 906
Hartford CT 06103
submit@diversecapitalllc.com ; nir@diversecapitalllc.com  (E-Mail)
Erica R. Gilerman, Esq. (Triton Recovery Group)
erica@tritonrecoverygroupinc.com (E-Mail)

ENG Commercial Finance
Rose Reynolds, VP
One Pierce Place, Suite 1100
P.O. Box 128
Itasca IL 60143
customerservice@engsfinance.com  (E-Mail)

Enterprise Bank
Denise Aggott
222 Merrimack Street
Lowell MA 01852
Denise.Aggott@ebtc.com; Elizabeth.Frangiosa@ebtc.com (E-Mail)

First Corporate Solution,
as representative
914 S. Street
Sacramento CA 95811
sprs@ficoso.com  (E-Mail)

Lexus Financial Services
P.O. Box 5855
Carol Stream, IL 60197

Mercury Funding Group, Inc
Sean Harris
P.O. Box 306
Lafayette CA 94549
sean@securecapitalsolutions.com  (E-Mail)

RFG
260 Christopher Lane
Staten Island NY 10314

ROC Funding
Daren Doral
1457 Richmond Road
Staten Island NY 10314
Daren@rocfundinggroup.com ; mcatalano@rocfundinggroup.com ;
info@rocfundinggroup.com  (E-Mail)

Speedy Funding
157 Church Street
New Haven, CT 06510
nir@diversecapitalllc.com  (E-Mail)

Tulley Automotive Group
147 Daniel Webster Highway
Nashua, NH 03060

TVT Capital
john@tvtcapital.com ; info@tvtcapital.com  (E-Mail)
Shanna Kaminski, Esq.
skaminski@kaminskilawpllc.com (E-Mail)

U.S. Small Business Administration
200 W. Santa Ana Blvd., Suite 740
Santa Ana, CA 92701
garrett.lenox@sba.gov  (E-Mail)

Ultra Funding
23 Foster Street, Level 2
Surry Hills, NSW, Australia 201
dillond@competitivecapsolutions.com ; underwriting@ultra-funding.com (E-Mail)
Steven Zakharyayev, Esq.
steven@stevenzlaw.com (E-Mail)

US Bank Equipment Finance
310 Madrid Street
Marshall, MN 56258

Wells Fargo Equipment Finance, Inc.
600 South 4th Street, MAC N9300-100
Minneapolis, MN 55415

**TOP 20 UNSECURED CREDITORS:**

Allegheny Contract Flooring
36 Holton Street
Winchester, MA 01890
csarro@alleghenycontract.com  (E-Mail)

Arbella Insurance Group
P.O. Box 6699227
Quincy, MA 02269

Avidia Bank
42 Main Street
Hudson, MA 01749

Bay Colony Development Corp
Kim Legere, VP
230 Third Avenue,1st Floor
Waltham, MA 02451
klegere@baycolony.org;;  (E-Mail)
Casey Lyons Sieck, Esq.
casey.lyonssieck@sba.gov (E-Mail)
Alix Howe, Esq.
Alix.Howie@sba.gov (E-Mail)

Cohn & Dussi, LLC
Attn; Christian Menzi |
68 Harrison Ave., Suite 502
Boston, MA 02111
dveerman@cohnanddussi.com ; cmanzi@cohnanddussi.com ;
aglaab@cohnanddussi.com  (E-Mail)

Commonwealth of Massachusetts
Department of Revenue
P.O. Box 7090
Boston, MA 02204
Matthew Cote
cotem@dor.state.ma.us (E-Mail)

Easy Way Landscaping, Inc.
767 Central Street
Lowell, MA 01852
contact@easywaylandscaping.com  (E-Mail)

Global Stone
102 Wightman St.
North Chelmsford, MA 01863

Gramafal Granitos e Marmores Falqueto
Rod BR 262s/n – KM
104 Bananeiras Venda Nova do Imigrantes
ES, Brazil 2937
jones@gramafal.com (E-Mail)

Granite and Marble Depot, Inc.
15 Old Flanders Road
Westborough, MA 01581
roger@gmdepot.com (E-Mail)

Guidone USA, Inc.
263 E. Oak Street
Morae Helena, GA 31055
edinete.santiago@guidoni.com.br; edinete@guidoni.com.br (E-Mail)

KPStone Tools
62 Newton Ave
Plainville, CT 06062
kpstonetool@yahoo.com (E-Mail)

Manuel P. Costa
530 Lowell Street
Andover, MA 01810
Manuel.andover@hotmail.com (E-Mail)

Mendonca &Partners, CPA L.L.C.
1030 Salem Road
Township, NJ 07083
HMendonca@mpcpallc.com (E-Mail)

Moxtra Import & Export LLC*
120 Main Street
Milford, MA 01757

MS International, Inc.
1080 University Ave.
Norwood, MA 02062
shamin@msisurfaces.com (E-Mail)

National Grid
P.O. Box 11737
Newark, NJ 07101
Bankruptcy@NationalGrid.com (E-Mail)

Patrick Rygiel
17 Laurie Lane
Lowell, MA 01854

Town of Tyngsboro
Tax Office
25 Bryants Lane
Tyngsboro, MA 01879
jshifres@tyngsboroughma.gov  (E-Mail)

US Quartz & Stones Inc.
43 Brunswick Ave, Suite 1
Perth Amboy, NY 08861

Way2Go Cargo Corp.
P.O. Box 4001
Boynton Beach, FL 33424
raphael@w2g-log.com  (E-Mail)

*/s/ Macken Toussaint*
Macken Toussaint (BBO # 645076)
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
(617) 523-9000
mtoussaint@riemerlaw.com

3133594.5