UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

TOP LINE GRANITE DESIGN INC.

                    Debtor.

Case No. 22-40216-EDK

Chapter 11

### AVIDIA BANK'S MOTION FOR COMFORT ORDER THAT AVIDIA BANK'S ACTION TO FORECLOSE ON NON-DEBTOR PROPERTY DOES NOT VIOLATE THE AUTOMATIC STAY

Now comes Avidia Bank, and hereby seeks a comfort order from this Honorable Court that Avidia Bank's action to foreclosure on non-debtor property does not violate the automatic stay. In support of this Motion, Avida states the following:

1. Top Line Granite Design Inc. (the "Debtor") filed this case on March 25, 2022.

2. On March 30, 2022, the Debtor filed its Motion for Interim and Final Order (A) Authorizing Use of Cash Collateral, (B) Granting Post-Petition Replacement Liens as Adequate Protection, and (C) Scheduling a Final Hearing (the "Cash Collateral Motion.")

3. The Cash Collateral Motion accurately states Avidia's claims against the Debtor along with what it defines as the "Guaranty Claims". See Cash Collateral Motion pages 4-6. **347 Middlesex Road Realty Trust** has guaranteed the Debtor's obligations to Avidia. This entity owns the real property where the Debtor operates its business, known and numbered as 347 Middlesex Road, Tyngsboro, Massachusetts (the "real estate"). Such claims are secured by a mortgage given to Avidia by 347 Middlesex Road Realty Trust

encumbering the Real Estate. *Id.* p 6. ¶ 18. See copy of the mortgage attached hereto as <u>Exhibit A</u>.

4. 347 Middlesex Road Realty Trust has defaulted under the terms of the mortgage and Avidia desires to exercise its right under the power of sale contained in the mortgage. At this time, Avidia has filed a Servicemembers Complaint with the Massachusetts Land Court.

5. In the recent weeks of this filing, the Debtor, through its counsel, has informally suggested that the Avidia's action to foreclosure may in fact violate the automatic stay imposed under this case. Further, in the Debtor's Subchapter V Plan at page 11, the Debtor states "The Debtor reserves the right to file a suggestion of bankruptcy in the foreclosure proceeding and as to potential violation of the automatic stay by Avidia Bank[1], among others."

6. Given the foregoing, Avidia seeks an order from this Court that Avidia Bank's Action to Foreclose on Non-Debtor Property Does Not Violate the Automatic Stay.

WHEREFORE, AVIDIA SEEK AN ORDER:

1. Issuing an comfort order declaration that Avidia Bank's Action to Foreclose on Non-Debtor Property Does Not Violate the Automatic Stay.

2. Any other relief this Court deems just and proper.

---

[1] Avidia surmises that the Debtor is relying on Section 362(a)(3). Admittedly, the Debtor operates at the subject real property, however, Avidia's act of foreclosing on the non debtor property is in no way an action to obtain possession of estate property nor exercise control over property of the estate.

Respectfully Submitted
Avidia Bank, by counsel,

/s/ Michael Van Dam
Michael Van Dam, Esq.
Van Dam Law LLP
233 Needham Street, Suite 540
Newton, MA 02464
(617) 969-2900
(BBO # 653979)

Dated: June 24, 2022