UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

TOP LINE GRANITE DESIGN INC.[1]

Debtor.

Chapter 11

Case No. 22-40216 (EDK)

# MOTION OF DEBTOR FOR AN ORDER
# AGAINST THE MASSACHUSETTS DEPARTMENT OF REVENUE
# FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

**(Emergency Determination Requested)**

Top Line Granite Design Inc. (the "**Debtor**") hereby moves for the entry of an order against the Massachusetts Department of Revenue (the "**DOR**") for its willful violation of the automatic stay imposed by 11 U.S.C. § 362. In connection herewith, the Debtor is seeking the entry of an order compelling the DOR to unfreeze or remove a hold placed on the Debtor's debtor-in-possession bank accounts with Chase Bank related to collection of pre-petition DOR Claim (as defined below). In further support of this Motion, the Debtor represents as follows:

**Emergency Determination**

1. Pursuant to MLBR 9013-1(g), the Debtor requests for an emergency hearing on the Motion. The account hold by the DOR is causing immediate and irreparable harm to the Debtor's estate and business operations, including (i) damages caused if checks cannot be cleared – leaving the Debtor with no ability to pay employees, and pay expenses in ordinary course, and (ii) the Debtor's inability to continue its business operations and meeting its post-petition obligations.

---

[1] A/k/a Design Top Line Granite, and aka Top Line Granite Design. The Debtor's name was changed from Brazil Stones Inc. in November 2005.

2. Pursuant to MLBR 9013-1(g)(1)(C), the Debtor has made a reasonable good faith effort to contact the DOR prior to filing the Motion. Earlier today, the Debtor's counsel has left phone message, called the phone number provided in the DOR proof of claim, and sent email to the DOR representative according to the filed proof of claim. The Debtor's counsel also contacted the Subchapter V Trustee in advance of filing this Motion requesting this emergency relief.

## **Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for relief requested herein are sections 105 and 362 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9013 of the Federal Rules of Bankruptcy Procedure.

## **Background**

5. On March 25, 2022, the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, as a small business Subchapter V debtor.

6. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to manage and operate its business as a debtor-in-possession.

7. On March 28, 2022, the Court appointed Steven Weiss as the Subchapter V trustee.

8. The Debtor recently filed its First Amended Chapter 11 Plan of Reorganization for Small Business Debtor Under Subchapter V, dated July 1, 2022 [Doc. No. 113] (as may be

amended, supplemented, or modified, the "**Plan**"). The confirmation hearing on the Plan is currently scheduled for September 1, 2022.

9.  Pre-petition, on or about March 4, 2022, the DOR sent a Notice of Levy in the amount of $99,878.25 (for unpaid sales tax) to Avidia Bank to freeze the account that the Debtor had with Avidia Bank at the time. As of March 9, 2022, the total amount due was $104,609.80 (including interest, penalties).[2]

10. Pursuant to the Debtor's Schedule E, the DOR is listed as a creditor in relation to the Notice of Levy ($99,878.25).

11. On or about April 5, 2022, the DOR filed a proof of claim in the amount of $106,797.52 (including unsecured priority claim of $101,759.87 and general unsecured claim amount of $5,037.65) for unpaid sales tax and corporate excise tax (the "**DOR Claim**").

12. Under the Debtor's proposed Plan, the DOR Claim is to be paid in full.

### Relief Requested

13. The automatic stay created by Section 362 of the Bankruptcy Code prohibits, *inter alia*,

> (i) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3).
>
> (ii) any act to create, perfect, or enforce any lien against property of the estate or the debtor. 11 U.S.C. §§ 362(a)(4), and (a)(5).
>
> (iii) any act to collect, assess, or recover a claim against the debtor that arose pre-petition. 11 U.S.C. § 362(a)(6).

---

[2] Upon information and belief, the Debtor and the DOR entered into a certain Lien Waiver Agreement pre-petition. The DOR has been notified of the bankruptcy filing.

14. The Debtor has two accounts with Chase Bank (account # xxx5373, and account # xxx5381). Upon information and belief, on July 26, 2022, both accounts with Chase Bank were placed on hold at the request of the DOR. Attached as **_Exhibit A_** is a copy of the Chase Bank printout showing that Chase Bank received request "to hold funds" in the accounts. As mentioned above, counsel for the Debtor has left phone message and sent email to representatives of the DOR. As of the time of filing of this Motion, the undersigned counsel has not been able to reach anyone.

15. By placing a hold or freeze on the Debtor's accounts, the DOR violated the provisions of 11 U.S.C. §362.

16. The Debtor is filing this Motion considering the immediate and irreparable harm to the Debtor's estate and business operations, as discussed above, if not resolved immediately. The DOR knew, at all times relevant to this Motion, that the Debtor had filed a bankruptcy petition which has been approximately four months now. The DOR has received notice of the bankruptcy filing and, in fact, has filed a proof of claim in the case.

17. The Debtor requests that this Court enter an Order (i) compelling the DOR to remove the account hold sent to Chase Bank forthwith, and / or (ii) removing the freeze or hold on the accounts. The Debtor also requests that the DOR be responsible for any damages resulting from such violation of the automatic stay, including attorneys' fees and costs for seeking this relief pursuant to sections 105 and 362 of the Bankruptcy Code. See also, Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.), 346 F.3d 1, *8 (1st Cir. 2003) (after enactment of section 362(h) of the Bankruptcy Code, corporations "remain free to petition bankruptcy courts to award damages for automatic stay violations" pursuant to their section 105(a) power.").

WHEREFORE, the Debtor respectfully requests that this Court enter an order (a) granting this Motion, as set forth herein, and (b) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

TOP LINE GRANITE DESIGN INC.

By its bankruptcy counsel

RIEMER & BRAUNSTEIN LLP

*/s/ Alan L. Braunstein*
Alan L. Braunstein (BBO #546042)
Macken Toussaint (BBO # 645067)
100 Cambridge Street
Boston, Massachusetts 02114
Tel: (617) 523-9000
Fax: (617) 880-3456
abraunstein@riemerlaw.com
mtoussaint@riemerlaw.com

DATED: July 26, 2022

3313476.2

# Exhibit A

# CHASE for BUSINESS
Printed from Chase for Business

**PLAT BUS CHECKING (...5373)**
TOP LINE GRANITE DESIGN INC.

*DIP loan* (handwritten)

**-$66,106.20**
Available balance

$0.00
Available credit

-$66,106.20
Available plus credit

$2,201.11
Present balance

## Uncollected funds

Total $0.00

### ▼ ON HOLD(2)

| Date | Reason | Expires | Amount |
|---|---|---|---|
| Jul 26, 2022 | We've received a legal order to hold funds in your account. | Jul 27, 2022 | $100.00 |
| Jul 26, 2022 | We've received a legal order to hold funds in your account. | Jul 26, 2023 | $68,207.31 |

## Account activity

SHOWING

All transactions ⌄

| Date | Description | Type | Amount | Balance |
|---|---|---|---|---|
| Pending | AN ACCOUNT HOLD HAS BEEN PLACED | Misc. debit | -$68,207.31 | — |
|  | AN ACCOUNT HOLD HAS BEEN PLACED | Misc. debit | -$100.00 | — |
| Jul 14, 2022 | DOMESTIC WIRE TRANSFER A/C: WAY 2 GO CARGO CORP. BOYNTON BEACH FL 33424-4001 US REF: INVOICE# CMI 2800INVOICE# CMI 2718 TRN: 3377602195ES 07/14 | Outgoing wire transfer | -$34,376.00 | $2,201.11 |



# CHASE for BUSINESS
Printed from Chase for Business

## Regular account

**PLAT BUS CHECKING (...5381)**
TOP LINE GRANITE DESIGN INC.

**-$70,302.70**
Available balance 

$38,784.59
Present balance

$0.00
Available credit

-$70,302.70
Available plus credit

---

Uncollected funds                                        Total $0.00

---

▼ ON HOLD(1)

| Date | Reason | Expires | Amount |
|---|---|---|---|
| Jul 26, 2022 | We've received a legal order to hold funds in your account. | Jul 26, 2023 | $104,890.79 |

## Account activity

SHOWING

All transactions ▼

| Date | Description | Type | Amount | Balance |
|---|---|---|---|---|
| Pending | AN ACCOUNT HOLD HAS BEEN PLACED | Misc. debit | -$104,890.79 | — |
|  | PAYMENT TO CHASE CARD ENDING IN 2665 07/26 | Account transfer | -$1,500.00 | — |
|  | ONLINE DEPOSIT | Deposit | $250.00 | — |
|  | ONLINE DEPOSIT | Deposit | $1,546.50 | — |
|  | ONLINE DEPOSIT | Deposit | $2,400.00 | — |
|  | POS DEBIT EGM II LLC BO 781-6666690 MA | Misc. debit | -$1,543.71 | — |
|  | ONLINE TRANSFER TO CHK ...9390 TRANSACTION#: 14894870231 07/26 | Account transfer | -$15,000.00 | — |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>TOP LINE GRANITE DESIGN INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-40216 (EDK) |

**CERTIFICATE OF SERVICE**

      I, Alan L. Braunstein, with the law firm of Riemer & Braunstein LLP hereby caused to be served on July 26, 2022, a true and accurate copy of **EMERGENCY MOTION OF DEBTOR FOR AN ORDER AGAINST THE MASSACHUSETTS DEPARTMENT OF REVENUE FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY** by first class United States mail, postage pre-paid (MAIL), or by email (EMAIL), or by electronic notification (EN), where indicated, to the parties indicated below.

Office of the United States Trustee
Attn: Lisa D. Tingue, Esq.
446 Main Street, 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV ; lisa.d.tingue@usdoj.gov  (EN)

Steven Weiss, Trustee
Shatz, Schwartz & Fentin
1441 Main Street, Suite 1100
Springfield, MA 01103
sweiss@ssfpc.com , MA11@ecfcbis.com ; astephan@ssfpc.com  (EN)

Peter J. Nicosia, Esq.
Nicosia & Associates, PC
PO Box 721, 259 Middlesex Rd.
Tyngsboro, MA 01879
nicosia@nicosia-associates.com (E-Mail)

Top Line Granite Design Inc.
carolline@toplinegranitedesign.com; e.ramos@toplinegranitedesign.com; lucianaoliveira@toplinegranitedesign.com (E- Mail)

---

[1] a/k/a Design Top Line Granite and a/k/a Top Line Granite Design.  The Debtor's name was changed from Brazil Stones Inc., in November 2005.

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564 (HAND DELIVERY/MAIL)

Massachusetts Department of Revenue
Attn. Bankruptcy Unit
P.O. Box 7090
Boston, MA 02204-7090
cotem@dor.state.ma.us  (EMAIL)

Geoffrey Snyder, Commissioner
Massachusetts Department of Revenue
snyderg@dor.state.ma.us  (EMAIL)

Marianne C. Decologero-Ventura
Chase Bank
marianne.c.decologero-ventura@chase.com (EMAIL)

Legalist
Monica Kirkpatrick
Remy Cipriano
58 West Portal Ave #747
San Francisco, CA 94127
monica@legalist.com (E-Mail)
remy@legalist.com
faith@legalist.com

Michael Van Dam, Esq
Van Dam Law LLP
233 Needham Street, Suite 540
Newton, MA 02464
mvandam@vandamlawllp.com  (EN)
(counsel for Avidia Bank)

Philip F. Coppinger, Esq.
P.O. Box 20354
Worcester, MA 01602
ECF@coppingerlaw.com  (EN)
(counsel for Leamar Industries, Inc.)

Paul G. Crochiere Esq.
Regnante Sterio LLP
401 Edgewater Place, Suite 630
Wakefield, MA 01880-6210
pcrochiere@regnante.com (EN)
(counsel for Enterprise Bank & Trust Company)

Cheryl Deshaies, Esq.
Cheryl C. Deshaies, Attorney at Law
24 Front Street, Suite 111
P.O. Box 648
Exeter, NH 03856
cdeshaies@deshaieslaw.com (EN)
(Counsel for Hyquality Tools, LLC)

Zann Welch
Claims Processor
Bankruptcy Servicer for Ally Bank
AIS Portfolio Services, LP
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
ECFNotices@aisinfo.com  (EMAIL)

Anthony F. Giuliano, Esq.
Eleny De Jesus
Giuliano Law, P.C.
445 Broadhollow Road, Suite 25
Melville, NY 11747
email - afg@glpcny.com (EMAIL)
(counsel for ROC Funding Group)

William J. Delaney, Esq.
Cohn & Dussi LLC
536 Atwells Avenue, Suite 1
Providence, RI 02909
wdelaney@cohnanddussi.com, drogala@blaislaw.com (EN)
(counsel for First Citizens Bank & Trust Company,
Assignee of ENGS Commercial Finance Co.,)

*/s/ Alan L. Braunstein*
Alan L. Braunstein (BBO #546042)
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
(617) 523-9000
mtoussaint@riemerlaw.com

DATED: July 26, 2022