UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:

TOP LINE GRANITE DESIGN INC.

           Debtor

Chapter 11
Case No. 22-40216-EDK

MOTION OF THE UNITED STATES TRUSTEE FOR
THE ENTRY OF AN ORDER: (I) DIRECTING THE SUBCHAPTER V TRUSTEE TO
CONDUCT AN INVESTIGATION AND FILE A REPORT; AND (II) DIRECTING THE
DEBTOR TO COOPERATE WITH THE INVESTIGATION

Pursuant to 28 U.S.C. § 586(a)(3)(G) and 11 U.S.C. §§ 307, 1183(b)(2), and 1106(a), the United States Trustee hereby requests that this Court enter an order: (I) directing Steven Weiss, Esq., the subchapter V trustee appointed in this case (the "Subchapter V Trustee") to conduct an investigation and to file a report; and (II) directing Top Line Granite Design Inc. (the "Debtor"), through its principal and management, to cooperate with the investigation. In support of this motion, the United States Trustee states as follows:

1. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 25, 2022 (the "Petition Date"). Since the Petition Date, the Debtor has been operating its business as a debtor-in-possession.

2. On its petition, the Debtor identifies itself as a small business debtor as defined by section 1182(1) of the Bankruptcy Code. The Debtor has elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code.

3. On March 28, 2022, pursuant to section 1183(a) of the Bankruptcy Code, the United States Trustee appointed the Subchapter V Trustee.

4. The Debtor filed Chapter 11 Plan of Reorganization for Small Business under Subchapter V on June 24, 2022. [Doc. # 106], and First Amended Chapter 11 Plan of Reorganization for Small Business Debtor under Subchapter V (the "Plan") on July 1, 2022 [Doc. # 113]. The Debtor's Plan is to be funded with, in part, "proceeds from Potential Litigation and Avoidance Actions, if any." See Plan at ¶ 1.8. Indeed, proceeds from avoidance actions would most likely be the only source for distributions to the unsecured creditors under the Debtor's Plan.

5. The Debtor operates out of real property located at 347 Middlesex Road, Massachusetts. This property is owned by the 347 Middlesex Realty Trust (the "Trust"), of which the Debtor's principal, Edmilson Ramos ("Ramos") is the sole beneficiary. The Debtor's Schedule A/B lists a "doubtful or uncollectible" $2,067,000 debt owed to it from the Trust.

6. US Construction and Maintenance LLC ("US Construction") is a related entity from which the Debtor hires 1099 laborers. US Construction also operates out of the 347 Middlesex Road property and pays rent to the Debtor. The Debtor lists a doubtful or uncollectible debt in the amount of $26,000 owed to it by US Construction for the use of space.

7. On Schedule F, the Debtor lists unsecured debt owed to Ramos for: (1) "Personal loans used for benefit of debtor" in the amount of $3,279,657 and (2) "Personal home refinancing used for business" in the amount of $1,500,000.

8. The Subchapter V Trustee and the United States Trustee have requested supporting documentation for the debts set forth in paragraphs 5, 6, and 7, supra. The Debtor's

principal has, to date, been unable to produce sufficient documentation in support of the scheduled debts.

9. The Debtor filed an Amended Schedule of Financial Affairs (the "SOFA")[Doc. # 51] on April 15, 2022. The SOFA and attached exhibits list innumerable, and largely unexplained, transfers made to or on behalf of insiders, as well as to non-insiders within the preference and/or fraudulent transfer time period.

10. The Debtor's Monthly Operating Report ("MOR") for June 2022 indicates that the Debtor received, during the month, $33,600 from an entity named "Top Paving." The MOR also indicates that the Debtor *paid to* Top Paving $134,900. Top Paving's website states that the address for Top Paving is 347 Middlesex Road, Tyngsboro, Massachusetts,--the same address as the Debtor.

11. The Debtor's June MOR indicates that, in addition to his salary, Ramos was paid $6,000 for "Misc Loans."

12. The sheer volume of transactions, both in number and dollar amount, made by the Debtor, to both insiders and third parties, within the preference and fraudulent transfer framework must be explored in order to more accurately understand the Debtor's financial condition and to determine what distributions creditors might expect to receive.[1]

13. A bankruptcy court may, for cause and on request of the United States Trustee, order, for cause, a trustee appointed under subchapter V of chapter 11 of the Bankruptcy Code to investigate the acts, conduct, assets, liabilities, and financial condition of such business, and any

---

[1] By way of example, the Debtor made "loan" payments to one entity alone, named "Kitchen Concepts," totally approximately $1.1 million. On information and belief, Kitchen Concepts would make certain "short term/pay day loans" to Ramos when the Debtor needed emergency funding. Further, on information and belief, Ramos supplied Kitchen Concepts with a mortgage on his personal residence.

other matter relevant to the case or to the formulation of a plan. See 11 U.S.C. §§ 1183(b)(2) and 1106(a)(3). In addition, section 1106(a)(4) requires a trustee to file a statement of any investigation conducted under subsection (a)(3).

14. The aforementioned questions regarding potential avoidance actions and the Debtor's continued use of funds are relevant to Debtor's case, assets, and Plan, and constitute cause for an investigation by the Subchapter V Trustee.

15. The United States Trustee reserves his rights to seek further relief, such as removal of the Debtor as debtor in possession, or dismissal or conversion of the case as may be warranted.

WHEREFORE, the United States Trustee respectfully requests the entry of an order: (1) directing the Subchapter V Trustee to conduct an investigation into the acts, conduct, assets, liabilities, and financial condition of the Debtor, and matters relevant to the formulation of a plan; (II) directing the Debtor to comply with the investigation, (III) reserving the United States Trustee's rights to seek further relief, such as removal of the Debtor as debtor in possession, or dismissal or conversion of the case as may be warranted; and (IV) granting such further relief as is just and proper.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee, Region 1

By: /s/ Lisa D. Tingue
Lisa D. Tingue (BBO # 633275tr)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Tel: (202) 503-7009
August 5, 2022        Email: lisa.d.tingue@usdoj.gov

CERTIFICATE OF SERVICE

      I, Lisa D. Tingue, hereby certify that on August 5, 2022, I caused a copy of the foregoing document and attached statement to be served by email through the Court's ECF system to all entities that are registered users thereof in this case.

<u>/s/ Lisa D. Tingue</u>
Lisa D. Tingue