UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

TOP LINE GRANITE DESIGN INC.[1]

Debtor.

Chapter 11

Case No. 22-40216 (EDK)

**DEBTOR'S RESPONSE TO MOTION OF THE UNITED STATES TRUSTEE FOR THE ENTRY OF AN ORDER (I) DIRECTING THE SUBCHAPTER V TRUSTEE TO CONDUCT AN INVESTIGATION AND FILE A REPORT; AND (II) DIRECTING THE <u>DEBTOR TO COOPERATE WTH THE INVESTIGATION</u>**

Top Line Granite Design Inc. (the "**Debtor**") submits this response to the Motion of the United States Trustee for the Entry of an Order: (I) Directing the Subchapter V Trustee to Conduct an Investigation and File a Report; and (II) Directing the Debtor to Cooperate With the Investigation [Doc. No. 156] (the "**Investigation Motion**"). In support of this response, the Debtor states as follows:

<u>**Allegations Under The Investigation Motion**</u>

1. Pursuant to MLBR 9013-1(i), to the extent applicable, the Debtor answers as follows:

<u>Paragraph 1</u> is admitted.

<u>Paragraph 2</u> is admitted.

<u>Paragraph 3</u> is admitted.

<u>Paragraph 4</u> is admitted.

---

[1] A/k/a Design Top Line Granite, and aka Top Line Granite Design.  The Debtor's name was changed from Brazil Stones Inc. in November 2005.

Paragraph 5 is admitted, subject to the following: Since the filing of the First Amended Chapter 11 Plan of Reorganization for Small Business Debtor Under Subchapter V, on July 1, 2022 [Doc. No. 113] (the "**Plan**"), the Debtor's counsel received on July 18, 2022 the breakdown for the accounting entry appearing on the Debtor's balance sheet totaling $2,067,000. The expense breakdown was provided to the Subchapter V trustee on July 20, 2022. The Debtor's counsel and the Subchapter V trustee discussed a potential mortgage to the Debtor by the Trust with respect to this amount, to be addressed in the Debtor's amended Chapter 11 plan.[2]

Paragraph 6 is admitted, subject to the following: The affiliated relationship between the Debtor and US Construction and Maintenance LLC ("**US Construction**") is disclosed in the Debtor's bankruptcy schedules (the "**Schedules**"), the Plan, and other pleadings filed in the case. See Plan at ¶ 1.1(iii). Also, the US Trustee's office requested additional information about US Construction after the Section 341 meeting, and such information was provided on May 9, 2012 and May 12, 2022.

Paragraph 7 is admitted, subject to the following: On July 19, 2022, the Debtor's counsel sent to the Subchapter V trustee the underlying documents for the personal loans totaling $3,279,657 (the "**Bridge Tree Amounts**"). Also, on July 19, 2022, the Debtor's counsel sent a detailed response to the Subchapter V trustee's email of July 18, 2022 (copied to counsel for the US Trustee's office) (the "**July 19 Email Response**") regarding the Bridge Tree Amounts. In addition, as part of the July 19 Email Response and on July 21 2022, the Debtor's counsel provided the requested information to the Subchapter V trustee about Kitchen Concepts, which is

---

[2] The Plan already provides that, if necessary, the Trust will grant a mortgage to the Debtor to secure the proposed payments under the Plan. See Plan at ¶ 8.3. The parties have not yet addressed any potential setoff for amounts owed by the Debtor to the Trust and/or Mr. Ramos in relation to this $2,067,000 number including with respect to use and occupancy of the real property over the years by the Debtor pursuant to the lease requiring only below market rent.

another party that received payments from the Debtor within 90 days of the petition.[3] With respect to any additional documents for the insider claims of the Debtor's owner, Edmilson Ramos ("**Mr. Ramos**"), the Debtor's counsel has discussed with the Subchapter V trustee, after the filing of the Investigation Motion, the option of the Debtor amending its Schedule F to mark certain insider claims as disputed so that the affected parties can file supporting documents with their proofs of claim, as part of the claim objection process.[4]

Paragraph 8 is denied. As discussed above, the Debtor's counsel has either provided documents or responded to the Subchapter V trustee and/or to the US Trustee's office regarding the debts set forth in paragraphs 5, 6, and 7 of the Investigation Motion.

Paragraph 9 is admitted, subject to the following: The Debtor is required to list all transfers and payments,[5] which the Debtor provided when it filed its Statement of Financial Affairs ("**SOFA**") with schedule attachments. Some entries had explanation notes even though not required. Also, further explanations as to Mr. Ramos' compensation structure (which includes distributions) and private loans taken by Mr. Ramos which he maintains has been used in the business, have been provided to or discussed with the Subchapter V trustee, including as part of the July 19 Email Response.

Paragraph 10 is admitted, subject to the following: After the filing of the Investigation Motion, the Debtor's counsel sent copies of documents and initial written explanation to the Subchapter V trustee on August 16, 2022 and August 22, 2022 including with respect to the payments, identified the June monthly operating report, to Top Paving Inc. ("**Top Paving**"). The

---

[3] The Plan provides that the scheduled insider claims may not include this other loan, which, upon information and belief, had a balance of approximately $620,000.00 as of the bankruptcy filing. See Plan at ¶ 1.4 (G).

[4] The Debtor's counsel would also file a motion for a formal timeline for parties affected by schedule amendment going forward to file proofs of claim.

[5] For example, questions 3 and 4 of the form SOFA simply request a list of payments or transfers.

documents provided to the Subchapter V trustee include the customer invoices between Top Paving and the customer, Hotel Chateau Merrimack.

Paragraph 11 is admitted, subject to the following: The Debtor states that there are circumstances where the Debtor's principal (and others) would pay for a purchase or an expense subject to reimbursement by the Debtor. The $6,000.00 amount mentioned in the Investigation Motion, for example, is reimbursement for a $12,000.00 charge on Mr. Ramos' credit card on May 17, 2022.[6]

Paragraph 12 appears to contain conclusory statements or assumptions to which no response is required. The Debtor states that as early as June 21, 2022, the Debtor's counsel sent to the Subchapter V trustee a draft of the list of certain payments made by the Debtor within 90 days of the bankruptcy petition based on the SOFA schedules. The Debtor's counsel and the Subchapter V trustee have discussed that any amended Chapter 11 plan of the Debtor will incorporate language for the Subchapter V to share the ability to bring recovery actions, as may be needed.[7]

Paragraph 13 contains a legal conclusion to which no response is required.

Paragraph 14 is denied.

Paragraph 15 sets forth a reservation of right to which no response is required.

**Response or Limited Objection to the Investigation Motion**

1.     The Debtor files this response to confirm to this Court that all requests for information received from the US Trustee's office and/or the Subchapter V trustee have been responded to (other than providing documents in support of the scheduled insider claims which

---

[6] The balance was reimbursed in July 2022.
[7] Provisions regarding avoidance actions are in Section 1.8 of the Plan.

would likely receive no distribution under the Plan).[8] Before the filing of the Investigation Motion by the US Trustee's office, there was no pending inquiry by the Subchapter V trustee or the US Trustee's office for which the Debtor did not already respond to or provide an explanation.

2. The Debtor's counsel was made aware of the concerns related to payments to Top Paving by the US Trustee's office less than 2 hours before filing of the Investigation Motion. The US Trustee's office gave the Debtor's counsel "heads up" that the Investigation Motion will be filed on August 5, 2022 at 2:45 p.m. The undersigned counsel, Alan Braunstein, had a call with counsel for the US Trustee right away. By 4:18 p.m. the Debtor's counsel emailed the US Trustee office that the Debtor was contacted regarding the Top Paving payments and that the Debtor will be sending further explanation. By 4:21 p.m. the US Trustee's office sent confirmation that the Investigation Motion will be filed regardless, and filing was in fact done by 4:42 p.m.

3. As discussed above, after the filing of the Investigation Motion, the Debtor has shared documents and information with the Subchapter V trustee regarding the Top Paving payments.

4. The Debtor believes that the Investigation Motion does not establish "cause" for an investigation for purposes of sections 1183(b) and 1106(a)(3) of the Bankruptcy Code. In addition, it is not clear exactly the scope of such investigation, how long that will take, what such investigation would entail in terms of additional cost to the Debtor's bankruptcy estate considering the Debtor's already financial distress.

---

[8] Also, the Debtor's principal and limited support staff had to prioritize other issues and deadlines in the pending bankruptcy case, including financing to continue with work in progress at the time, and potential foreclosure by Avidia Bank of the building where the Debtor operates the business.

5.     The Debtor is also concerned about (i) the potential negative effect of such an investigation upon the continued operation of the Debtor's business, (ii) the impact on the Debtor's customers and work in progress for purposes of a going concern sale of the business, and (iii) potential delay with respect to such sale of the Debtor's business. The Debtor proposes that any remaining unanswered questions or issues be addressed in the Debtor's amended Chapter 11 plan by preserving the Subchapter V's trustee right for such investigation as may be needed.

Respectfully submitted,

TOP LINE GRANITE DESIGN INC.

By its bankruptcy counsel

RIEMER & BRAUNSTEIN LLP

*/s/ Macken Toussaint*
Alan L. Braunstein (BBO #546042)
Macken Toussaint (BBO # 645067)
 100 Cambridge Street
Boston, Massachusetts 02114
Tel: (617) 523-9000
Fax: (617) 880-3456
abraunstein@riemerlaw.com
mtoussaint@riemerlaw.com

DATED: September 15, 2022

| | |
|---|---|
| In re:<br><br>TOP LINE GRANITE DESIGN INC.<br><br><br><br>                              Debtor. | Chapter 11<br><br>Case No. 22-40216 (EDK) |

## CERTIFICATE OF SERVICE

I, Macken Toussaint, with the law firm of Riemer & Braunstein LLP, hereby certify that, as of the date hereof, I have caused a copy of the attached Debtor's Response to the US Trustee's Investigation Motion to be served by electronic notification (ECF) to all parties that received notice of the Investigation Motion or that are registered users receiving electronic notification in this case.

/s/ Macken Toussaint
Macken Toussaint

DATED: September 15, 2022

3334610.7

7