| | |
|---|---|
| In re:<br>TOP LINE GRANITE DESIGN INC.,[1]<br><br>　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 22-40216 (EDK) |

# RESPONSE TO THE UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S SALE MOTION

Top Line Granite Design Inc., a debtor in possession (the "**Debtor**") hereby files this response to the United States Trustee's objection related to the Sale Motion (as defined below). While the Debtor's counsel provided separately additional information to the United States Trustee's office, the Debtor files this response for benefit of the Court and other parties in interest.

1.　　　Reference is made to the Motion for an Order (A) Authorizing and Approving Sale and Bidding Procedures and Breakup Fee in Connection with Proposed Sale of the Debtor's Assets; (B) Scheduling a Hearing to Consider Approval of the Sale; (C) Prescribing the Manner of Notice for Such Hearing; (D) Authorizing and Approving Asset Purchase Agreement with FGC EPC, LLC, or Another Bidder Providing a Higher or Better Offer; (E) Authorizing Such Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (F) Approving the Assumption and Assignment of Certain Prepetition Agreements; and (G) Granting Other Related Relief [Doc. No. 176] (the "**Sale Motion**")[2] filed by the Debtor on September 21, 2022.

2.　　　A hearing on the sale and bidding procedures portion of the Sale Motion is scheduled for September 29, 2022.

---

[1] A/k/a Design Top Line Granite, and aka Top Line Granite Design. The Debtor's name was changed from Brazil Stones Inc. in November 2005.
[2] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Sale Motion.

3. On September 27, 2022 the United States Trustee's office filed an objection to the bidding procedures set forth in the Sale Motion [Doc. No. 182] (the "**Objection**"), including with respect to information regarding (a) the stalking horse buyer, (b) agreement between proposed buyer and principal of the Debtor, and (c) potential interested parties.

a) As required by MLBR 6004-1(c)(3)(D)(i), the name and the address of the proposed buyer are stated in the proposed Sale Notice which is attached as Exhibit D to the Sale Motion. Also, the proposed Sale Notice indicates that there is no insider relationship between the Debtor and the proposed buyer pursuant to MLBR 6004-1(c)(3)(D)(ix). The asset purchase agreement (the "**APA**") was signed by the manager of the proposed buyer and is attached as Exhibit A to the Sale Motion. It is standard for sale motions where the initial bid is subject to counteroffers to simply provide the name of the proposed buyer.

To the extent applicable for the Sale Motion and/or entry of the bid procedures order, the Debtor further states that the proposed buyer is a limited liability company formed by a husband and wife team to acquire the assets. Additional information about member and management of the proposed buyer has been provided to the Subchapter V trustee and counsel for the United States Trustee, and can be shared with the Court in the event the proposed buyer is the successful bidder or otherwise.

b) According to the Objection, the Sale Motion refers to a "certain agreement" between the proposed buyer and the Debtor's principal, and that parties in interest and potential bidders should know more about. The Sale Motion actually states what kind of agreement- a "certain **consulting** agreement." The APA attached as Exhibit A to the Sale Motion provides for this condition precedent and anticipated basic terms (APA p.10).

The proposed buyer has requested assistance with the ownership transfer and transition which is customary considering the past relationships of the Debtor's principal with vendors, suppliers, customers, employees, and others. In any event, a copy of the consulting agreement is not required for the filing of the Sale Motion, entry of a bid procedures order, or until it is clear that the proposed buyer is the successful bidder.

c) The Debtor's counsel is not aware of any prior sale efforts by the Debtor. The Debtor has the benefit of a stalking horse bid at this time and intends to use a section 363 sale process to solicit counterbids. As provided in the Sale Motion, the Debtor will serve the Sale Notice and related relevant pleadings on all creditors, and known potential interested parties (in addition to reserving the right to advertise a Solicitation of Counteroffers at least one time in a local and/or regional newspaper, including online publication).[3]

According to the Objection, the Sale Motion is "silent as to the number of potentially interested parties will be served, or how these parties have been identified as potential buyers." While there is no such requirement for filing of a sale motion or for entry of a bid procedures order, the Debtor's counsel states that so far two potential interested parties have been identified by the Debtor's staff (based on industry involvement and potential financial ability), and such parties are already listed in the service list for the Sale Motion. Once the bid procedures order is entered and the Sale Notice is served, further potential interested parties can be targeted from the creditor pool or otherwise.

4. The Debtor reserves the right to further supplement the Sale Motion and related pleadings.

---

[3] A draft publication notice has been shared with the Subchapter V trustee.

Respectfully submitted,

TOP LINE GRANITE DESIGN INC.,

By its counsel,

/s/ *Macken Toussaint*
Macken Toussaint (BBO# 645076)
Alan L. Braunstein (BBO #546042)
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
Tel: (617) 523-9000
Fax: (617) 692-3461
mtoussaint@riemerlaw.com
abraunstein@riemerlaw.com

Dated: September 28, 2022

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TOP LINE GRANITE DESIGN INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-40216 (EDK) |

## CERTIFICATE OF SERVICE

     I, Macken Toussaint, with the law firm of Riemer & Braunstein LLP, hereby certify that, as of the date hereof, I have caused a copy of the attached Response to the United States Trustee's Objection to the Debtor's Sale Motion to be served by electronic notification (ECF) to all parties that received notice of the United States Trustee's Objection or that are registered users receiving electronic notification in this case.

                                                                      */s/ Macken Toussaint*
                                                                      Macken Toussaint

DATED: September 28, 2022

3378697.2