**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| **In re**<br><br>**TOP LINE GRANITE DESIGN, INC.,**<br>**Debtor** | **Chapter 11**<br>**Case No. 22-40216-EDK** |

## CHAPTER 11 TRUSTEE'S REPORT

NOW COMES Steven Weiss, Subchapter V Trustee (the "Trustee"), and hereby submits his report, pursuant to 11 U.S.C. §§ 1106 and 1183(b), and the order of this Court dated September 29, 2022 [Docket No. 185, the "Order"]:

### PREFACE

1.  On March 25, 2022 (the "Petition Date") Top Line Granite Design, Inc. (the "Debtor") filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with this Court.

2.  Steven Weiss was appointed as Subchapter V Chapter 11 Trustee and continues to serve as Trustee in this case.

3.  As set forth in the Debtor's schedules and statement of financial affairs, and as further discussed in the Debtor's amended plan of reorganization, prior to the Petition Date the Debtor engaged in numerous transactions with cash advance companies (referred to herein as "hard

money" lenders); additionally, there were multiple transfers between the Debtor and various insiders.

4. On August 5, 2022, the United States Trustee filed a motion to expand the Trustee's powers to include the authority to conduct an investigation into these transfers and transactions, and to attempt to quantify the amounts of potential recoveries, as these will likely be the primary if not only source of recovery for unsecured creditors. On September 29, 2022, the Court entered the Order.

5. The Debtor and its counsel have cooperated with the Trustee in this matter, providing bank statements and other documents, and responding to the Trustee's inquiries.

## SCOPE OF INVESTIGATION

6. The Trustee has commenced review of many documents, including but not limited to the following: the Debtor's schedules and statement of financial affairs; pre- and post-petition accounts of the Debtor; pre-and post-petition accounts of U.S. Construction & Maintenance, LLC ("US Construction"); invoices from US Construction to the Debtor; documentation concerning various "hard money" lenders, so-called; loan documents and Debtor records concerning transactions with John Testa and Kitchen Concepts, Inc.; documents regarding Top Paving, Inc.; documents regarding amounts owed by 347 Middlesex Road Realty Trust to the Debtor; and various other documents.

7. The Trustee notes that the Debtor's financial transactions are extremely complicated, for a number of reasons. The Debtor appears to have had over 20 pre- and post-petition

accounts, and US Construction appears to have had 12 accounts. There are thousands of transfers between the Debtor's accounts, and numerous transfers between the Debtor and US Construction. The Trustee has received some cancelled checks with the account statements, but not all accounts included the cancelled checks. And while the Trustee has been able to identify the sources of some of the deposits into various accounts, many of the deposits were cash deposits, so the sources cannot be identified.

8. In order to obtain a complete picture of the Debtor's transactions with creditors and related entities, the Trustee believes that it would be necessary to retain a forensic accountant.

9. Thus, the purpose of this report is to identify and quantify, as much as possible, the potential claims for recovery for the Debtor's creditors. The Trustee has not been able to determine to which various transferees may have defenses, or the "collectability" of the claims.

## RELATIONSHIP WITH
## US CONSTRUCTION & MAINTENANCE, LLC

10. As the Court is aware, U.S. Construction is a related entity; Mr. Ramos owns 97% of the company, so that it is an "insider" as that term is used in the Bankruptcy Code. The Debtor has represented that US Construction has no other business except with the Debtor. It employs a number of individuals who perform services on the Debtor's projects as independent contractors, who are then paid by US Construction. At the time the case was filed, the Debtor represented that US Construction was owed approximately $250,000. Some of the DIP financing was dedicated to reducing this amount. *See* Docket No. 105, Exhibit "B". According to the Debtor's amended plan, US Construction historically paid the Debtor $9,500 per month for use and

occupancy of the Premises (as defined below). The last use and occupancy payment was made in July for the month of August 2022.

11. As noted above, the financial transactions between the Debtor US Construction are difficult to analyze without a complete forensic audit. In reviewing the Debtor's monthly operating reports and the US Construction's post-petition bank accounts, the financial dealings between the companies continue to be intermingled post-petition. For example, in August 2022 the Debtor appears to have transferred approximately $270,000 to US Construction. Although the cancelled checks were not provided, the majority of the checks (approximately $242,000) appear to be for wages. However, the invoices from US Construction are done in such a manner that they cannot be easily reconciled with the payments. A sampling of the invoices is annexed hereto as Exhibit "A". As can be seen, the invoices are not sufficiently itemized; they refer simply to "production", "showroom salary" or, just for "gas". It is not possible to determine whether: the Debtor is current on its post-petition obligations to US Construction; the extent to which it has reduced the pre-petition claims; or whether excess payments are being made to US Construction.

### CLAIMS AGAINST 347 MIDDLESEX ROAD REALTY TRUST (THE "TRUST")

12. As set forth in the Debtor's amended Chapter 11 plan, the Debtor occupies the premises at 347 Middlesex Road, Tyngsboro, Massachusetts (the "Premises") from the Trust. Edmilson Ramos is the primary beneficiary of the Trust. Thus, the Trust is an "insider" as that term is used in the Bankruptcy Code.

13. In its schedules, the Debtor lists a "note receivable" from the Trust in the amount of $2,067,000. The Trustee has inquired regarding this claim. It does not appear that the Trust ever

executed a promissory note. However, the Debtor's books and records indicate that from 2015 to 2017, the Debtor funded the build out of the Premises in the above amount, which is carried as a loan to the Trust on the Debtor's books.

14. The Trustee believes that there may be substantial equity in the Premises above mortgage debt[1], and that this needs to be accounted for in any amended plan of reorganization.

## CLAIMS REGARDING "HARD MONEY" LENDERS

15. As the Court is aware, the Debtor and Mr. Ramos, individually, obtained many "hard money" loans, so-called, in the months before the Petition Date. Annexed hereto as Exhibit "B" is a spreadsheet compiled by the Trustee identifying the "lenders", the face amounts being advanced, the payments made by the Debtor in the 90 days before the Petition Date[2], and other pertinent information. As set forth therein, there were advances of $ 5,761,857[3], the largest of which is an advance of $2,729,657 on December 31, 2020 made to Mr. Ramos, individually, and not to the Debtor. These parties received payments of $1,496,412 during the preference period, and additional payments between one year and 91 days before the Petition Date. These creditors filed claims in the aggregate amount of $1,127,924.70.

16. The Trustee has reviewed "loan" documents that were provided by the Debtor or attached to proofs of claim. Generally speaking, these transactions are not styled as sales of

---

[1]  On information and belief, the premises have an appraised value of $6,700,000, and is subject to mortgage liens of approximately $4,000,000.
[2]  These figures come from the Debtor's statement of financial affairs; the Trustee has not reviewed the several bank statements to determine how accurate these figures are.
[3]  The Trustee has not yet been able to itemize precisely when each advance was made to the Debtor, and what the actual balances are as of the petition date, except where these creditors have filed claims.

accounts receivables, not as loans.  There are at least two potential challenges to the enforceability of these obligations.  First, there is a body of case law under which these transactions can be recharacterized as secured loans rather than sales of receivables.  Second, they may be challenged as violating Massachusetts usury laws.  M.G.L. Ch. 271, § 49 provides that any loan with an effective rate above 20 percent is considered a violation of the state's criminal usury statute, unless the party making the loan has first registered with the Massachusetts attorney general.[4]  There is no specific civil remedy, but case law in Massachusetts have fashioned equitable remedies to address usurious loans.  *See, e.g., Beach Assoc., Inc. v Hauser,* 401 N.Ed.2d 858, 9 Mass. App Ct. 386 (Mass. App. Ct. 1980).  Additionally, the amounts of the transfers within the preference period may be recoverable, especially to the extent that these creditors received an "improvement of position" in the preference period.

17.  The Trustee believes that these claims may have significant value to the estate.  In its most recent plan, the Debtor proposes to treat these claims as unsecured.  To the extent that these creditors received any payments which constitute preferential or fraudulent transfers their claims should be disallowed.

**LOANS FROM KITCHEN CONCEPTS, INC.
AND JOHN TESTA**

18.  The Trustee has investigated transactions between the Debtor on the one hand, and Kitchen Concepts, Inc. and its owner John Testa, on the other.  The advances by these parties are

---

[4]   The Trustee has not inquired with the Massachusetts Attorney General to determine which lenders, if any, have registered.

carried on the Debtor's books as "loans", even though neither Mr. Testa nor Kitchen Concepts are listed as creditors. The Trustee was advised that Mr. Testa was a friend of Mr. Ramos and was helping him by making short term loans.

19. The documents supporting the loans are sparse. There is one promissory note dated November 20, 2020 in the amount of $542,000 listing Mr. Testa as payee; while it is signed by Mr. Ramos as president of the Debtor, it lists the obligors as both the Debtor and Mr. Ramos. The Trustee has not been provided with a copy of any security agreement, and the Trustee does not believe a UCC-1 financing statement listing the Debtor was ever recorded. The repayment terms provide for a late charge of $1,000.00 per day if the note is not paid by April 1, 2021. The only other document provided to the Trustee is a mortgage by Mr. Ramos on his personal residence to Mr. Testa dated April 1, 2022, i.e., just days after the Debtor filed for Chapter 11 relief, ostensibly securing a promissory note in the amount of $620,000.00, which has not been provided to the Trustee.

20. There is a stunning amount of transfers from the Debtor to Kitchen Concepts. According to the Debtor's statement of financial affairs [Docket No. 51], during the preference period the Debtor made transfers to Kitchen Concepts in the aggregate amount of $1,052,000, and an additional $341,000 between 90 days and a year before the petition date. In many cases the Debtor was transferring tens of thousands of dollars of dollars per day to Kitchen Concepts.

21. During the preference period Kitchen Concepts and Mr. Testa (mostly the latter) were advancing significant amounts of funds to the Debtor. The Trustee's review of the Debtor's pre-petition bank statements indicates that Mr. Testa advanced $843,500 to the Debtor in the 90 days before the Petition Date.

22.     Even if the Debtor is obligated on this obligation—which is questionable, inasmuch as this obligation is not listed on the Debtor's schedules—the loans are unsecured. The Trustee believes that a significant amount of these advances are voidable as preferential or fraudulent transfers. The Trustee believes that a deeper investigation into Mr. Testa's relationship with the Debtor (perhaps through a Bankruptcy rule 2004 examination) is warranted.

## OTHER POTENTIAL AVOIDANCE ACTIONS

23.     There appear to be a number of other transfers that may be preferential or fraudulent transfer, as the Debtor appears to have paid other personal obligations of Mr. Ramos. The largest of these constitutes payments to Jeanne D'Arc Credit Union.  On information and belief, the credit union holds a mortgage on Mr. Ramos' residence.  The Debtor's statement of financial affairs reflects that the Debtor made payments of $85,952.72 to the credit union in the year before the Petition Date.  There are also payments to a Frank Ernest in the aggregate amount of $84,923.25 during the 90-day preference period.  Mr. Ernest is not listed as a creditor.  The Trustee has been advised that these payments are related to a check cashing business utilized by the Debtor.  The Trustee has also discovered various transfers to potential insiders outside the preference period that were not listed in the statement of financial affairs

## TOP PAVING, INC.

24. Top Paving, Inc. is a Massachusetts corporation formed on February 17, 2022. Kamayla Luanne Gomez is the sole officer; she is a current or former employee of the Debtor. Top Paving is located in the Debtor's Premises.

25. In the course of reviewing the Debtor's monthly operating reports, the Trustee

8

determined that in June, 2022 the Debtor made transfers in the amount of $134,900 to Top Paving. The Trustee inquired regarding these payments and requested copies of various documents of Top Paving. He was advised that the payments were made because a customer of Top Paving (Hotel Chateau Merrimack) incorrectly paid invoices to the Debtor, which the Debtor in turn remitted to Top Paving. The Trustee has been provided copies of the invoices. The Trustee has also been provided with financial statements and bank statements (through August 15, 2022) for Top Paving. The Trustee finds it difficult to determine whether any of the funds received by Top Paving represent funds belonging to the Debtor; most of the deposits on the bank statements do not reflect the sources of the deposits. It does not appear to be paying any rent to the Debtor. However, it does appear that from May through August 8, 2022, Top Paving did make payments in the aggregate amount of $50,500, for "commissions" and "supplies and materials".

26. The Trustee believes that further investigation into Top Paving's financial transactions with the Debtor is warranted.


## CONCLUSIONS


27. As is evident from the foregoing, the Debtor's financial transactions both pre-and post-petition are convoluted. At a minimum, they give rise to potentially significant avoidance and recovery actions, including several against the Debtor's owner and affiliated entities, which ought to be aggressively pursued for the benefit of unsecured creditors.

28. As the Court is aware, the Debtor has filed a motion to sell essentially all of its assets, which is scheduled for hearing on November 8, 2022. The Trustee believes that the focus of the

Debtor's efforts at this time should be on consummating the sale, as the value of the Debtor's assets sold as a going concern will be far better than liquidation. Once the sale is completed, the Debtor and the Trustee can determine how the potential claims and causes of action described herein can best be pursued.

Respectfully submitted this 4th day of November, 2022.

STEVEN WEISS
SUBCHAPTER V TRUSTEE

By: /s/ Steven Weiss
Steven Weiss, Esquire
BBO# 545619
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737 1131
sweiss@ssfpc.com

22\0137\Trustee.rept.1601

US Construction and Maintenance LLC

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/11/2022 | 10912 |

**PAID 07/15/2022**

| Bill To |
|---------|
| Top Line Granite Design Inc.<br>347 Middlesex Rd.<br>Tyngsboro MA 01879 |

| Terms | Project |
|-------|---------|
| COD | |

| Item | Description | Rate | Date | Amount |
|------|-------------|------|------|--------|
| JD | Subcontractors service from the period: 06/27/22 to 07/02/22 | | | |
| JD | Salary showroon | 9,319.74 | | 9,319.74 |
| JD | Commission | 2,217.75 | | 2,217.75 |
| JD | Production | 34,324.48 | | 34,324.48 |
| JD | Others | 8,156.89 | | 8,156.89 |

| | | |
|---|---|---|
| Thank you for your business. | **Total** | $54,018.86 |

# US Construction and Maintenance LLC

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/13/2022 | 10913 |

**PAID**
**07/25/2022**

**Bill To**

Top Line Granite Design  Inc.
347 Middlesex Rd.
Tyngsboro MA 01879

| Terms | Project |
|-------|---------|
| COD | |

| Item | Description | Rate | Date | Amount |
|------|-------------|------|------|--------|
| Gas | Gas June 2022 | 12,000.00 | | 12,000.00 |

| | Thank you for your business. | **Total** | $12,000.00 |
|---|---|---|---|

# US Construction and Maintenance LLC

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/18/2022 | 10914 |

**Bill To**

Top Line Granite Design Inc.
347 Middlesex Rd.
Tyngsboro MA 01879

**PAID 07/22/2022**

| Terms | Project |
|-------|---------|
| COD | |

| Item | Description | Rate | Date | Amount |
|------|-------------|------|------|--------|
| JD1 | Subcontractors service from the period: 07/04/22 to 07/09/22 | 0.00 | | 0.00 |
| JD | Showroom Salary | 9,723.07 | | 9,723.07 |
| JD | Commission | 1,844.86 | | 1,844.86 |
| JD | Production | 32,256.07 | | 32,256.07 |
| JD | Others | 5,000.00 | | 5,000.00 |

| Thank you for your business. | **Total** | $48,824.00 |
|---|---|---|

# US Construction and Maintenance LLC

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

# Invoice

| Date | Invoice # |
|---|---|
| 7/25/2022 | 10915 |

**PAID 07/29/2022**

**Bill To**

Top Line Granite Design  Inc.
347 Middlesex Rd.
Tyngsboro MA 01879

| Terms | Project |
|---|---|
| COD | |

| Item | Description | Rate | Date | Amount |
|---|---|---|---|---|
| JD1 | Subcontractors service from the period: 07/11/2022 - 07/16/2022 | | | |
| JD | Showroom salary | 7,573.07 | | 7,573.07 |
| JD | Commission | 1,002.21 | | 1,002.21 |
| JD | Production | 41,442.17 | | 41,442.17 |
| JD | Others | 5,000.00 | | 5,000.00 |

Thank you for your business.

**Total** $55,017.45

# US Construction and Maintenance LLC

# Invoice

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

**PAID 08/04/2022**

| Date | Invoice # |
|------|-----------|
| 8/1/2022 | 10916 |

### Bill To

Top Line Granite Design  Inc.
347 Middlesex Rd.
Tyngsboro MA 01879

| Terms | Project |
|-------|---------|
| COD | |

| Item | Description | Rate | Date | Amount |
|------|-------------|------|------|--------|
| JDI | Subcontractors service from the period: 07/18/2022 - 07/23/2022 | | | |
| JD | Showroom salary | 8,943.07 | | 8,943.07 |
| JD | Commission | 1,089.68 | | 1,089.68 |
| JD | Production | 38,196.43 | | 38,196.43 |
| JD | Others | 6,970.82 | | 6,970.82 |

| | | |
|---|---|---|
| Thank you for your business. | **Total** | $55,200.00 |

US Construction and Maintenance LLC

# Invoice

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

| Date | Invoice # |
|------|-----------|
| 8/2/2022 | 10917 |

**PAID**
**08/17/2022**

| Bill To |
|---------|
| Top Line Granite Design Inc.<br>347 Middlesex Rd.<br>Tyngsboro MA 01879 |

| Terms | Project |
|-------|---------|
| COD | |

| Item | Description | Rate | Date | Amount |
|------|-------------|------|------|--------|
| Gas | Gas July 2022 | 14,181.99 | | 14,181.99 |

| | Total |
|---|---|
| Thank you for your business. | $14,181.99 |

US Construction and Maintenance LLC

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/8/2022 | 10918 |

**PAID**
**08/10/2022**

| Bill To |
|---------|
| Top Line Granite Design  Inc.<br>347 Middlesex Rd.<br>Tyngsboro MA 01879 |

| Terms | Project |
|-------|---------|
| COD | |

| Item | Description | Rate | Date | Amount |
|------|-------------|------|------|--------|
| JD1 | Subcontractors service from the period: 07/24/22 to 07/30/22 | 0.00 | | 0.00 |
| JD | Showroom salary | 8,943.07 | | 8,943.07 |
| JD | Commission | 1,137.61 | | 1,137.61 |
| JD | Production | 39,836.05 | | 39,836.05 |
| JD | Others | 5,000.00 | | 5,000.00 |

| | | |
|--|--|--|
| Thank you for your business. | **Total** | $54,916.73 |

## US Construction and Maintenance LLC

# Invoice

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

| Date | Invoice # |
|---|---|
| 8/15/2022 | 10919 |

**PAID 08/17/2022**

**Bill To**

Top Line Granite Design  Inc.
347 Middlesex Rd.
Tyngsboro MA 01879

| Terms | Project |
|---|---|
| COD | |

| Item | Description | Rate | Date | Amount |
|---|---|---|---|---|
| JD1 | Subcontractors service from the period: 07/31/22 - 08/06/22 | 0.00 | | 0.00 |
| JD | Showroom salary | 5,986.11 | | 5,986.11 |
| JD | Commission | 2,313.04 | | 2,313.04 |
| JD | Production | 36,635.28 | | 36,635.28 |
| JD | Others | 5,000.00 | | 5,000.00 |
| JD | Payment fired members/employee | 5,703.46 | | 5,703.46 |
| Gas | Gas REIMBERSEMENT 07/31/22 to 08/15/22 | 1,624.42 | | 1,624.42 |
| JD1 | Supplies reimbersement 07/31/22 to 08/15/22 | 391.83 | | 391.83 |

| | Total | $57,654.14 |
|---|---|---|
| Thank you for your business. | | |

# US Construction and Maintenance LLC

347 Middlesex Rd
Tyngsboro, MA 01879
Tel.: (978) 251 0556
Fax.: (978) 251 8007

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/22/2022 | 10921 |

**PAID 08/25/2022**

**Bill To**

Top Line Granite Design  Inc.
347 Middlesex Rd.
Tyngsboro MA 01879

| Terms | Project |
|-------|---------|
| COD | |

| Item | Description | Rate | Date | Amount |
|------|-------------|------|------|--------|
| JD1 | Subcontractors service from the period: 08/08/2022 - 08/13/2022 | | | |
| JD | Showroom salary | 7,069.51 | | 7,069.51 |
| JD | Commission | 3,396.44 | | 3,396.44 |
| JD | Production | 34,174.61 | | 34,174.61 |
| JD | Others | 5,000.00 | | 5,000.00 |
| JD | Payment fired members/employee | 2,148.72 | | 2,148.72 |
| JD | JP Monv | 4,844.38 | | 4,844.38 |
| Gas | Gas REIMBERSEMENT 08/16/22 to 08/23/22 | 500.98 | | 500.98 |
| JD1 | Supplies reimbersement 08/16/22 to 08/23/22 | 597.40 | | 597.40 |

| Thank you for your business. | **Total** | $57,732.04 |
|------------------------------|-----------|------------|

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Lender | Borrower(s) | Guarantor | Date | Amount | POC No./Amount | payments w/i 90 days | UCC-1 | Comments |
| 2 | AJ Equity Group, LLC | Top Line, US Construction | Ed Ramos | 1/18/2022 | $100,000 | No. 2 ($36,373.10) | $106,190 | No | |
| 3 | Blade Funding | Top Line, US Construction | Ed Ramos | 2/3/2022 | $100,000 | No | $63,441 | Uncertain | UCC-1 filed by 1st Corp. Solutions 2/4/2022 |
| 4 | BrickStone Group, LLC | Top Line | Ed Ramos | 2/14/2022 | $75,000 | No. 41 (53,495.95) | $55,531 | 3/31/2022 | Stay violation matter pending |
| 5 | Bridge Tree Investment Holdings, Inc. | Ed Ramos | | 12/31/2020 | $2,729,657 | No | $274,750 | No | Payments of $441,950 in 12 mos. Before petition |
| 6 | Bridge Tree Investment Holdings, Inc. | Ed Ramos | | 1/11/2022 | $200,000 | no | | No | |
| 7 | Bridge Tree Investment Holdings, Inc. | Ed Ramos | | 2/16/2022 | $230,000 | No | | | |
| 8 | Bridge Tree Investment Holdings, Inc. | Ed Ramos | | 2/24/2022 | $118,000 | No | | No | |
| 9 | Delta Bridge Funding | | | | | | $89,424 | | |
| 10 | Diverse Capital, LLC | Top Line | Ed Ramos | 3/16/2022 | $150,000 | No. 38 ($212,063.00) | $196,797 | 12/13/2021 | |
| 11 | Diverse Capital, LLC | Top Line | | 12/7/2021 | $200,000 | No. 38 ($212,063.00) | | 12/13/2021 | |
| 12 | ENGS Commercial Finance | | | | | | $21,640 | | |
| 13 | Manoel Costa | Ed Ramos | | 3/7/2017 | $120,000 | No. | $11,500 | | Payments of $22,535 to Nelia Costa in 12 mos. Before petition |
| 14 | Manoel Costa | Ed Ramos | | 10/13/2020 | $30,000 | | | | |
| 15 | Merchant Capital | | | | | | $81,500 | | Docments Not Provided |
| 16 | Mercury Funding, LLC | Top Line, US Construction | Ed Ramos | 12/9/2021 | $95,000 | No 37 ($35,605.00) | $142,400 | 12/10/2021 | sec. party is Mercury funding Group, Inc. |
| 17 | MR Advance, LLC | Top Line, US construction | Ed Ramos | 12/23/2021 | $75,000 | No | $116,172.50 | Uncertain | |

| | A | B | C | D | E | F | G | H | I |
|---|---|---|---|---|---|---|---|---|---|
| 18 | Patrick Rygiel | Ed Ramos | Top Line | 11/19/2019 | $109,000 | No | $10,000 | no | Schedule F claim $614,200 |
| 19 | Patrick Rygiel | Ed Ramos | Top Line | 2/7/2020 | $150,000 | No | | | |
| 20 | Patrick Rygiel | Ed Ramos | Top Line | 9/17/2020 | $70,000 | No | | | |
| 21 | Patrick Rygiel | Ed Ramos | Top Line | 3/1/2018 | $126,800 | No | | | |
| 22 | Patrick Rygiel | Ed Ramos | Top Line | 2/6/2019 | $45,000 | no | | no | |
| 23 | Patrick Rygiel | Ed Ramos | Top Line | 12/16/2018 | $73,400 | No | | No | |
| 24 | Quick Fee | Ed Ramos? | | Uncertain | | | | | Payments of $31066.24 in 12 months before petition |
| 25 | ROC funding Group | Top Line | | 7/29/2021 | $265,000 | No. 20 (390,505.23) | | 11/6/2019 | |
| 26 | ROC funding Group | Top Line | | 11/4/2021 | $250,000 | No. 20 (390,505.23) | | 11/6/2019 | |
| 27 | Speedy Funding, LLC | Top Line | Ed Ramos | 2/15/2022 | $100,000 | No | $85,071 | No | |
| 28 | TVT 2.0, LLC | Top Line | Ed Ramos | 11/8/2021 | $350,000 | No. 36 ($284,700.00) | $115,080 | 11/29/2021 | |
| 29 | Ultra Funding, LLC | Top Line, US Construction, and others | Ed Ramos | 1/21/2022 | $150,000 | No. 11($115,182.50) | $127,415 | 1/21/2022 | |
| 30 | | | | | | | | | |
| 31 | | | | | | | | | |
| 32 | | | | | | | | | |
| 33 | | | | | $5,761,857 | | $1,496,912 | | |

**In re**

**TOP LINE GRANITE DESIGN, INC.,**
**Debtor**

**Chapter 11**
**Case No. 22-40216-EDK**

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on November 4, 2022, a copy of the foregoing Chapter 11 Trustee Report was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Top Line Granite Design, Inc.
P.O. Box 705
353 Middlesex Road
Tyngsboro, MA 01879

Alan L. Braunstein, Esq.
Reimer & Braunstein, LLC
100 Cambridge Street
Boston, MA 02114

/S/ Steven Weiss
Steven Weiss, Esquire