UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|   |   |
|---|---|
| In re: | ) |
|   | ) |
| TOP LINE GRANITE DESIGN INC. | ) Chapter 11 |
|   | ) Case No. 22-40216-EDK |
|   | ) |
| Debtor | ) |

UNITED STATES TRUSTEE'S OBJECTION
TO DEBTOR'S BID PROCEDURES AND SALE MOTION
AND STATEMENT OF SUPPORT FOR THE UNITED STATES'
OBJECTION

The United States Trustee hereby: (1) objects to Debtors' Motion for an Order (A) Authorizing and Approving Sale and Bidding Procedures and Breakup Fee in Connection with Proposed Sale of the Debtor's Assets; (B) Scheduling a Hearing to Consider Approval of the Sale; (C) Prescribing the Manner of Notice for Such Hearing; (D) Authorizing and Approving Asset Purchase Agreement with Charles River Realty Group LLC or Another Bidder Providing a Higher or Better Offer; (E) Authorizing Such Sale Free and Clear of all Liens, Claims, Encumbrances, and Other Interests; and (F) Granting Other Related Relief (the "Sale and Bidding Procedures Motion")[Doc. # 294]; and (2) supports the United States' Objection to the Sale and Bidding Procedures Motion (the "United States' Objection")(Doc. # 300). As a threshold matter, the Debtor asks the Court to impermissibly exercise jurisdiction over non-estate property. By way of further objection, the United States Trustee states as follows:

1. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 25, 2022 (the "Petition Date"). Since the Petition Date, the Debtor has been operating its business as a debtor-in-possession.

2. On March 28, 2022, pursuant to section 1183(a) of the Bankruptcy Code, the United States Trustee appointed Steven Weiss, Esq. as the Subchapter V Trustee.

3. On April 5, 2023, the Debtor filed the Sale and Bidding Procedures Motion.

4. On April 7, 2023 the United States, on behalf of the SBA, filed the United States' Objection and objected to the Sale and Bidding Procedures Motion because the bidding procedures proposed by the Debtor propose to sell non-estate property, and because the sale would alter the SBA's rights under its contract with a non-debtor. The United States Trustee agrees with, and supports, the United States' Objection.

5. The Debtor seeks to sell certain "Purchase Assets" to a stalking horse bidder, Charles River Realty Group LLC. The Purchased Assets are defined as (1) the Debtor's assets and (2) the real estate out of which the Debtor operates—which is non-estate property. Pursuant to 11 U.S.C. 363, a trustee may sell estate property—and only estate property. Here the Debtor seeks Court approval of sale and bidding procedures for a sale of non-estate property. This alone is fatal to approval of the Sale and Bidding Procedures Motion.

6. The United States Trustee objects to the Sale and Bidding Procedures Motion on grounds of the above cited fatal flaw, and for the following reasons:

(A) The proposed sale and bidding process is not transparent. Potential bidders/purchasers must refer to various documents to gain a complete understanding of the proposed transaction. Moreover—and most importantly—one of those documents, the "Ramos Stipulation," upon which the sale is predicated, has not yet been disclosed or approved by

the Court. Without disclosure of all aspects of the proposed transaction, reasonable notice of sale and bidding procedures cannot be provided.

(B) The Sale and Bidding Procedures Motion contains internally inconsistent provisions. Most notably, the Debtor asserts that it seeks a "Sale Under Section 363 of the Bankruptcy Code rather than Under Chapter 11" (Sale and Bidding Procedures Motion, p. 8, ¶ 21(g)) while also citing to section 1123(a)(5)(D) as a statutory basis for relief. A sale of a debtor's assets may be pursuant to section 363 or pursuant to a confirmed plan, but not both.

(C) The Debtor has not demonstrated that the Purchased Assets have been adequately marketed. The Debtor states that it intends to file a motion to employ Paul E. Saperstein Co., Inc. as broker nunc pro tunc to March 31, 2023. Paul E. Saperstein Co. is an auction and appraisal firm, and not a private broker. The Debtor also states that Debtor's counsel has created an online Data Room with due diligence information for the *business assets* related to the *Initial Sale Motion*, and that the "data room will continue to be available." (Sale and Bidding Procedures Motion, p.8, n.9). No link to the online Data Room is provided. The real estate purported to be sold here was not included in the Initial Sale Motion, and the real estate has never been marketed.

(D) The Sale and Bidding Procedure Motion contains the terms "Qualified Bid" and "Qualified Bidder" but does define these terms or the procedure under which a bid or bidder becomes qualified.

(E) The Sale and Bidding Procedures Motion, at p.22 ¶ 60, includes a carve-out in the amount of $225,000 for fees and expenses of Debtor's counsel and the Subchapter V Trustee. The motion is silent as to what the carve-out is based upon or how it is to be

allocated between Debtor's counsel and the Subchapter V Trustee. There is no carve-out for general unsecured creditors.

(F) The Sale and Bidding Procedures Motion is silent as to whether customer lists are included in the business assets to be sold such that the need for a privacy ombudsman is implicated.

(G) It is unclear from the Sale and Bidding Procedures Motion what valid business purpose the proposed sale serves.

7. Because the Debtor seeks Court approval for sale and bidding procedures related to non-estate property, because the proposed transaction is not transparent, because the pivotal Ramos Stipulation had not been disclosed or approved, because the Debtor has failed to demonstrate that the property has been reasonable marketed, and for all the foregoing reasons, the United States Trustee objects to the entry of an order approving the sale and bidding procedures.

WHEREFORE, the United States Trustee respectfully requests that this Court (i) sustain the United States Trustee's objection, (ii) denying the relief requested in the Sale and Bidding Procedure Motion and (iii) granting all other relief as the Court deems just and proper, including conversion of the Debtor's case to one under Chapter 7.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee, Region 1

By: __/s/  Lisa D. Tingue__
Lisa D. Tingue (BBO # 633275tr)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Tel: (202) 503-7009
April 11, 2023                                     Email: lisa.d.tingue@usdoj.gov

## CERTIFICATE OF SERVICE

I, Lisa D. Tingue, hereby certify that on April 11, 2023, I caused a copy of the foregoing document and attached statement to be served by email through the Court's ECF system to all entities that are registered users thereof in this case.

/s/ Lisa D. Tingue
Lisa D. Tingue