| | |
|---|---|
| **In re:** <br><br> **TOP LINE GRANITE DESIGN, INC.,** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No: 22-40216-EDK** |

## STIPULATION AMONG DEBTOR, EDMILSON RAMOS, 347 MIDDLESEX ROAD REALTY TRUST, U.S. CONSTRUCTION AND MAINTENANCE, LLC, TOP PAVING, INC, AND AVIDIA BANK

This Stipulation is entered into this 14 day of April, 2023 by and among Top Line Granite Design, Inc. ("Debtor"), Edmilson Ramos ("Ramos"), the 347 Middlesex Road Realty Trust (the "Trust"), U.S. Construction and Maintenance, LLC ("USCM"), Top Paving, Inc. ("Paving"), and Avidia Bank (collectively, the "Parties").

### I.    RECITALS

1.       The Debtor commenced this case on March 25, 2022 ("Petition Date") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.       Steven Weiss was appointed the Subchapter V trustee ("Trustee") and continues to serve as Trustee in this case.

3.       Ramos is the principal of the Debtor.

4.       The Trust is the owner of nonresidential real property located at 347 Middlesex Road, Tyngsboro, Massachusetts (the "Real Property"). Luciana Oliveira is the sole trustee (the "Real Property Trustee") of the Trust, and Ramos is the sole beneficiary of the Trust. The Debtor operates its business from the Real Property.

5.       Paving is an entity that has performed services from the Real Property and for which Ramos has provided services. Paving is owned by Kamayla Luanne Gomez.

6.      USCM is an entity in which Ramos has a ninety-seven percent (97%) ownership interest.

7.      Avidia Bank is an asserted creditor in this case.

8.      The Debtor entered into an initial sale transaction on September 8, 2022 which was approved by the Court on November 10, 2022. The initial purchaser did not consummate the transaction. On March 23, 2023, the Debtor terminated the initial transaction.and retained the deposit.

9.      The Parties have entered into negotiations that contemplate a new sale of the Debtor' assets, the inclusion of the Real Property into the Debtor's estate, the combined sale of the Real Property and the assets of the Debtor, and the resolution of certain claims. In furtherance of the sale process, the Debtor filed the *Debtor's Motion for an Order (A) Authorizing and Approving Sale and Bidding Procedures and Breakup Fee in Connection with Proposed Sale of Debtor's Assets, (B) Scheduling a Hearing to Consider Approval of the Sale; (C) Prescribing the Manner of Notice for such Hearing; (D) Authorizing and Approving Asset Purchase Agreement with Charles River Realty Group LLC or Another Bidder Providing a Higher or Better Offer; (E) Authorizing Such Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; and (F) Granting Other Related Relief* (the "Sale and Bid Procedure Motion") [docket no. 294].

10.     As a result of such negotiations, the Parties enter into this Stipulation, the terms of which are set forth below:

## II.  STIPULATION

11.  The following shall occur contemporaneous with the closing of the Sale and after entry of an order approving this Stipulation and the Sale:

(i)  The Real Property Trustee shall convey the Real Property to the Debtor's bankruptcy estate for nominal consideration, subject to all existing liens and encumbrances;

(ii)  The Debtor and its bankruptcy estate, for themselves and on behalf of any of their agents, heirs, representatives, beneficiaries, successors (including any trustee that may be appointed in the Debtor's case under Chapter 11 or Chapter 7) and assigns, past and present, shall be deemed to have remised, released and forever discharged Ramos, the Trust, Paving, and USCM and their agents, successors and assigns, past and present, of and from any and all claims, debts, demands, losses, liabilities, obligations, actions, contracts, agreements, promises, acts, omissions, causes of action, rights, damages, costs (including attorneys' fees), loss of services, expenses, and compensation of any nature whatsoever, whether based on a tort, contract, or other theory of recovery of every kind, nature and description whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, secured or unsecured, accrued or unaccrued, now known or unknown, that the releasing parties now have, ever had or will ever have, on account of all matters from the beginning of the world to the date of Court approval of this Stipulation, other than the obligations expressly arising under this Stipulation;

(iii)  Ramos, the Trust, Paving and USCM, for themselves and on behalf of any of their, agents, heirs, representatives, beneficiaries, successors and assigns, past and present, shall be deemed to have remised, released and forever discharged the Debtor and its bankruptcy estate and their successors and assigns, past and present, of and from any and all claims, debts, demands, losses, liabilities, obligations, actions, contracts, agreements, promises, acts, omissions, causes of action, rights, damages, costs (including attorneys' fees), loss of services, expenses, and compensation of any nature whatsoever, whether based on a tort, contract, or other theory of recovery of every kind, nature and description whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, secured or unsecured, accrued or unaccrued, now known or unknown, that the releasing parties now have, ever had or will ever have, on account of all matters from the beginning of the world to the date of Court approval of this Stipulation, other than the obligations expressly arising under this Stipulation.

12.  Ramos agrees to provide reasonable cooperation to the Debtor and any successor in the administration of the Debtor's estate and the pursuit of any claims or actions against non-released parties, subject to mutual agreement as to payment of reasonable compensation by the bankruptcy estate to Ramos for such services, and subject to the approval of the Court.

13.     The Debtor shall make good faith best efforts to sell the Debtor's assets and the Real Property through a joint sale subject to the approval of the Bankruptcy Court (the "Sale").

14.     Of the first $6,500,000 in consideration paid as part of the Sale, the Parties agree that $2,500,000 shall be allocated to the sale of the Debtor's personal property, and $4,000,000 shall be allocated to the sale of the Real Property.  The application of the $2,500,000 attributable to the sale of the personal property shall be the same as that contemplated in Exhibit B to the Second Amended Chapter 11 Plan on file as of April 12, 2023.  Avidia reserves its rights to object to the Sale.

15.     The Sale shall be subject to higher and better counteroffers pursuant to Section 363 and/or Section 1123 of the Bankruptcy Code.  In the event that the consideration to be paid through the Sale exceeds $6,500,000, the additional consideration above $6,500,000 shall be attributable to the sale of the Real Property, other than an additional $50,000 to be allocated to the sale of the personal property solely to satisfy the break-up fee due to the stalking horse bidder.

16.     In the event that any liens secured by the Real Property are avoided or deemed unenforceable, any recovery on account of such avoided or unperfected lien shall be allocated as follows: (i) first, the amount of $50,000.00 to be applied to allowed Chapter 11 administrative claims; (ii) thereafter, seventy percent (70%) to the Debtor's estate; and (iii) thirty percent (30%) to Ramos.

17.     In the event that the Sale generates consideration attributable to the Real Property in excess of the amount required to satisfy secured claims against the Real Property, such excess consideration shall be allocated seventy percent (70%) to the Debtor's estate and thirty percent (30%) to Ramos.

18.     Contemporaneous with the closing of the Sale, Avidia Bank shall release and discharge Ramos, the Trust, Paving, and USCM and their agents, successors, and assigns, of any and all claims arising from debts to Avidia Bank in which Ramos, the Trust, Paving, and USCM are liable in any capacity.

19.     To the extent that USCM is entitled to any refundable tax credits on account of the Employee Retention Tax Credit, USCM shall pay such funds: (a) first, to any unpaid administrative tax obligations due to the Massachusetts Department of Revenue ("DOR"); (b) second to any unpaid prepetition priority tax obligations due to the DOR; and (c) third, to any unpaid wages due to employees of the Debtor and USCM.

20.     This Stipulation constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

21.     Subject to an order of the Court approving this Stipulation and the Sale and the Sale having closed, this Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective representatives, predecessors, successors (including any trustee that may hereafter be appointed under Chapter 11 or Chapter 7) and assigns.

22.     This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile and/or by portable document format (".pdf").

23.     The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

24.     This Stipulation shall be effective upon: (i) approval by the Court of this Stipulation; (ii) approval by the Court of a motion authorizing the Sale; and (iii) the closing of

the Sale. If the Sale does not close on or before May 30, 2023, this Stipulation shall be void and of no effect.

25. Avidia agrees that in the event that the Debtor files a motion to approve the Sale and Stipulation on or before April 14, 2023, Avidia will adjourn the foreclosure sale of the Real Property from May 9, 2023 to a date on or after June 1, 2023. Notwithstanding the foregoing, in the event that: (i) the Debtor withdraws its motion to approve the Sale; or (ii) the case is converted to Chapter 7 prior to May 1, 2023, Avidia reserves its right to conduct the foreclosure sale on May 9, 2023.

26. The Debtor is authorized to grant the releases herein on behalf of itself and the Debtor's bankruptcy estate, and the Trustee is not a necessary party under Subchapter V.

27. Nothing herein shall be deemed an admission of liability by any party, and in the event that the Stipulation is not approved or becomes void, the parties reserve all of their rights, claims, and defenses.

28. To the extent of any inconsistency between the terms of this Stipulation and the terms of the Sale and Bid Procedure Motion and any orders approving the Sale and Bid Procedure Motion, the terms of the Stipulation shall govern.

_____

Top Line Granite Design, Inc.
By: Edmilson Ramos, President

_____

347 Middlesex Road Realty Trust
By: Luciana Oliveira, Trustee

_____

Top Paving, Inc.,
By: Kamyla Gomez

_____

U.S. Construction and Maintenance, LLC,
By: Edmilson Ramos, Manager

_____

Edmilson Ramos

_____

Avidia Bank, by:

820336

7

Top Line Granite Design, Inc.
By: Edmilson Ramos, President


347 Middlesex Road Realty Trust
By: Luciana Oliveira, Trustee


Top Paving, Inc.,
By: Kamyla Gomez


U.S. Construction and Maintenance, LLC,
By: Edmilson Ramos, Manager


Edmilson Ramos

*Charles L. Park Jr*

Avidia Bank, by:
Charles L. Park, Jr, Vice President


820336