UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) |  |
|  | ) |  |
| TOP LINE GRANITE DESIGN INC. | ) | Chapter 11 |
|  | ) | Case No. 22-40216-EDK |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION TO APPROVE INTERIM MANAGEMENT AGREEEMENT

Pursuant to 28 U.S.C. §§ 586(a)(3)(G), (a)(8) and 11 U.S.C. §§ 307, 1112(b), and 1183(b)(5), the United States Trustee hereby objects to Top Line Granite Design, Inc.'s ("Debtor) Expedited Motion to Approve Interim Management Agreement (the "Motion to Approve")[Doc. # 325]. The Motion to Approve should be denied because the Interim Management Agreement (the "Agreement") effectively removes the Debtor from possession and replaces it with a non-fiduciary, unbonded, self-interested, sale bidder. While removal of the Debtor from possession may be justified under the circumstances, there is no justification for replacing the Debtor in possession with an entity other than an operating Subchapter V trustee. Moreover, the Agreement is vague as to the financial arrangements between the parties, is apt to chill overbids on the Debtor's proposed sale, poses risk to the Debtor's estate, and establishes supporting grounds for conversion of the Debtor's case to one under Chapter 7. By way of further objection, the United States Trustee states as follows:

1.      The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 25, 2022 (the "Petition Date"). Since the Petition Date, the Debtor has been operating its business as a debtor-in-possession.

2.      On its petition, the Debtor identifies itself as a small business debtor as defined by section 1182(1) of the Bankruptcy Code. The Debtor has elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code.

3.      On March 28, 2022, pursuant to section 1183(a) of the Bankruptcy Code, the United States Trustee appointed the Subchapter V Trustee.

4.      On August 5, 2022, the United States Trustee filed a motion seeking a Court order directing the Subchapter V Trustee to conduct an investigation into the acts, conduct, asset, liabilities, and financial condition of the Debtor (the "Investigation Motion"). [Doc. # 156].

5.      The Debtor opposed the Investigation Motion and filed a motion for an order approving sale and bidding procedures and authorizing the sale of all or substantially all of the Debtor's assets to FGC-EPC, LLC (the "First Sale Motion")[Doc. # 176].

6.      On September 29, 2022, the Court granted the United States Trustee's Investigation Motion to the extent of ordering the Subchapter V Trustee, pursuant to 11 U.S.C. § 1183(b)(2), to perform the duties under 11 U.S.C. §§ 1106(a)(3) and (4).

7.      The Subchapter V Trustee filed his report on November 4, 2022 [Doc. # 203], reporting some conclusions, among others, that:

- To obtain a complete picture of the Debtor's transactions with creditors and related entities would require a forensic accounting;
- The Subchapter V Trustee has been unable to identify potential claims for recovery for the Debtor's creditors;

- Financial dealings between the Debtor and related entities have been intermingled post-petition;

- The Debtor has paid personal obligations of its principal;

- The Debtor made transfers to potential insiders that were not listed in the statement of financial affairs; and

- An entity, Top Paving, created post-petition by a current or former employee of the Debtor, has been operating rent-free out of the Debtor's premises.

8. The First Sale Motion was granted on November 8, 2022.

9. Ultimately, the sale to FGC-EPC, LLC ("FGC") was never consummated, and FGC forfeited a $50,000 deposit.

10. Monthly operating reports ("MORs") submitted to the United States Trustee show, by the Debtor's own numbers, that the Debtor is suffering monthly negative cash flow. There are material inconsistencies between the Debtor's bank statements and cash balances reported on the Debtor's MORs.

11. On January 13, 2023, the United States Trustee filed Motion to Convert Case to Case Under Chapter 7, or, in the Alternative, to Dismiss Case (the "Motion to Convert")[Doc. # 240] citing, among others, the Debtor's losses to the estate, transactions with insiders, use of estate funds for benefit of the Debtor's principal, inconsistencies on its MORs, and issues raised in the Subchapter V Trustee's report. Hearings on the Motion to Convert have been held and continued to April 28, 2023.

12. On April 6, 2023, the Debtor filed a motion seeking Court authority to sell Debtor's business assets *together with* real estate owned by the 347 Middlesex Road Realty Trust

(the "Trust"), a related entity. (the "Second Sale Motion")[Doc. # 294]. The Second Sale Motion names Charles River Realty Group LLC as the stalking horse bidder.

13. On April 18, 2023, the Debtor filed the Motion to Approve and the Agreement between the Debtor and FGC. Pursuant to the Agreement, FGC will operate and conduct the Debtor's business during an interim period prior to the envisioned sale of the Debtor's assets and the Trust's real estate. FGC will provide "back-stop" funding of up to $200,000. A condition of the Agreement is that FGC will submit a counteroffer bid over the stalking horse bid.

14. Pursuant to the Agreement, FGC's operation of the Debtor is necessary "[i]n order for Top Line to remain viable and conduct its business affairs without additional losses…" and because "[t]he Debtor alone may not have sufficient working capital to continue operations" (*Agreement,* p.1)

15. Under 11 U.S.C. § 1185(a), a Subchapter V debtor may be removed from possession "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case." This list of causes is not exclusive. *See* 11 U.S.C. § 102(3); *In re Pittner*, 638 B.R. 255, 259 (Bankr. D. Mass. 2022).

16. Removal of a debtor in possession for cause automatically results in the expansion of a Subchapter V trustee's duties to include operating the business of the debtor. 11 U.S.C. § 1183(b)(5); *In re Pittner*, 638 B.R. at 258.

17. As the Agreement makes apparent, there is a need to replace Debtor's current management in order to staunch continuing losses and to continue operations. The Debtor's inability to remain viable under current management constitutes cause (incompetence and/or

gross mismanagement) for removal of the Debtor from possession and installment of an operating Subchapter V trustee.

18. The operation of sections 1185(a) and 1183(b)(5) mandates replacement of a debtor no longer in possession with a trustee, and leaves no room for displaced management to handpick successor management. Thus, the Agreement should not be approved.

19. The Agreement would be objectionable, even were it not impossible under sections 1185(a) and 1183(b)(5). In light of the pending sale envisioned by the Debtor, the installation of one of the sale bidders as interim management would have the effect of chilling offers of higher bids. Also, FGC's access, through interim management, to insider knowledge of Debtor's business would give FGC a decided advantage over other potential bidders.

20. The Agreement establishes grounds not only for removal of the Debtor from possession, but it establishes cause for conversion of the Debtor's case to Chapter 7 under 1112(b)(4)(A) and (B). *See also Pittner,* 638 B.R. at 258-59.

21. The United States Trustee reserves the right to raise additional arguments at hearing on the Motion to Approve.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order (i) sustaining the United States Trustee's objection, (ii) denying the Motion to Approve, and (iii) granting all other relief as the Court deems just and proper, including converting the

Debtor's case to a case under Chapter 7, or removing the Debtor from possession and requiring the Subchapter V trustee to perform those duties specified in 11 U.S.C. § 1183(b)(5).

                                            Respectfully submitted,

                                            WILLIAM K. HARRINGTON
                                            United States Trustee, Region 1

                                            By: __/s/ Lisa D. Tingue_____
                                            Lisa D. Tingue (BBO # 633275tr)
                                            Trial Attorney
                                            United States Department of Justice
                                            Office of the United States Trustee
                                            446 Main Street, 14th Floor
                                            Worcester, MA 01608
                                            Tel: (202) 503-7009
April 25, 2023                                 Email: lisa.d.tingue@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Lisa D. Tingue, hereby certify that on April 25, 2022, I caused a copy of the foregoing document and attached statement to be served by email through the Court's ECF system to all entities that are registered users thereof in this case.

                                            /s/ Lisa D. Tingue
                                            Lisa D. Tingue