UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TOP LINE GRANITE DESIGN INC.[1],<br><br>Debtor. | Chapter 11<br><br>Case No. 22-40216 (EDK) |

## MEMORANDUM IN SUPPORT OF MOTION TO APPROVE INTERIM MANAGEMENT AGREEMENT[2]

Top Line Granite Design Inc. (the "**Debtor**") files this Memorandum as requested by the court to address the authority of the court to approve certain Interim Management Agreement (the "**Agreement**") [Doc. No. 325] (the "**Motion**") and respectfully states as follows:

1.      The Movants filed the Motion on April 17, 2023 asking the Court to approve the Agreement (attached as Exhibit A to the Motion) providing for, among other things, the appointment of FGC – a counteroffer bidder of the assets to be sold pursuant to a certain sale motion [Doc. No. 294] – as an interim operator to assist in the management the Debtor's business to best preserve and potentially enhance its going concern value and most meaningfully to protect the Estate from any losses during such period.  Pursuant to the Agreement, FGC has agreed to provide necessary funding to the Debtor's business up to $200,000.00 and to backstop against any potential losses.

2.      As part of the undertaking by FGC under the Agreement, to the extent FGC is the successful bidder and the sale closes, FGC and its members and managers will receive a release related to the initial bid and any associated delays as set forth in the Agreement.

---

[1] a/k/a Design Top Line Granite, and a/k/a Top Line Granite Design.  The Debtor's name was changed from Brazil Stones Inc. in November 2005.

[2] The Agreement option was presented theoretically to the Debtor and to the Court at the hearing on April 19, 2023.

3.     In connection with the Sale Motion, on April 18, 2023, FGC filed its Notice of Counter Offer [Doc. No. 336].

4.     At the hearing conducted on April 19, 2023, the Court expressed the need for additional support for the Court's authority to grant the Motion.

5.     Section 363(b) of the Bankruptcy Code provides, in relevant part, that the debtor may use, sell or lease, other than in the ordinary course of business, property of the bankruptcy estate.  A debtor in possession has broad discretion to use estate property when such use represents a reasonable business judgment on the part of the debtor.  11 U.S.C. § 363(b)(1).

6.     Many courts have addressed and approved the authority of a Bankruptcy Court to approve a debtor's retention of interim management during the pendency of a bankruptcy case. In re Genever Holdings, LLC, 2021 Bankr. LEXIS 2392, *28-29, 46 (Bankr. S.D. N.Y. Sept. 1, 2021) (the debtor demonstrated grounds under sections 105(a) and 363(b) for retention of its sales officer for purposes of overseeing the sale process).  See also, In re K.G. IM, LLC, 620 B.R. 469, 476, 478 (Bankr. S.D.N.Y. 2020) (approved retention of financial consulting firm chief restructuring officer); In re Nine West Holdings, Inc., 588 B.R. 678, 686 (Bankr. S.D.N.Y. 2018) (approved retention of management consulting firm interim chief executive officer).

7.     In the K.G. IM case, pursuant to certain Stipulation and Order, a financial consulting firm was appointed as the chief restructuring officer with its representative performing the duties of the CRO for the debtors.  The Stipulation and Order vested in the CRO all of the powers and duties to operate the debtors' business.  As required by the Stipulation and Order, the CRO was employed pursuant to sections 363(b) and 105(a) of the Bankruptcy Code.

The court in <u>K.G. IM</u> found that the delegation of authority to the CRO pursuant to a Stipulation and Order and the debtors' organizational documents is a permissible exercise of the debtors' rights under state law. The scope of the CRO's duties under the CRO Stipulation was found to be appropriate and not prohibited by the Bankruptcy Code.

8.     The <u>Nine West</u> case cited to various decisions and orders in which courts have relied on section 363(b) to authorize debtors to retain management consultancy firms, including where a firm's personnel were expected to fill key officer roles and manage the debtor's day-to-day business. <u>In re Nine West Holdings, Inc</u>., 588 B.R. at 686.

9.     In <u>In re Genever Holdings,</u> 2021 Bankr. LEXIS 2392 *4-5, the court found that the settlement agreement to be fair and reasonable and that the debtor had demonstrated grounds under section 105(a) and 363(b) of the Bankruptcy Code for employing its sales officer to be vested with complete control of the sale process. The court supported the view that pursuant to section 363(b), a debtor can retain a management consultancy or similar firm to provide personnel to fill key officer roles of the debtor and manage the debtor's day-to-day business. <u>Id</u>. at *28-29 (citing to other cases).

10.     When considering whether to approve a debtor's use of estate property outside the ordinary course of business pursuant to section 363(b), courts review the business judgment of the debtor. The business judgment standard applied by courts presumes that the court will not second guess the business judgment of a debtor's board in making a business decision, so long as actions were taken on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company. <u>In re Nine West Holdings, Inc</u>., 588 B.R. at 692.

11.     The Debtor, here, has a valid business reason for accepting the FGC's proposal for interim management pending the sale of the business.

12.     As discussed in the Agreement, the arrangement with FGC is to assist the Debtor in its business operations during the interim operating period.

13.     Alternatively, the Debtor has received an alternative proposal from the stalking horse bidder acceptable to the subchapter V trustee if FGC cannot adequately address any concerns the court may have to the Agreement.

WHEREFORE, the Debtor respectfully requests (i) entry of an order approving the Agreement as set forth herein and in the Motion, and/or (ii) to grant of such order and further relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED,

TOP LINE GRANITE DESIGN INC.

By its bankruptcy counsel,

*/s/ Alan L. Braunstein*
Alan L. Braunstein, Esq. (BBO #546042)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
abraunstein@riemerlaw.com
(617) 880-3461


Dated: April 26, 2023

3588856.3