| | |
|---|---|
| In re: | Chapter 11 |
| TOP LINE GRANITE DESIGN INC.[1], | Case No. 22-40216 (EDK) |
| Debtor. | |

## DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO APPROVE INTERIM MANAGEMENT AGREEMENT

Top Line Granite Design Inc. (the "**Debtor**") files this Response to the United States Trustee's Objection to Debtor's Motion to Approve Interim Management Agreement (the "**Response**") [Doc. No. 354] (the "**Motion**") and respectfully states as follows:

1. The Movants filed the Motion on April 17, 2023 asking the Court to approve the Agreement (attached as Exhibit A to the Motion) providing for, among other things, the appointment of FGC – a counteroffer bidder of the assets to be sold pursuant to a certain sale motion [Doc. No. 294] – as an interim operator to assist in the management of the Debtor's business to best preserve and potentially enhance its going concern value and most meaningfully to protect the Estate from any losses during such period. Pursuant to the Agreement, FGC has agreed to provide necessary funding to the Debtor's business and to essentially backstop against any potential losses. Moreover, the Debtor also believes that operating losses between now and the closing, if any, will be minimal.

2. As part of the undertaking by FGC under the Agreement, to the extent FGC is the successful bidder and the sale closes, FGC is incentivized as its members and managers will

---

[1] a/k/a Design Top Line Granite, and a/k/a Top Line Granite Design. The Debtor's name was changed from Brazil Stones Inc. in November 2005.

receive a release related to the initial unsuccessful bid and any associated delays as set forth in the Agreement.

3. In connection with the Sale Motion, on April 18, 2023, FGC filed its Notice of Counter Offer [Doc. No. 336].

4. Section 363(b) of the Bankruptcy Code provides, in relevant part, that the debtor may use, sell or lease, other than in the ordinary course of business, property of the bankruptcy estate. A debtor in possession has broad discretion to use estate property when such use represents a reasonable business judgment on the part of the debtor. 11 U.S.C. § 363(b)(1).

5. Concurrently filed and incorporated herein is the Memorandum in Support of Motion to Approve Interim Management Agreement, which sets forth the presumptive authority of the court to approve the Agreement to assist in the exercise of the Debtors' rights under state law.

6. The Debtor, here, has a valid business reason for accepting the FGC's proposal for interim management pending the sale of the business.

7. As discussed in the Agreement, the arrangement with FGC is to assist the Debtor in its business operations during the interim operating period in attempting to ensure the estate from incurring losses during the interim period.

RESPECTFULLY SUBMITTED,

TOP LINE GRANITE DESIGN INC.

By its bankruptcy counsel,

*/s/ Alan L. Braunstein*
Alan L. Braunstein, Esq. (BBO #546042)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
abraunstein@riemerlaw.com
(617) 880-3461

Dated: April 26, 2023

3591673.1