# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**TOP LINE GRANITE DESIGN INC.,**<br><br><br>Debtor. | **Chapter 7**<br>**Case No. 22-40216-EDK** |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING EXAMINATIONS OF JEANNE D'ARC CREDIT UNION PURSUANT TO BANKRUPTCY RULE 2004

Now comes Steven Weiss, Chapter 7 Trustee (the "Trustee") and requests that this Court authorize the Trustee to examine and compel the production of documents from Jeanne D'Arc Credit Union under Bankruptcy Rule 2004. In support of this motion, the Trustee respectfully states as follows:

1. On March 25, 2022 (the Petition Date") Top Line Granite Design, Inc. (the "Debtor") filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with this Court.

2. Steven Weiss was appointed as Subchapter V trustee.

3. On April 28, 2023 this Court entered an order removing the debtor in possession and expanding the powers of the Trustee pursuant to Bankruptcy Code § 1183(b)(5).

4. On June 29, 2023 this Court entered an order converting the case to a case under Chapter 7, and the Trustee now serves as Chapter 7 Trustee.

5.  The matters set forth in this motion constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(A).

6.  On September 29, 2022 this Court entered an order authorizing the Trustee to investigate the Debtor's pre-petition transfers.  The Trustee filed his report on November 4, 2022 [Docket No. 203, the "Report"].

7.  As set forth in the Debtor's statement of financial affairs and the Trustee's Report, there are multiple transfers between the Debtor and Jeanne D'Arc Credit Union (the "Credit Union"). The Debtor's (amended) statement of financial affairs reflects that in the year prior to the Petition Date the Debtor made payments in the amount of $85,952.72 to the Credit Union.

8.  On information and belief, the Debtor is not obligated to the Credit Union; instead, the Trustee believes that the Credit Union holds one or more mortgages on Edmilson Ramos' personal residence.

9.  Thus, the Trustee believes that payments made by the Debtor to the Credit Union for the benefit of Mr. Ramos are without consideration and may be voidable as fraudulent transfers under the Bankruptcy Code and the Mass Fraudulent Transfer Act, for up to four years prior to the Petition Date.

10.  While the Trustee has recovered some of the Debtor's financial records, they appear to be in disarray and incomplete.

11. Pursuant to Bankruptcy Rule 2004, this Court may authorize the examination of any entity on all matters pertaining to the property of the Debtor, or any matters which may affect

administration of the Debtor's estate. The transactions between the Debtor and the Credit Union clearly are relevant to the administration of this case.

12. Pursuant to the Bankruptcy Rule 2004(c), prior to the examinations, the Trustee wishes to compel the Credit Union to produce documents, including but not limited to those listed on Exhibit "A" attached hereto.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 2004, the Trustee respectfully prays:

1. That this Court authorize the Trustee to examine Jeanne D'Arc Credit Union;

2. That this Court authorize the Trustee to compel the production of documents in connection with the examination; and

3. For such further relief as this Court deems just and proper.

Dated this 20th day of July, 2023.

STEVEN WEISS,
CHAPTER 7 TRUSTEE

By: /S/ Steven Weiss, Esq.
Steven Weiss, Esquire
BBO#: 545619
SHATZ, SCHWARTZ AND FENTIN, P.C.
1441 Main Street
Springfield, Massachusetts 01103
(413) 737-1131
sweiss@ssfpc.com

22\0137\Motion.2004.JeanneDarc.1601

# EXHIBIT "A"

## DEFINITIONS

The following definitions are applicable to and incorporated by reference in each document request.

1. The term "concerning" means referring to, describing, evidencing, reflecting, constituting, or relating to and this term shall have the widest possible definition when used in reference to a document and shall include, by illustration, but not by way of limitation, any document which in any way touches upon, discusses, mentions or in any way has reference to or sheds any light on information upon the subject matter referred to in the specific request, and shall include any document which you intend to produce at trial as evidence with respect to the subject matter of the specific request.

2. The term "correspondence" shall mean any document sent or delivered by one or more persons to one or more other person, including but not limited to letters, draft letters, memoranda, telephone messages, texts, email or things in writing.

3. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rules of Civil Procedure 34(a) and further as used herein, the meaning shall include writings, recordings or other preserved or stored information of any kind, formal or informal, whether or not wholly or partially in handwriting, including by way of illustration and not by way of limitation, any invoice, receipt, endorsement, check, bank draft, cancelled check, deposit slip, withdrawal slip, order, correspondence, book record, memorandum, note, contract, minutes, memorandum of telephone or other conversations or of any meeting or agreement of the like, diary, calendar, desk pad, scrapbook, notebook, bulletin, circular, form, pamphlet, statement, journal, postcard, letter, telegram, telex, report, notice, message, analysis, comparison, photostatic or other copy of any document, microfilm or other film record, any photograph, any sound recording on whatever type of device, any punch card, disc, disc pack, any tape or other type of memory generally associated with computers and data processing (together with the programming instructions and other written material necessary to use such punch card, disc or disc pack, tape or other type of memory and together with printouts of such punch card, disc or disc pack, tape or other type of memory, including (a) every copy of each document which is produced, (b) every copy of which has any writing, figure, notation, annotation, or the like on it, (c) drafts, (d) attachments to or enclosures with any document, (e) every document referred to in any other document; and further shall include each and every item of documentary evidence that you intend to introduce at trial as evidence on any issue (including subordinate or preliminary issues) which are the subject matter of (i) any specific request contained herein, or (ii) any allegation which is referenced in any specific request contained herein. A draft or non-identical copy is a separate document within the meaning of this term.

The term document also includes electronic mail (or "e-mail") which is data received and/or sent via a local area network or a wide area network. All information or data stored

electronically capable of being downloaded, printed, or otherwise retrieved from a database is a "document" within the meaning of this term.

3. The terms "<u>indicate</u>," "<u>relate to</u>," " <u>refer to</u>," "<u>involve</u>" and "<u>evidence</u>" shall have the widest possible definitions when used in reference to a document and shall include, by illustration, but not by way of limitation, any document which in any way touches upon, discusses, mentions or in any way has reference to a document, or sheds any light on information upon the subject matter referred to in the specific request, and shall include any document which you intend to produce at trial as evidence with respect to the subject matter of the specific request.

4. "<u>You</u>" or "<u>your</u>" refer to Jeanne D'Arc Credit Union, and any of your employees, agents, representatives, servants, affiliated corporations or limited liability companies, and attorneys and any other person or entity acting or purporting to act on your behalf.

5. The term "Debtor" refers to Top Line Granite Design, Inc.

6. The term "Ramos" refers to Edmilson Ramos.

## <u>DOCUMENTS TO BE PRODUCED</u>

1. Copies of all promissory notes or loan agreements between Jeanne D'Arc Credit Union, the Debtor, and Ramos .

2. Copies of all mortgages, security agreements, pledges, or other documents evidencing collateral security for any amounts owed by the Debtor or Ramos to you.

3. Copies of bank statements, cancelled checks, ledgers and other documents evidencing all amounts received by you from the Debtor from January 1, 2018 to date.

4. All correspondence, including letters, emails, and text messages between you and Ramos from January 1, 2018 to date.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| **In re** | **Chapter 7** |
| **TOP LINE GRANITE DESIGN, INC.,** | **Case No. 22-40216-EDK** |
| **Debtor** | |

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on July 20, 2023, a copy of the foregoing Motion for 2004 Exam was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Top Line Granite Design, Inc.
P.O. Box 705
353 Middlesex Road
Tyngsboro, MA 01879

Alan L. Braunstein, Esq.
Macken Toussaint
Reimer & Braunstein, LLC
100 Cambridge Street
Boston, MA 02114

Richard King
Office of the U.S. Trustee

446 Main Street, 14th Floor
Worcester, MA 01608

Lisa D. Tingue
Department of Justice
Office of the U.S. Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

Mark Cochran, President
Jeanne D'Arc Credit Union
P.O. box 1238
Lowell, MA 01853

/S/ Steven Weiss
Steven Weiss, Esquire