| | |
|---|---|
| In re: | ) |
| | ) |
| TOP LINE GRANITE DESIGN INC. | )    Chapter 11 |
| | )    Case No. 22-40216-EDK |
| Debtor | ) |
| | ) |
| | ) |

### UNITED STATES TRUSTEE'S LIMITED OBJECTION
### TO TRUSTEE'S APPLICATION TO EMPLOY AUCTIONEER

William K. Harrington, Esq., the United States Trustee, by and through counsel, hereby objects, on a limited basis, to Trustee's Application to Employ Auctioneer [Dkt. No. 450], and states as follows:

1. Top Line Granite Design Inc., (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, as a Subchapter V debtor, on March 25, 2022.

2. Steven Weiss, Esq. was appointed Subchapter V trustee on March 28, 2022.

3. On April 28, 2023 the Debtor was removed as debtor-in-possession by Court order pursuant to 11 U.S.C. § 1183(b)(5).

4. The Debtor's case was converted to a case under Chapter 7 on June 29, 2023. Steve Weiss, the Subchapter V Trustee, was then appointed to serve as Chapter 7 Trustee.

5. On July 20, 2023, the Chapter 7 Trustee filed, on an expedited basis, Trustee's Application to Employ Auctioneer (the "Application").

6. The United States Trustee does not object, generally, to the Application and the employment of Aaron Posnik & Co., Inc. ("Posnik"). Rather, the United States Trustee objects

to the Application on a limited basis because the Application fails to comply with Rule 6004-1 of the Massachusetts Local Bankruptcy Rules, and because it is not clear that the auctioneer has obtained a bond in the appropriate amount.

7. The Application fails to comply with MLBR 6004-1(d)(5)(D) because the Application provides for a buyer's premium. (Application at ¶ 12).

8. The Application fails to comply with MLBR 6004-1(e)(2)(A)(v) through (viii) by not including the requisite information and disclosures about the proposed Internet Auction Mechanism ("Bidspotter"), and not requesting authority to comply with Bidspotter's requirements, or to pay Bidspotter's fees.

9. Pursuant to MLBR 6004-1(d)(8)(D), an auctioneer may be reimbursed for "actual and necessary expenses in connection with an auction, . . . *if the auctioneer has obtained prior approval by the Court for all such expenses."* (emphasis supplied). The Application does not appear to provide adequate information about proposed expenses—including the necessity for the expenses and the basis for the expense estimates—in order for the Court to approve these costs.

10. The Application is unclear as to whether Posnik has obtained a bond in an appropriate amount. The Application, in paragraph 13, footnote 3, indicates that Posnik is in the process of obtaining a higher bond, given the anticipated amount this sale will generate. Yet, the attached Auctioneer's Statement of Full Bonding Coverage of Goods in Auctioneer's Custody would indicate that the auctioneer is not now in the process of obtaining a higher bond. This apparent discrepancy should be clarified.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order sustaining the United States Trustee's limited objection, and granting other relief as is just

and proper, including permitting the Trustee to amend the Application as the Court deems appropriate.

Respectfully submitted,
WILLIAM K. HARRINGTON
United States Trustee, Region 1
By: _____/s/   Lisa D. Tingue___
Lisa D. Tingue (BBO # 633275)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Telephone: (202) 503-7009

Dated: July 27, 2023                      Email: lisa.d.tingue@usdoj.gov

## CERTIFICATE OF SERVICE

I, Lisa D. Tingue, hereby certify that on July 27, 2023, I caused a copy of the foregoing document to be served by email through the Court's ECF system to all entities and interested parties that are registered users thereof in this case, and by electronic mail, to the twenty largest unsecured creditors.

_____/s/   Lisa D. Tingue___
Lisa D. Tingue
