|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | |
| TOP LINE GRANITE DESIGN INC. | ) | Chapter 11 |
| | ) | Case No. 22-40216-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

### UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF REIMER & BRAUNSTEIN LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR PERIOD FROM MARCH 25, 2022 (PETITION DATE) THROUGH JUNE 29, 2023 AND FOR INTERIM <u>PAYMENT FROM CARVE-OUT AND RETAINER</u>

Pursuant to 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 307, 329, and 330(a), the United States Trustee hereby objects to *Application of Riemer & Braunstein LLP for Compensation and for Reimbursement of Expenses as Counsel to the Debtor for the Period from March 25, 2023 and for Interim Payment from Carve-Out and Retainer* (the "Application")[Doc. # 502]. Fees in the amount requested by the Application should not be awarded because: (1) the fees are excessive; (2) much of the fees were not reasonable or necessary nor of benefit to the estate; and (3) some fees were for services provided after the appointment of an operating Chapter 11 trustee. By way of further objection, the United States Trustee states as follows:

1. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 25, 2022 (the "Petition Date").

2. On its petition, the Debtor identified itself as a small business debtor as defined by section 1182(1) of the Bankruptcy Code. The Debtor elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code.

3. On March 28, 2022, pursuant to section 1183(a) of the Bankruptcy Code, the United States Trustee appointed Steven Weiss, Esq. as the Subchapter V Trustee.

4. On August 5, 2022, the United States Trustee filed a motion seeking a Court order directing the Subchapter V Trustee to conduct an investigation into the acts, conduct, assets, liabilities, and financial condition of the Debtor (the "Investigation Motion"). [Doc. # 156].

5. On September 29, 2022, the Court granted the United States Trustee's Investigation Motion to the extent of ordering the Subchapter V Trustee, pursuant to 11 U.S.C. § 1183(b)(2), to perform the duties under 11 U.S.C. §§ 1106(a)(3) and (4).

6. The Subchapter V Trustee filed his report on November 4, 2022 [Doc. # 203].

7. On January 13, 2023, the United States Trustee filed Motion to Convert Case to Case Under Chapter 7, or, in the Alternative, to Dismiss Case (the "Motion to Convert")[Doc. # 240] citing, among others, the Debtor's losses to the estate, transactions with insiders, use of estate funds for benefit of the Debtor's principal, inconsistencies on its MORs, and issues raised in the Subchapter V Trustee's report.

8. On April 28, 2023, the Debtor was removed as debtor-in -possession, and Steven Weiss became an operating Chapter 11 Trustee.

9. On June 29, 2023, Debtor's case was converted to a case under Chapter 7, and Steven Weiss was appointed Chapter 7 Trustee.

10. Through its Application, Reimer & Braunstein ("Debtor's Counsel") seeks fees of $580,430.50 and reimbursement of $17,4330.20 in expenses.

11.     The application includes substantial fees for services related to, *among others*: (1) a section 363 sale of non-estate property (the "Sale"); (2) "Global Settlement" providing for non-estate property to be sold together with estate assets pursuant to section 363 (the "Settlement"); (3) a chapter 11 plan premised on the sale of non-estate property (the "Plan"); and (4) an interim management agreement providing for the Debtor's principal to be removed and replaced by a potential purchaser of the Debtor's assets and non-estate property (the "Management Agreement").

12.     Fees for services related to the Sale, Settlement, Plan, and Management Agreement cannot be shown to be reasonable or necessary, or of benefit to the estate. The relief sought by way of the Sale, Settlement, Plan, and Management Agreement never came to fruition. And—most importantly—the relief sought by the Sale, Settlement, and Plan was in violation of provisions of the Bankruptcy Code.

13.     Debtor's Counsel also seeks an award for fees incurred following the appointment of Steven Weiss as Chapter 11 Trustee.  An award of such fees is improper. *See, e.g., In re International Gospel Party Boosting Jesus Groups, Inc.*, 487 B.R. 12 (D. Mass. 2013).

14.     Courts may award reasonable compensation for actual and necessary services rendered by debtor's counsel.  *See* 11 U.S.C. § 330(a)(1)(A).  Courts may also order disgorgement of compensation where such compensation exceeds the value of services provided. *See* 11 U.S.C. § 329(b).

15.     The burden of proving the amount of compensation which should be awarded rests on the party requesting the compensation award.  *See, e.g., In re LaFrance*, 311 B.R. 1, 20-1 (Bankr. D. Mass. 2004).

16. The United States Trustee argues that Debtor's Counsel cannot justify fees in the amount requested in this case. The fees are excessive in light of the size of the case, and many of the services were not reasonable, necessary or of benefit to the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order (i) sustaining the United States Trustee's objection, (ii) denying the Application, and (iii) granting all other relief as the Court deems just and proper.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee, Region 1

By: /s/ Lisa D. Tingue
Lisa D. Tingue (BBO # 633275tr)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Tel: (202) 503-7009

October 13, 2023 Email: lisa.d.tingue@usdoj.gov

CERTIFICATE OF SERVICE

I, Lisa D. Tingue, hereby certify that on October 13, 2023, I caused a copy of the foregoing document and attached statement to be served by email through the Court's ECF system to all entities that are registered users thereof in this case.

/s/ Lisa D. Tingue
Lisa D. Tingue