B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Steven Weiss, Chapter 7 Trustee | **DEFENDANTS**<br>Brothers C,D, & L Corporation<br>d/b/a Frank & Ernest |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mark J. Esposito, Esquire and Steven Weiss, Esquire<br>Shatz Schwartz and Fentin, P.C.<br>1441 Main Street, Suite 1100<br>Springfield, MA 01103     Phone (413) 737-1131 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an adversary proceeding seeking to recover preferential transfers made by the Debtor, Top Line Granite Design, Inc. ("Top Line"), to Brothers C,D, & L Corporation ("Brothers") pursuant to 11 U.S.C. §§ 547, 550.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 84,923.25 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Top Line Granite Design, Inc. ||| BANKRUPTCY CASE NO.<br>22-40216 |
| DISTRICT IN WHICH CASE IS PENDING<br>Central Division || DIVISION OFFICE<br>Worcester | NAME OF JUDGE<br>Elizabeth D. Katz |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* ||||
| DATE<br>January 3, 2024 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven Weiss<br>Mark Esposito |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>TOP LINE GRANITE DESIGN, INC.,<br>     Debtor | Chapter 7<br>Case No. 22-40216-EDK |
| STEVEN WEISS, Chapter 7 Trustee,<br>     Plaintiff<br><br>v.<br><br>BROTHERS C, D, &L<br>CORPORATION,<br>D/B/A FRANK & ERNEST<br><br>     Defendant | Adversary Proceeding No. 23-_____ |

## COMPLAINT

### Introduction

1. This is an adversary proceeding brought by Steven Weiss, Chapter 7 Trustee (the "Trustee") seeking to recover preferential transfers made by the Debtor, Top Line Granite Design, Inc. ("Top Line"), to Brothers C,D, & L Corporation ("Brothers") pursuant to 11 U.S.C. §§ 547, 550.

### Parties

2. The Trustee is an individual practicing law with Shatz, Schwartz and Fentin, P.C., with a business address of 1441 Main Street, Suite 1100, Springfield, Massachusetts, 01103.

3. The Defendant Brothers is a corporation organized under the laws of the commonwealth of Massachusetts, with a business address of 810 Central Street, Lowell, MA 01852. Upon information and belief, Brothers operates under the name Frank & Ernest.

## Jurisdiction and Venue

4. This Court has jurisdiction over the core proceeding set forth in Count I pursuant to 28 U.S.C. § 157(b)(2)(F).

5. This Court has jurisdiction over the non-core proceeding set forth in Count II pursuant to 28 U.S.C. § 1334(b).

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408-1409.

## Facts

7. On March 25, 2022 (the "Petition Date") Top Line filed a petition for relief under Chapter 11 as a subchapter V debtor.

8. On June 29, 2023 the case was converted to a case under Chapter 7, and the Plaintiff was appointed as Chapter 7 Trustee.

9. As set forth on Top Line's amended statement of financial affairs [Doc 51], during the ninety (90) days before and including the Petition Date of March 25, 2022 (the "Preference Period"), Top Line transferred a total of Eighty Four Thousand Nine Hundred Twenty Three and 25/100 Dollars ($84,923.25) to Brothers. A summary of such payments is attached hereto as Exhibit "A".

10. Thus, during the Preference Period, Top Line made transfers of an interest of Top Line's Property to or for the benefit of Brothers in the aggregate amount of Eighty Four Thousand Nine Hundred Twenty Three and 25/100 Dollars ($84,923.25) (the "Transfers").

11. On July 20, 2023, the Trustee served on Brothers a letter demanding repayment of the Transfers to Top Line's bankruptcy estate (the "Demand Letter"). A true copy of that letter is attached hereto as Exhibit "B". Brothers has not responded to the Demand Letter.

12. The Transfers were made to Brothers, a creditor of Top Line.

13. The Transfers were made on account of antecedent debt owed by Top Line to Brothers.

14. At the time of the Transfers, Top Line was insolvent.

15. The Transfers were made within the Preference Period.

16. If not voided, the Transfers will enable Brothers to receive more than it would in a distribution under Chapter 7 if such transfer had not been made.

17. The Transfers constitute preferential transfers which may be voided pursuant to 11 U.S.C. § 547(b).

WHEREFORE, the Trustee respectfully requests that this Honorable Court:

1. Enter an order determining that the Transfers from Top Line to Brothers constitute preferential transfers pursuant to 11 U.S.C. § 547(b), and enter judgment against Brothers in the amount of Eighty Four Thousand Nine Hundred Twenty Three and 25/100 Dollars ($84,923.25), plus interest and costs; and

2. Grant such further relief as this Court deems just and proper.

Respectfully submitted,
For the Plaintiff,
STEVEN WEISS, TRUSTEE,
By his attorneys,

_____
Steven Weiss, BBO # 545619
Mark J. Esposito, BBO # 672638
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737-1131
(413) 736-0375 (f)
sweiss@ssfpc.com
mesposito@ssfpc.com

Dated: January 3, 2024

22\0137\Avoidance Claims\Complaint Brothers C D L\Complaint.Brothers.1601

| Frank Ernest | Check | 3/18/2022 | 1879 | $28,307.75 | Acct #1847 |
| Frank Ernest | Check | 3/22/2022 | 1880 | $28,307.75 | Acct #1847 |
| Frank Ernest | Check | 3/25/2022 | 1881 | $28,307.75 | Acct #1847 |



EXHIBIT B

# SHATZ, SCHWARTZ AND FENTIN
COUNSELLORS AT LAW

July 20, 2023

**By UPS Overnight Mail**
Brothers C,D, & L Corporation
d/b/a Frank & Ernest
810 Central Street
Lowell, MA 01852

Attn: Charles Filiatrault

Re: Top Line Granite Design, Inc.
    Case No. 22-40216-EDK

Mr. Filiatrault:

On March 25, 2022 (the "Petition Date") Top Line Granite Design, Inc. (the "Debtor") filed a petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts. I was appointed as the subchapter V Trustee. On April 28, 2023 the Bankruptcy Court entered an order removing the debtor in possession, and expanding my authority, pursuant to Bankruptcy Code § 1183(b)(5). On June 29, 2023 the case was converted to a Chapter 7 bankruptcy case, and I was appointed as Chapter 7 trustee. A copy of the notice of my appointment is enclosed with this letter.

As Trustee, it is my duty to investigate the Debtor's affairs, and to recover transfers that may constitute preferential or fraudulent transfers under the applicable provisions of the Bankruptcy Code and Massachusetts law.

My investigations to date indicate that in the 90 days prior to the Petition Date, the Debtor made payments to your company in the aggregate amount of $84,923.25. I have not yet been able to locate any sort of loan agreement; but it has been represented to me that the payments were related to a check cashing business. An itemized list of the payments is also enclosed herein.

It is my view that these payments constitute preferential transfers withing the meaning of Bankruptcy Code § 547. The reasons for my belief that the transfers are avoidable are that they were made:

1. To or for the benefit of a creditor;
2. On account of an antecedent debt;
3. Within 90 days before the Petition Date;
4. While the Debtor was insolvent; and

Springfield Office:
1441 Main Street, Suite 1100
Springfield, MA 01103
Tel: 413-737-1131

Northampton Office:
64 Gothic Street
Northampton, MA 01060
Tel: 413-584-1600

ssfpc.com

Albany Office:
6 Automation Lane
Albany, NY 12205
Tel: 800-737-4178

5. If not voided, will enable your company to receive more than it would in liquidation under Chapter 7 of the Bankruptcy Code.

Demand is hereby made for the payment of the sum of $84,923.25 payable to "Steven Weiss, Trustee" on or before <u>August 18, 2023</u>. If payment is not received by that date, it is my intention to file an adversary proceeding against your company in the United States Bankruptcy Court for the District of Massachusetts to recover the transfers and seek all available relief. Until this matter is resolved, I reserve all rights and remedies available to the bankruptcy estate.

This letter is an attempt to collect a debt and any information received will be used for that purpose.

Yours truly,

Steven Weiss

Cc: Andrew Lizotte, Esquire
    Alan Braunstein, Esquire

22\0137\Avoidance Claims\5.Brothers.1601