B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Steven Weiss, Chapter 7 Trustee | **DEFENDANTS**<br>Speedy Funding, LLC. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mark J. Esposito, Esquire and Steven Weiss, Esquire<br>Shatz Schwartz and Fentin, P.C.<br>1441 Main Street, Suite 1100<br>Springfield, MA 01103    Phone (413) 737-1131 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an adversary proceeding seeking to recover preferential transfers made by the Debtor, Top Line Granite Design, Inc. ("Top Line"), to Speedy Funding, LLC ("Speedy") pursuant to 11 U.S.C. §§ 547, 550. Further, the interest rate charged on the loan Speedy made to Top Line exceeded the amount allowed by Massachusetts law, and making loans at rates in violation of Massachusetts law constitutes a violation of General Laws Chapter 93A, § 2. Accordingly, the Trustee requests entry of judgment for the damages arising from such violations, plus multiple damages and attorney's fees incurred in connection with this matter.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 85,071.00 |

**Other Relief Sought** enter an order determining that Speedy Funding, LLC's enforcement of the terms of a usurious loan constituted an unfair business practice pursuant to G.L. c. 93A, § 2, enter judgment against Speedy in the amount of ($85,071.00) plus interest, treble the award of damages, and award to the bankruptcy estate the Trustee's attorney's fees and costs pursuant to G.L. c. 93A, § 11.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Top Line Granite Design, Inc. || BANKRUPTCY CASE NO.<br>22-40216 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central Division || DIVISION OFFICE<br>Worcester || NAME OF JUDGE<br>Elizabeth D. Katz |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* *Steven Weiss, Mark Esposito* |||||
| DATE<br>January 17, 2024 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven Weiss<br>Mark J. Esposito |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re<br><br>TOP LINE GRANITE DESIGN, INC.,<br>               Debtor | Chapter 7<br>Case No. 22-40216-EDK |
| STEVEN WEISS, Chapter 7 Trustee,<br>               Plaintiff<br><br>v.<br><br>SPEEDY FUNDING LLC,<br>               Defendant | Adversary Proceeding No. 24-_____ |

## COMPLAINT

### Introduction

1. This is an adversary proceeding brought by Steven Weiss, Chapter 7 Trustee (the "Trustee") seeking to recover preferential transfers made by the Debtor, Top Line Granite Design, Inc. ("Top Line"), to Speedy Funding LLC ("Speedy") pursuant to 11 U.S.C. §§ 547, 550. Further, the interest rate charged on the loan Speedy made to Top Line exceeded the amount allowed by Massachusetts law, and making loans at rates in violation of Massachusetts law constitutes a violation of General Laws Chapter 93A, § 2. Accordingly, the Trustee requests entry of judgment for the damages arising from such violations, plus multiple damages and attorney's fees incurred in connection with this matter.

### Parties

2. The Trustee is an individual practicing law with Shatz, Schwartz and Fentin, P.C., with a business address of 1441 Main Street, Suite 1100, Springfield, Massachusetts, 01103.

3. The Defendant, Speedy, is a limited liability company organized under the laws of the State of Connecticut with a business address of 157 Church Street, New Haven, Connecticut, 06510.

Jurisdiction and Venue

4. This Court has jurisdiction over the core proceeding set forth in Count I pursuant to 28 U.S.C. § 157(b)(2)(F).

5. This Court has jurisdiction over the non-core proceeding set forth in Count II pursuant to 28 U.S.C. § 1334(b).

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408-1409.

7. Speedy is subject to personal jurisdiction in this forum in that it intentionally operated its business in Massachusetts and extended a loan to Top Line within Massachusetts.

Facts

8. On March 25, 2022 (the "Petition Date"), Top Line filed a petition for relief under Chapter 11 as a subchapter V debtor.

9. On June 29, 2023, the case was converted to a case under Chapter 7, and the Plaintiff was appointed as Chapter 7 Trustee.

1. Top Line borrowed money from several so-called merchant cash advance lenders ("MCAs") such as Speedy to fund its ongoing operations.

2. At all times relevant herein, Top Line was insolvent.

3. On February 15, 2022, Top Line and Speedy entered into a so-called Merchant Agreement (the "Agreement"). A true copy of the Agreement is attached hereto as Exhibit A.

4. While the Agreement purports to be one by which Speedy purchased a portion of Top Line's accounts receivable, in purpose and effect it in fact constituted a loan from Speedy to Top Line. The Agreement provides Speedy with a security interest in Top Line's accounts, chattel

paper, documents, equipment, general intangibles, instruments, and inventory, among other things, although it appears that the lien has not been perfected.

5. Under the Agreement, Top Line was to receive from Speedy One Hundred Thousand Dollars ($100,000), less fees imposed by Speedy, and pay to Speedy One Hundred Forty-Nine Thousand, Nine Hundred Dollars ($149,900) (the "Repayment Amount"), in the form of daily payments each business day in the amount of Four Thousand, Fifty-One Dollars ($4,051) (the "Daily Payments").

6. The Repayment Amount equaled the sum of thirty-seven (37) Daily Payments.

7. As set forth on Top Line's amended statement of financial affairs [Doc 51], during the ninety (90) days before and including the Petition Date of March 25, 2022 (the "Preference Period"), Top Line transferred a total of Eighty-Five Thousand, Seventy-One Dollars ($85,071) to Speedy in the form of twenty-one (21) Daily Payments. A summary of such payments is attached hereto as Exhibit B.[1]

8. Thus, during the Preference Period, Top Line made transfers of an interest of Top Line's Property to or for the benefit of Speedy of Eighty-Five Thousand, Seventy-One Dollars ($85,071) (the "Transfers").

9. On June 29, 2023, the Trustee served on Speedy a letter demanding repayment of the Transfers into Top Line's bankruptcy estate (the "Demand Letter"). A true copy of that letter is attached hereto as Exhibit C. Speedy has not responded to the Demand Letter.

## COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS

10. The facts set forth above are incorporated as if fully set forth herein.

11. The Transfers were made to Speedy, a creditor of Top Line.

---

[1] Top Line paid to Speedy two (2) Daily Payments on February 22, 2022.

12. The Transfers were made on account of antecedent debt owed by Top Line to Speedy.

13. At the time of the Transfers, Top Line was insolvent.

14. The Transfers were made within the Preference Period.

15. If not voided, the Transfers will enable Speedy to receive more than it would in a distribution under Chapter 7 if such transfer had not been made.

16. The Transfers constitute preferential transfers which may be voided pursuant to 11 U.S.C. § 547(b).

## COUNT II – VIOLATION OF G.L. c. 93A

17. The facts set forth above are incorporated as if fully set forth herein.

18. Under the Massachusetts usury statute, no person may charge an interest rate exceeding twenty percent (20%) unless the lender provides prior written notice to the Attorney General of the Commonwealth of Massachusetts (the "Attorney General") of his, her, or its intent to make a loan in excess of such rate. G.L. c. 271, § 49 (the "Usury Statute").

19. For purposes of the Usury Statute, interest includes commissions and other charges assessed by the lender.

20. By its own terms, violation of the Usury Statute constitutes a criminal offense.

21. Effectively, the Agreement was a disguised loan charging at a minimum forty-nine point nine percent (49.9%) interest over an expected repayment period of less than two months, equivalent to annualized interest of more than three hundred percent (300%).

22. Upon information and belief, at no time did Speedy notify the Attorney General of its intent to make a loan with an interest rate exceeding twenty percent (20%).

23. Willfully extending a usurious loan *per se* constitutes an unfair business practice within the meaning of G.L. c. 93A, § 2.

24. Top Line was damaged by being forced to repay a usurious loan.

25. The Demand Letter constituted a written demand for relief within the meaning of G.L. c. 93A, § 9(3), although such demand was not required pursuant to G.L. c. 93A, § 11.

26. Speedy is liable to Top Line's bankruptcy estate for treble damages and attorney's fees and costs.

WHEREFORE, the Trustee respectfully requests that this Honorable Court:

1. On Count I, enter an order determining that the Transfers from Top Line to Speedy constitute preferential transfers pursuant to 11 U.S.C. § 547(b), and enter judgment against Speedy in the amount of Eighty-Five Thousand, Seventy-One Dollars ($85,071) plus interest and costs.

2. On Count II, enter an order determining that Speedy's enforcement of the terms of a usurious loan constituted an unfair business practice pursuant to G.L. c. 93A, § 2, enter judgment against Speedy in the amount of Eighty-Five Thousand, Seventy-One Dollars ($85,071) plus interest, treble the award of damages, and award to the bankruptcy estate the Trustee's attorney's fees and costs pursuant to G.L. c. 93A, § 11.

Respectfully submitted,
For the Plaintiff,
STEVEN WEISS, TRUSTEE,
By his attorneys,

Steven Weiss, BBO # 545619
Mark J. Esposito, BBO # 672638
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737-1131
(413) 736-0375 (f)
sweiss@ssfpc.com
mesposito@ssfpc.com

Dated: January 17, 2024