UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re | ) |
| | ) Chapter 7 |
| TOP LINE GRANITE DESIGN, INC., | ) Case No. 22-40216-EDK |
| Debtor | ) |
| | ) |
| STEVEN WEISS, Chapter 7 Trustee, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Adversary Proceeding No. 24-_____ |
| | ) |
| TVT 2.0, LLC, | ) |
| Defendant | ) |

COMPLAINT

Introduction

1. This is an adversary proceeding brought by Steven Weiss, Chapter 7 Trustee (the "Trustee") seeking to recover preferential transfers made by the Debtor, Top Line Granite Design, Inc. ("Top Line"), to TVT 2.0, LLC ("TVT") pursuant to 11 U.S.C. §§ 547, 550. Further, the interest rate charged on the loan TVT made to Top Line exceeded the amount allowed by Massachusetts law, and making loans at rates in violation of Massachusetts law constitutes a violation of General Laws Chapter 93A, § 2. Accordingly, the Trustee requests entry of judgment for the damages arising from such violations, plus multiple damages and attorney's fees incurred in connection with this matter.

Parties

2. The Trustee is an individual practicing law with Shatz, Schwartz and Fentin, P.C., with a business address of 1441 Main Street, Suite 1100, Springfield, Massachusetts, 01103.

3. The Defendant, TVT, is a limited liability company organized under the laws of the State of Utah with a business address of 8791 South Redwood Road, Suite 200, West Jordan, Utah 84088.

## Jurisdiction and Venue

4. This Court has jurisdiction over the core proceeding set forth in Count I pursuant to 28 U.S.C. § 157(b)(2)(F).

5. This Court has jurisdiction over the non-core proceeding set forth in Count II pursuant to 28 U.S.C. § 1334(b).

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408-1409.

7. TVT filed a claim against the bankruptcy estate of Top Line. [Claim 36]

8. In filing a claim against the bankruptcy estate, TVT submitted itself to the jurisdiction of this Court. *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990), *citing Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 & n.14 (1989).

## Facts

9. On March 25, 2022 (the "Petition Date"), Top Line filed a petition for relief under Chapter 11 as a subchapter V debtor.

10. On June 29, 2023, the case was converted to a case under Chapter 7, and the Plaintiff was appointed as Chapter 7 Trustee.

11. Top Line borrowed money from several so-called merchant cash advance lenders ("MCAs") such as TVT to fund its ongoing operations.

12. At all times relevant herein, Top Line was insolvent.

13. On November 8, 2021, Top Line and TVT entered into a so-called Agreement for the Purchase and Sale of Future Receipts (the "Agreement"). A true copy of the Agreement is attached hereto as Exhibit A.

14. While the Agreement purports to be one by which TVT purchased a portion of Top Line's accounts receivable, in purpose and effect it in fact constituted a loan from TVT to Top Line. TVT's proof of claim reflects that its claim against Top Line is allegedly secured by Top Line's assets. [Claim 36]

15. In the DocuSign Envelope included with the Agreement, Top Line is referred to as "Borrower" and the expected payments from Top Line to TVT are characterized as "the full agreed upon loan repayment amount" Exhibit A.

16. Under the Agreement, Top Line was to receive from TVT Three Hundred Forty Thousand, Fifteen Dollars ($340,015) (the "Loan Amount"), and pay to TVT Four Hundred Seventy-Nine Thousand, Five Hundred Dollars ($479,500) (the "Repayment Amount"), in the form of daily payments each business day in the amount of Two Thousand, Three Hundred Ninety-Seven and 50/100 Dollars ($2,397.50) (the "Daily Payments").

17. While under the Agreement the so-called "Purchase Price" to be paid to Top Line is listed as Three Hundred Fifty Thousand Dollars ($350,000), the actual amount to be remitted to Top Line was reduced to the Loan Amount when net of fees imposed by TVT.

18. The Repayment Amount equaled the sum of two hundred (200) Daily Payments.

19. As set forth on Top Line's amended statement of financial affairs [Doc 51], during the ninety (90) days before and including the Petition Date of March 25, 2022 (the "Preference Period"), Top Line transferred a total of One Hundred Fifteen Thousand and Eighty Dollars

($115,080) to TVT in the form of forty-eight (48) Daily Payments. A summary of such payments is attached hereto as Exhibit B.[1]

20. Thus, during the Preference Period, Top Line made transfers of an interest of Top Line's Property to or for the benefit of TVT of One Hundred Fifteen Thousand and Eighty Dollars ($115,080) (the "Transfers").

21. On June 12, 2023, the Trustee served on TVT a letter demanding repayment of the Transfers into Top Line's bankruptcy estate (the "Demand Letter"). A true copy of that letter is attached hereto as Exhibit C. TVT has not responded to the Demand Letter.

## COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS

22. The facts set forth above are incorporated as if fully set forth herein.

23. The Transfers were made to TVT, a creditor of Top Line.

24. The Transfers were made on account of antecedent debt owed by Top Line to TVT.

25. At the time of the Transfers, Top Line was insolvent.

26. The Transfers were made within the Preference Period.

27. If not voided, the Transfers will enable Top Line to receive more than it would in a distribution under Chapter 7 if such transfers had not been made.

28. The Transfers constitute preferential transfers which may be voided pursuant to 11 U.S.C. § 547(b).

## COUNT II – VIOLATION OF G.L. c. 93A

29. The facts set forth above are incorporated as if fully set forth herein.

30. Under the Massachusetts usury statute, no person may charge an interest rate exceeding twenty percent (20%) unless the lender provides prior written notice to the Attorney

---

[1] Top Line paid to TVT two (2) Daily Payments on February 14, 2022.

General of the Commonwealth of Massachusetts (the "Attorney General") of his, her, or its intent to make a loan in excess of such rate. G.L. c. 271, § 49 (the "Usury Statute").

31. For purposes of the Usury Statute, interest includes commissions and other charges assessed by the lender.

32. By its own terms, violation of the Usury Statute constitutes a criminal offense.

33. Effectively, the Agreement was a thinly disguised loan charging over forty-one percent (41%) interest over an expected repayment period of approximately ten months, equivalent to annualized interest of over forty-nine percent (49%).

34. Upon information and belief, at no time did TVT notify the Attorney General of its intent to make a loan with an interest rate exceeding twenty percent (20%).

35. Willfully extending a usurious loan *per se* constitutes an unfair business practice within the meaning of G.L. c. 93A, § 2.

36. Top Line was damaged by being forced to repay a usurious loan.

37. The Demand Letter constituted a written demand for relief within the meaning of G.L. c. 93A, § 9(3), although such demand was not required pursuant to G.L. c. 93A, § 11.

38. TVT is liable to Top Line's bankruptcy estate for treble damages and attorney's fees and costs.

WHEREFORE, the Trustee respectfully requests that this Honorable Court:

1. On Count I, enter an order determining that the Transfers from Top Line to TVT constitute preferential transfers pursuant to 11 U.S.C. § 547(b), and enter judgment against TVT in the amount of One Hundred Fifteen Thousand and Eighty Dollars (115,080) plus interest and costs.

2. On Count II, enter an order determining that TVT's enforcement of the terms of a usurious loan constituted an unfair business practice pursuant to G.L. c. 93A, § 2, enter judgment against TVT in the amount of One Hundred

Fifteen Thousand and Eighty Dollars (115,080) plus interest, treble the award of damages, and award to the bankruptcy estate the Trustee's attorney's fees and costs pursuant to G.L. c. 93A, § 11.

                         Respectfully submitted,
                         For the Plaintiff,
                         STEVEN WEISS, TRUSTEE,
                         By his attorneys,

/s/ Mark Esposito
_____
Steven Weiss, BBO # 545619
Mark J. Esposito, BBO # 672638
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737-1131
(413) 736-0375 (f)
sweiss@ssfpc.com
mesposito@ssfpc.com

Dated: February 26, 2024

22\0137\Avoidance Claims\Complaint - TVT