# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into this ___ day of April, 2025 by and among Steven Weiss solely in his capacity as Chapter 7 Trustee in the case of Top Line Granite Design, Inc. (the "Trustee") and John V. Testa, individually, doing business as Kitchen Concepts, and as trustee of the John V. Testa Revocable Trust (collectively, "Testa"):

## RECITALS

WHEREAS, On March 25, 2022 (the "Petition Date"), Top Line Granite Design, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court (Docket No. 22-40216-EDK), and the Trustee was appointed as Subchapter V Chapter 11 Trustee;

WHEREAS, on June 29, 2023, the case was converted to a Chapter 7 case, and the Trustee was appointed as and now serves as Chapter 7 Trustee;

WHEREAS, the Debtor made various pre-petition payments to Testa (the "Transfers"), which the Trustee contends may be voided under the applicable provisions of the Bankruptcy Code and G.L. c. 93A (the "Claims");

WHEREAS, Testa disputes the contentions made by the Trustee; and

WHEREAS, the Trustee and Testa (each, a "Party", and collectively, the "Parties") now wish to settle the various disputes over the Claims;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the receipt and sufficiency of which are hereby acknowledged, the Trustee and Testa covenant and agree as follows:

1. Upon execution of this Agreement, the Trustee shall file a motion for approval of this Agreement.

2. On or before fifteen (15) days after the order approving this Agreement (the "Order") becomes final, Testa shall pay the sum of Sixty Thousand ($60,000) Dollars (the "Settlement Payment") to the Trustee in full satisfaction of the Claims.

3. Upon delivery of the Settlement Payment, Testa for himself and his heirs, administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released the Trustee and the bankruptcy estate and their agents, employees, representatives, beneficiaries, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it, he, or she now has, has

ever had or may hereafter have against the other that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with the Debtor on or prior to the Payment Date, except for those arising from, out of or incidental to a breach of or default under this Agreement. Testa agrees not to file or pursue any claim in the Debtor's bankruptcy case pursuant to Bankruptcy Code §§ 501-502.

4.  Upon issuance and receipt of the Settlement Payment, the Trustee, for himself and the bankruptcy estate and their administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released Testa and his agents, employees, representatives, beneficiaries, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it, he, or she now has, has ever had or may hereafter have against the other that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with the Debtor on or prior to the Payment Date, except for those arising from, out of or incidental to a breach of or default under this Agreement.

Additionally, upon the Trustee's receipt of the Settlement Payment, the Parties shall file a stipulation of dismissal of the Trustee's complaint in Case No. 23-04035.

5.  Condition Precedent to The Parties' Obligations: The Parties' obligations and the releases given herein shall be binding and effective on the first calendar day following the date on which the Order in the Debtor's bankruptcy case becomes final and unappealable, which date shall be the "Effective Date" of this Agreement.

6.  Impact of Failure of Condition Precedent: This Agreement will terminate and be of no further force and effect in the event that the condition precedent set forth in the immediately preceding paragraph is not satisfied.

7.  Effect of Termination: In the event this Agreement terminates lawfully due to the failure of the United States Bankruptcy Court for the District of Massachusetts (the "Massachusetts Bankruptcy Court") to approve the Agreement or any other express condition precedent for any reason, this Agreement will be null and void in its entirety, none of the Parties will have any obligations to any other Party arising herefrom, and nothing contained herein will have any preclusive or prejudicial effect upon any of the Parties.

8.  Successors and Assigns: The rights, obligations, benefits and privileges created under this Agreement will be binding upon, and inure to the benefit of, each of the Parties and their respective successors and assigns.

9.  No Admissions: This Agreement will not constitute, be interpreted to be, construed, or used as evidence of any admission of liability, law or fact, a waiver of any right or defense, or to estop any Party, except to the extent expressly provided herein.

10. **Authority**: Each individual signing this Agreement hereby covenants and warrants that subject only to the entry of an order by the Massachusetts Bankruptcy Court approving this Agreement, he or she is fully authorized: (i) to sign this Agreement on behalf of the Party for which such individual is signing; and (ii) to bind such Party to all of the terms of this Agreement.

11. **Entire Agreement**: This Agreement sets forth the entire agreement among the Parties with respect to the subject matter hereof. This Agreement is not subject to any condition not provided for herein, and there are no other collateral or oral agreements among the Parties with respect to the subject matter hereof.

12. **Counterparts**: This Agreement may be executed in any number of counterparts, each of which will be deemed an original, and all of which taken together will be considered one and the same agreement.

13. **Amendments**: This Agreement may be amended or otherwise modified only in writing, executed by all Parties; **provided, however,** that any material modification will require the prior approval of the Massachusetts Bankruptcy Court.

14. **Bankruptcy Court Jurisdiction**: The Massachusetts Bankruptcy Court will have sole and exclusive jurisdiction over the approval of, and any dispute arising under or related to this Agreement.

15. **Governing Law**: This Agreement will be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the Parties enter into this Agreement, as of the date hereof.

APPROVED AND AGREED TO this ___ day of April, 2025.

5/2/25
Date

By: _____
STEVEN WEISS, as Chapter 7
Trustee for Top Line Granite
Design, Inc.

_____
Date

By: _____
JOHN V. TESTA, individually,
doing business as Kitchen Concepts,
and as Trustee of the John V. Testa
Revocable Trust

22\0137\Avoidance Claims\Complaint.Kitchen Concepts.1601\25.04.28 MJE Settlement Agreement

3

10. **Authority**: Each individual signing this Agreement hereby covenants and warrants that subject only to the entry of an order by the Massachusetts Bankruptcy Court approving this Agreement, he or she is fully authorized: (i) to sign this Agreement on behalf of the Party for which such individual is signing; and (ii) to bind such Party to all of the terms of this Agreement.

11. **Entire Agreement**: This Agreement sets forth the entire agreement among the Parties with respect to the subject matter hereof. This Agreement is not subject to any condition not provided for herein, and there are no other collateral or oral agreements among the Parties with respect to the subject matter hereof.

12. **Counterparts**: This Agreement may be executed in any number of counterparts, each of which will be deemed an original, and all of which taken together will be considered one and the same agreement.

13. **Amendments**: This Agreement may be amended or otherwise modified only in writing, executed by all Parties, provided, however, that any material modification will require the prior approval of the Massachusetts Bankruptcy Court.

14. **Bankruptcy Court Jurisdiction**: The Massachusetts Bankruptcy Court will have sole and exclusive jurisdiction over the approval of, and any dispute arising under or related to this Agreement.

15. **Governing Law**: This Agreement will be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the Parties enter into this Agreement, as of the date hereof.

APPROVED AND AGREED TO this ___ day of April, 2025.

_____   By: _____
Date                                         STEVEN WEISS, as Chapter 7
                                                  Trustee for Top Line Granite
                                                  Design, Inc.

4/20/25                          By: _____
Date                                         JOHN V. TESTA, individually,
                                                  doing business as Kitchen Concepts,
                                                  and as Trustee of the John V. Testa
                                                  Revocable Trust