| | |
|---|---|
| **In re** | **Chapter 7** |
| | **Case No. 22-40216-EDK** |
| **TOP LINE GRANITE DESIGN, INC.,** | |
| **Debtor** | |

## MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF COMPROMISE WITH ULTRA FUNDING, LLC

NOW COMES Steven Weiss, Chapter 7 Trustee (the "Trustee"), and requests that this Court enter an order approving a compromise with Ultra Funding, LLC ("Ultra") concerning an adversary proceeding filed by the Trustee, pursuant to Federal Rule of Bankruptcy Procedure 9019 and MLBR 9019-1. In support thereof, the Trustee respectfully states as follows:

1. On March 25, 2022 (the "Petition Date"), Top Line Granite Design, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court. The Trustee was appointed as Subchapter V Chapter 11 Trustee.

2. On June 29, 2023, the case was converted to Chapter 7, and the Trustee now serves as Chapter 7 Trustee.

3. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

4. The Trustee has investigated the Debtor's financial transactions. Among those transactions are multiple transfers from the Debtor to Ultra (the "Transfers"). The Transfers are detailed in the Trustee's Status Report [ECF No. 203, the "Status Report"], filed by the Trustee

while the case was still in Chapter 11. As set forth therein, and based on the records then available to the Trustee, there were transfers from the Debtor to Ultra of approximately $127,415 during the preference period in accordance with the terms of a Revenue Purchase Agreement.

5. On February 29, 2024 the Trustee filed an adversary proceeding against Ultra (Case No. 24-04009, referred to herein as amended on June 11, 2024 as the "Complaint"). As set forth in the Complaint, the Trustee contends that transfers to Ultra constituted voidable preferential transfers and that the Revenue Purchase Agreement constituted a disguised loan with an interest rate that violates the Massachusetts usury statute, M.G.L. Ch. 271, § 49, and therefore violated M.G.L. Ch. 93A.

6. The Trustee has since conducted discovery in the matter. He has obtained Ultra's records concerning the Debtor and received sworn answers to written interrogatories.

7. After conducting discovery, the Trustee has negotiated the following settlement, subject to approval by this Court: (a) Ultra will pay the sum of $22,500.00 (the "Settlement Payment") to the Trustee in full satisfaction of the estate's potential claims against Ultra; (b) payment will be due fifteen (15) days after an order approving this motion becomes final; (c) Ultra's proof of claim filed in the case [Claim No.11] will be deemed withdrawn, and it will not file any other claims in the case; and (d) upon receipt of the Settlement Payment, the parties will file a stipulation of dismissal of the Complaint, with prejudice and without costs. The settlement agreement is annexed hereto as Exhibit "A".

8. In evaluating a settlement for the estate, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185, *quoting In re GHR Cos.*, 50

2

B.R. 931 (Bankr. D. Mass. 1985). A Trustee's judgment concerning the justifications for a settlement is ordinarily provided some deference. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87 (1st Cir. 1997); *In re FiberCore, Inc.*, 391 B.R. 647 (Bankr. D. Mass. 2008) (citations omitted).

9.  The Trustee believes that the compromise set forth herein satisfies these criteria[1]. Ultra has asserted, among other things, that the Transfers were in the ordinary course of business between the parties and that the Revenue Purchase Agreement was a sale of accounts and not a usurious loan. While the Trustee disputes those defenses, the prompt recovery of the Settlement Payment, without the costs, delays and uncertainties in continued litigation, is beneficial to the estate.

10. For these reasons, the Trustee believes that the agreement described herein is in the best interests of the estate and should be approved.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 9019, and for cause shown, the Trustee respectfully prays:

1.     That this Court enter an order approving the compromise with Ultra Funding, LLC as described herein;

2.     That the Trustee be authorized to execute the Stipulation and such documents as are necessary to effectuate this agreement; and

3.     For such further relief as this Court deems just and proper.

---

[1] The comments set forth in this motion are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee, and the Trustee reserves all rights available to the estate if the compromise is not approved.

Respectfully submitted this 21st day of May, 2025.

STEVEN WEISS,
CHAPTER 7 TRUSTEE

By: /s/ Steven Weiss
   Steven Weiss, Esquire
   BBO# 545619
   Mark J. Esposito, Esquire
   BBO# 672638
   Shatz, Schwartz and Fentin, P.C.
   1441 Main Street, Suite 1100
   Springfield, MA  01103
   (413) 737-1131
   sweiss@ssfpc.com
   mesposito@ssfpc.com

22\0137\Avoidance Claims\Complaint - Ultra Funding\Settlement\Motion.Compromise.Ultra

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into this ___ day of May, 2025 by and among Steven Weiss solely in his capacity as Chapter 7 Trustee in the case of Top Line Granite Design, Inc. (the "Trustee") and Ultra Funding, LLC ("Ultra"):

## RECITALS

WHEREAS, On March 25, 2022 (the "Petition Date"), Top Line Granite Design, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court (Docket No. 22-40216-EDK), and the Trustee was appointed as Subchapter V Chapter 11 Trustee;

WHEREAS, on June 29, 2023, the case was converted to a Chapter 7 case, and the Trustee was appointed as and now serves as Chapter 7 Trustee;

WHEREAS, the Debtor made various pre-petition transfers to Ultra (the "Transfers"), which the Trustee contends may be avoided and recovered under the applicable provisions of the Bankruptcy Code and G.L. c. 93A (the "Claims");

WHEREAS, Ultra disputes the contentions made by the Trustee; and

WHEREAS, the Trustee and Ultra (each, a "Party", and collectively, the "Parties") now wish to settle the various disputes over the Claims;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the receipt and sufficiency of which are hereby acknowledged, the Trustee and Ultra covenant and agree as follows:

1. Upon execution of this Agreement, the Trustee shall file a motion for approval of this Agreement.

2. On or before fifteen (15) days after the order approving this Agreement (the "Order") becomes final, Ultra shall pay the sum of Twenty-Two Thousand, Five Hundred ($22,500) Dollars (the "Settlement Payment") to the Trustee in full satisfaction of the Claims.

3. Upon delivery of the Settlement Payment, Ultra for itself and its heirs, administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released the Trustee and the bankruptcy estate and their agents, employees, representatives, beneficiaries, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it, he, or she now has, has ever had or may hereafter have against the other that arise out of or relate to any actions taken or

omissions committed in any capacity for or associated with the Debtor on or prior to the Payment Date, except for those arising from, out of or incidental to a breach of or default under this Agreement. Ultra agrees not to pursue any claim in the Debtor's bankruptcy case pursuant to Bankruptcy Code §§ 501-502. Notwithstanding the foregoing, this Agreement shall not release any non-debtors from liability arising from the Judgment against Edmilson Ramos dated June 6, 2022.

4. Upon issuance and receipt of the Settlement Payment, the Trustee, for himself and the bankruptcy estate and their administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released Ultra and its agents, officers, directors, affiliated and related entities, employees, representatives, beneficiaries, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it, he, or she now has, has ever had or may hereafter have against the other that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with the Debtor on or prior to the Payment Date, except for those arising from, out of or incidental to a breach of or default under this Agreement.

Additionally, upon the Trustee's receipt of the Settlement Payment, the Parties shall file a stipulation of dismissal of the Trustee's complaint in Case No. 24-04009.

5. Condition Precedent to The Parties' Obligations: The Parties' obligations and the releases given herein shall be binding and effective on the first calendar day following the date on which the Order in the Debtor's bankruptcy case becomes final and unappealable, which date shall be the "Effective Date" of this Agreement.

6. Impact of Failure of Condition Precedent: This Agreement will terminate and be of no further force and effect in the event that the condition precedent set forth in the immediately preceding paragraph is not satisfied.

7. Effect of Termination: In the event this Agreement terminates lawfully due to the failure of the United States Bankruptcy Court for the District of Massachusetts (the "Massachusetts Bankruptcy Court") to approve the Agreement or any other express condition precedent for any reason, this Agreement will be null and void in its entirety, none of the Parties will have any obligations to any other Party arising herefrom, and nothing contained herein will have any preclusive or prejudicial effect upon any of the Parties.

8. Successors and Assigns: The rights, obligations, benefits and privileges created under this Agreement will be binding upon, and inure to the benefit of, each of the Parties and their respective successors and assigns.

9. No Admissions: This Agreement will not constitute, be interpreted to be, construed, or used as evidence of any admission of liability, law or fact, a waiver of any right or defense, or to estop any Party, except to the extent expressly provided herein.

2

10.  Authority: Each individual signing this Agreement hereby covenants and warrants that subject only to the entry of an order by the Massachusetts Bankruptcy Court approving this Agreement, he or she is fully authorized: (i) to sign this Agreement on behalf of the Party for which such individual is signing; and (ii) to bind such Party to all of the terms of this Agreement.

11.  Entire Agreement: This Agreement sets forth the entire agreement among the Parties with respect to the subject matter hereof.  This Agreement is not subject to any condition not provided for herein, and there are no other collateral or oral agreements among the Parties with respect to the subject matter hereof.

12.  Counterparts: This Agreement may be executed in any number of counterparts, each of which will be deemed an original, and all of which taken together will be considered one and the same agreement.

13.  Amendments: This Agreement may be amended or otherwise modified only in writing, executed by all Parties; provided, however, that any material modification will require the prior approval of the Massachusetts Bankruptcy Court.

14.  Bankruptcy Court Jurisdiction: The Massachusetts Bankruptcy Court will have sole and exclusive jurisdiction over the approval of, and any dispute arising under or related to, this Agreement.

15.  Governing Law: This Agreement will be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the Parties enter into this Agreement, as of the date hereof.

APPROVED AND AGREED TO this ___ day of May, 2025.

Date

By: _____
STEVEN WEISS, as Chapter 7 Trustee for Top Line Granite Design, Inc.

ULTRA FUNDING LLC

03/14/25

Date

By: _____
MENACHEM SHANOWITZ, duly authorized

3

**In re**

**TOP LINE GRANITE DESIGN, INC.,**
Debtor

**Chapter 7**
**Case No. 22-40216-EDK**

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on May 21, 2025, a copy of the  foregoing **Motion to Compromise** was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

 Top Line Granite Design Inc.
carolline@toplinegranitedesign.com;
e.ramos@toplinegranitedesign.com;
lucianaoliveira@toplinegranitedesign.com

Jesse I. Redlener
Ascendant Law Group LLC
2 Dundee Park Drive
Suite 102
Andover, MA 01810
jredlener@ascendantlawgroup.com

Shanna M. Kaminski
Kaminski Law, PLLC
P.O. Box 247
Grass Lake, Michigan 49240
skaminski@kaminskilawpllc.com

/s/ Steven Weiss
 Steven Weiss, Esquire

Peter J. Nicosia, Esq.
Nicosia & Associates, PC
P.O. Box 721, 259 Middlesex Rd.
Tyngsboro, MA 01879
nicosia@nicosia-associates.com (E-Mail)


**DIP LENDER:**

Legalist
Monica Kirkpatrick
Remy Cipriano
Faith Ecleo
58 West Portal Ave #747
San Francisco, CA 94127
monica@legalist.com (E-Mail)
remy@legalist.com
faith@legalist.com

**NOTICE OF APPEARANCE:**

Michael Van Dam, Esq
Van Dam Law LLP
233 Needham Street, Suite 540
Newton, MA 02464
mvandam@vandamlawllp.com  (EN)
(counsel for Avidia Bank)

Philip F. Coppinger, Esq.
P.O. Box 20354
Worcester, MA 01602
ECF@coppingerlaw.com (EN)
(counsel for Leamar Industries, Inc.)

Cheryl Deshaies, Esq.
Cheryl C. Deshaies, Attorney at Law
24 Front Street, Suite 111
P.O. Box 648
Exeter, NH 03856
cdeshaies@deshaieslaw.com (EN)
(counsel for Hyquality Tools, LLC)

Paul G. Crochiere Esq.
Regnante Sterio LLP
401 Edgewater Place, Suite 630
Wakefield, MA 01880-6210
pcrochiere@regnante.com (EN)
(counsel for Enterprise Bank & Trust Company)

Zann Welch
Claims Processor
Bankruptcy Servicer for Ally Bank
AIS Portfolio Services, LP
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
ECFNotices@aisinfo.com  (E-Mail)

Anthony F. Giuliano, Esq.
Eleny De Jesus
Giuliano Law, P.C.
445 Broadhollow Road, Suite 25
Melville, NY 11747
email - afg@glpcny.com (E-Mail)
(counsel for ROC Funding Group)

William J. Delaney, Esq.
Cohn & Dussi LLC
536 Atwells Avenue, Suite 1
Providence, RI 02909
wdelaney@cohnanddussi.com, drogala@blaislaw.com (EN)
(counsel for First Citizens Bank & Trust Company,
Assignee of ENGS Commercial Finance Co.,)

John M McAuliffe
McAuliffe & Associates, P.C.
(counsel for  FGC EPC, LLC)
john@jm-law.net , lana@jm-law.net (EN)

Andrew G. Lizotte, Esq.
(counsel for Edmilson Ramos)
agl@murphyking.com; bankruptcy@murphyking.com (EN)


**SENIOR SECURED CREDITORS AND SBA:**

Avidia Bank
Stephen McAndrew         via Michael Van Dam
42 Main Street

Hudson, MA 01749
s.mcandrew@avidiabank.com  (E-Mail)

Vickie Anderson
CIT Associate
CIT BANK a division of First Citizen Bank
(assignee of ENG Commercial Finance)
10201 Centurion Parkway N
Suite 100
Jacksonville FL 32256
vickie.anderson@cit.com ; terrilyn.lawson@cit.com ; staceyrgray@aol.com (E-Mail)

Enterprise Bank
Denise Aggott
222 Merrimack Street
Lowell MA 01852
Denise.Aggott@ebtc.com; Elizabeth.Frangiosa@ebtc.com (E-Mail)

U.S. Small Business Administration
200 W. Santa Ana Blvd., Suite 740
Santa Ana, CA 92701
garrett.lenox@sba.gov  (E-Mail)

U.S. Small Business Administration
10 Causeway Street, Room 265
c/o Casey Sieck
Boston, MA 02222
casey.lyonssieck@sba.gov ; Alix.Howie@sba.gov (E-Mail)

Meghan Hudson
Commercial Loan Service
Center 504 Liquidation Division
LRSC.504Liquidation@sba.gov

Kim Legere
Vice President- Portfolio Manager
Bay Colony Development Corp.
klegere@baycolony.org

United States Attorney
United States Attorney
John Joseph Moakley United States Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Attorney General of the United States

US Department of Justice
950 Pennsylvania Avenue, NW
Washington, District of Columbia 20530

Philip F. Coppinger on behalf of Creditor Leamar Industries, Inc.
ECF@coppingerlaw.com

Paul G. Crochiere on behalf of Creditor Enterprise Bank & Trust Company
pcrochiere@regnante.com

William Joseph Delaney on behalf of Creditor First Citizens Bank &Trust Company a/k/a CIT
Bank NA
wdelaney@cohnanddussi.com, drogala@blaislaw.com

William Joseph Delaney on behalf of Creditor First-Citizens Bank & Trust Company, Assignee
of ENGS Commercial Finance Co.
wdelaney@cohnanddussi.com, drogala@blaislaw.com

Cheryl Deshaies on behalf of Creditor Hyquality Tools, LLC
cdeshaies@deshaieslaw.com

Mark Esposito on behalf of Trustee Steven Weiss
mesposito@ssfpc.com, astephan@ssfpc.com

Jennifer L. Joubert on behalf of Creditor Toyota Lease Trust
jjoubert@mlg-defaultlaw.com, jjoubert@ecf.courtdrive.com

Raquelle Kaye on behalf of Creditor Small Business Administration
raquelle.kaye@usdoj.gov, USAMA.bankruptcy@usdoj.gov

Richard King
USTPRegion01.WO.ECF@USDOJ.GOV

Amber Kovach on behalf of Creditor Angela Cagianno
akovachbk@yahoo.com, talbot.amberb111004@notify.bestcase.com

Michael Lushan on behalf of Creditor Ally Bank, c/o AIS Portfolio Services, LP
lushan@lushlaw.com

Stephen G. Murphy on behalf of Creditor Massachusetts Department Of Revenue
murphys@dor.state.ma.us

Allegheny Contract Flooring
36 Holton Street
Winchester, MA 01890
 781.935.1077
csarro@alleghenycontract.com  (E-Mail)

Arbella Insurance Group
P.O. Box 6699227
Quincy, MA 02269

Avidia Bank
[see secured creditors]

Bay Colony Development Corp
Kim Legere, VP
230 Third Avenue,lst Floor
Waltham, MA 02451
klegere@baycolony.org;; (E-Mail)
Alix Howe, Esq.
Alix.Howie@sba.gov (E-Mail)

Bay Colony Development Corp
U.S. Small Business Administration
10 Causeway Street, Room 265
c/o Casey Sieck
Boston, MA 02222
casey.lyonssieck@sba.gov  (E-Mail)

First Citizens Bank
CIT Bank, a division of First Citizens Bank (assignee of ENG Commercial Finance)
c/o Vickie Anderson
10201 Centurion Parkway N, Suite 100        Via Bill Delaney Telephone
Jacksonville, FL 32256
vickie.anderson@cit.com;  terrilyn.lawson@cit.com  (E-Mail)

First Citizens Bank & Trust Company
P.O. Box 593007
San Antonio, TX 78259
staceyrgray@aol.com  (E-Mail)

Cohn & Dussi, LLC
Attn; Christian Menzi l
68 Harrison Ave., Suite 502
Boston, MA 02111
dveerman@cohnanddussi.com; cmanzi@cohnanddussi.com;
aglaab@cohnanddussi.com  (E-Mail)

Commonwealth of Massachusetts
Department of Revenue
P.O. Box 7090
Boston, MA 02204
Matthew Cote
cotem@dor.state.ma.us  (E-Mail)

Easy Way Landscaping, Inc.
767 Central Street
Lowell, MA 01852
contact@easywaylandscaping.com  (E-Mail)


Global Stone
102 Wightman St.
North Chelmsford, MA 01863
lucianaoliveira@toplinegranitedesign.com (E-Mail)

Gramafal Granitos e Marmores Falqueto
Rod BR 262s/n - **KM**
104 Bananeiras Venda Nova do lmigrantes
ES, Brazil 2937
iones@gramafal.com (E-Mail)

Granite and Marble Depot, Inc.
15 Old Flanders Road
Westborough, MA O1581
roger@gmdepot.com (E-Mail)

Guidone USA, Inc.
263 E. Oak Street
Morae Helena, GA 31055
edinete.santiago@guidoni.com.br; edinete@guidoni.com.br;
g.financial@guidoni.com.br (E-Mail)

KPStone Tools
62 Newton Ave
Plainville, CT 06062
kpstonetool@yahoo.com (E-Mail)

Manuel P. Costa
530 Lowell Street
Andover, MA 01810
Manuel.andover@hotmail.com  (E-Mail)

Mendonca &Partners, CPA L.L.C.
1030 Salem Road
Township, NJ 07083
HMendonca@mpcpallc.com (E-Mail)

Moxtra Import & Export LLC
120 Main Street
Milford, MA 01757

MS International, Inc.
1080 University Ave.
Norwood, MA 02062
shamin@msisurfaces.com (E-Mail)

National Grid
300 Erie Boulevard West
Syracuse, NY 13202
Bankruptcy@NationalGrid.com (E-Mail)

Patrick Rygiel
17 Laurie Lane
Lowell, MA O1854

Town of Tyngsboro
Tax Office
25 Bryants Lane
Tyngsboro, MA 01879
 jshifres@tyngsboroughma.gov  (E-Mail)

US Quartz & Stones Inc.
43 Brunswick Ave, Suite 1
Woodbridge Township, NJ 08861
info@usguartzandstones.com  (E-Mail)

Way2Go Cargo Corp.
P.O. Box 4001
Boynton Beach, FL 33424
raphael@w2g-log.com  (E-Mail)


Sherburne Lumbar
David LaRiviere Enterprises, Inc. (dba Sherburne Lumbar)
56 Coburn Road
Tyngsboro, MA O1879
sherburnelumber@verizon.net  (E-Mail)

Wells Fargo Vendor Financial Services, LLC
(assignee of Konica Minolta Premier Fin.)
Attn: Kimberly Park
1010 Thomas Edison Blvd SW
Cedar Rapids, IA 52404
Kimberly.M.Park@wel1sfargo.com (E-Mail)

Associated Employers Insurance
**A.I. M.** Mutual
34 Seymour Street
Tonawanda, NY 14150
tylerhughes@commercialcollection.com (E-Mail)