**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re<br>**TOP LINE GRANITE DESIGN, INC.,**<br><br>**Debtor** | **Chapter 7**<br>**Case No. 22-40216-EDK** |

## ORDER ON

## TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES

## (CLASS ACTION CLAIMS)

This matter having come before the Court upon the motion and notice of the Trustee's intent to sell property of the estate, free and clear of liens and encumbrances (the "Motion"), filed by Steven Weiss, Chapter 7 Trustee for Top Line Granite Design, Inc. (the "Trustee") specifically to sell and assign the bankruptcy estate's right, title and interest in class action claims against Visa, Inc. and MasterCard, Inc. (the "Claim") free and clear of all liens, claims, mortgages, security interests, charges, encumbrances, and other interests, to Clearwater Recovery Partners, LLP (the "Purchaser"), or its nominee; and no objections or higher bids having been timely made:

The Court finds that the Motion constitutes a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(N), and that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The Court further finds that the sale is authorized under 11 U.S.C. § 363(b) and (f).

As evidenced by the certificate of service filed with the Court, (i) proper, timely, adequate and

sufficient notice of the Motion and the Sale Hearing has been provided in accordance with §§ 102(1), 105, and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004; (ii) such notice was good and sufficient, and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion and the Sale Hearing is or shall be required.

As demonstrated by (i) the representations made in the Sale Motion, the Trustee has established that the sale was proposed and entered into without collusion and with full disclosure, in good faith, and from arm's-length bargaining positions. Neither the Trustee nor Purchaser have engaged in any conduct that would cause or permit the sale to be avoided under § 363(n) of the Bankruptcy Code.

The Purchaser is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to all of the protections afforded thereby.

The Trustee has full power and authority to: (i) sell and assign Claim, (ii) consummate the transactions contemplated by the Sale Motion, and (iii) execute such documents as are necessary to do so.

The Trustee may sell the estate's interest in the Claim free and clear of all liens, claims and encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in § 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Any holders of liens, claims and encumbrances on the Note and Mortgage are adequately protected by having their liens, claims, and encumbrances, if any, attach to the cash proceeds of the Sale.

The Trustee has demonstrated a good, sufficient, and sound business purpose and justification for the Sale to the Purchaser. Approval of and consummation of the Sale at this time are in the best interests of the Debtor, her creditors, the estate and other parties in interest.

IT IS ORDERED that the Trustee's Motion shall be and hereby is granted, and the Trustee is hereby authorized to sell and assign the estate's interest in the Claim to the Purchaser or its nominee

for the sum of Three Thousand five Hundred Dollars ($3,500.00). The Sale Motion and all of the terms and conditions thereof are hereby approved. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is authorized and directed to perform his obligations under and comply with the terms of the Sale Motion and consummate the Sale.

IT IS FURTHER ORDERED that the sale of the Claim to the Purchaser shall be free and clear of all liens, claims and encumbrances, with valid liens, claims and encumbrances to attach to the Sale proceeds in their order of priority. Except as expressly permitted or otherwise specifically provided in the Sale Motion or this order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding claims of any kind or nature whatsoever against or in the Debtor or the Claim (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor or the Claim hereby are forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns.

IT IS FURTHER ORDERED that any objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits. Notice of the Motion and the Sale Hearing was fair and equitable under the circumstances and complied in all respects with the applicable federal and local rules.

IT IS FURTHER ORDERED that the Trustee is authorized to execute and deliver all instruments and documents that may be reasonably necessary or desirable to implement the sale and to take all further actions as may be requested by Purchaser for the purpose of transferring and assigning the Claim to Purchaser, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Motion.

IT IS FURTHER ORDERED that the proceeds shall be held pending further order of the Court. The fees and expenses incurred by the Trustee in connection with the sale of the Claim constitute reasonable and necessary expenses of preserving and disposing of the Claim and may be recovered from the proceeds of the sale, pursuant to 11 U.S.C. §506(c), with allowance of such fees and expenses to be subject to further review and order by this Court.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce and implement the provisions of this Order and protect Purchaser from any claims against the Debtor, of any kind or nature whatsoever, attaching to the proceeds of the Sale.

IT IS FURTHER ORDERED THAT the transactions contemplated by the Motion are undertaken by Purchaser in good faith as that term is used in § 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization and approval provided herein to consummate the Sale shall not affect the validity of the Sale to Purchaser unless such authorization and approval is duly stayed pending such appeal.

**The hearing set for February 26, 2026 is canceled.**

_Elizabeth D. Katz_  2/23/2026
ELIZABETH D. KATZ
Bankruptcy Judge

22\0137\Sale.Order.1601