**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| **In re**<br><br>**TOP LINE GRANITE DESIGN, INC.,**<br>**Debtor** | **Chapter 7**<br>**Case No. 22-40216-EDK** |

**MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF COMPROMISE WITH JEANNE D'ARC CREDIT UNION**

NOW COMES Steven Weiss, Chapter 7 Trustee (the "Trustee"), and requests that this Court enter an order approving a compromise with Jeanne D'Arc Credit Union ("JDCU") concerning an adversary proceeding filed by the Trustee against JDCU and Edmilson Ramos ("Ramos"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and MLBR 9019-1. In support thereof, the Trustee respectfully states as follows:

1. On March 25, 2022 (the "Petition Date"), Top Line Granite Design, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court. The Trustee was appointed as Subchapter 11 Trustee.

2. On June 29, 2023, the case was converted to Chapter 7, and the Trustee now serves as Chapter 7 Trustee.

3. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

4. The Trustee has investigated the Debtor's financial transactions. Among those transactions are multiple transfers between the Debtor and JDCU. Specifically, in late 2019 Ramos

refinanced his mortgage on his residence with JDCU, receiving net proceeds of approximately $375,000. Starting in 2020, Ramos caused the Debtor to make his mortgage payments directly to JDCU; the monthly payments (including tax escrow) were slightly in excess of $10,000 per month. The total amount of the payments through the petition date totaled approximately $223,000 (the "Transfers").

5. The Trustee contended that as the Debtor was not obligated on the mortgage note, the Transfers could be voided as fraudulent transfers pursuant to Bankruptcy Code § 548 and M.G.L. Ch. 109A.

6. On March 6, 2024 the Trustee filed an adversary proceeding against JDCU (Case No. 24-4010, referred to herein as the "Complaint"). In response to a motion filed by JDCU, the Trustee added Ramos as an additional defendant.

7. Over the last two years, the Trustee and JDCU engaged in extensive discovery, including multiple depositions, and the Trustee retained an expert to provide opinions on the Debtor's solvency, and lack of sufficient capital to meet its obligations. JDCU vigorously opposed the Trustee's contentions. It further contended that: (a) Ramos provided consideration to the Debtor in exchange for the payments; and (b) the payments constituted repayment of loans by Ramos to the Debtor. In discovery Ramos testified in support of these arguments.

8. Following completion of discovery, the Trustee filed a motion for summary judgment. The Court denied the motion, finding that there were significant factual disputes, and scheduled a two-day trial to commence on June 16 and 17.

9. In the period leading up to the trial, JDCU filed a motion to strike the supplement report by the Trustee's expert (which motion was allowed on June 11), and filed multiple motions in

limine seeking to exclude the Trustee's evidence in support of the Complaint, which were scheduled to be heard at the commencement of the trial.

10. Following the hearings on the motion to strike, the Trustee has negotiated the following settlement, subject to approval by this Court: (a) JDCU will pay the sum of $50,000.00 (the "Settlement Payment") to the Trustee in full satisfaction of the estate's potential claims against JDCU and Ramos; (b) payment will be due fifteen (15) days after an order approving this motion becomes final; and (c) upon receipt of the Settlement Payment, the parties will file a stipulation of dismissal of the Complaint, with prejudice and without costs as to all parties; and (d) JDCU agrees not to file or pursue any claim in the Debtor's bankruptcy case. Pursuant to MLBR 9019-1, the settlement agreement is annexed hereto as Exhibit "A".

11. The settlement agreement has been signed by the Trustee and JDCU. It has been forwarded to Mr. Ramos several times for his review and signature, but he has not responded. The settlement agreement contemplates that upon payment of the Settlement Payment, the parties will execute a stipulation of dismissal of the Complaint. In light of Mr. Ramos' failure to respond, the Trustee anticipates that he will not execute a stipulation of dismissal. Thus, the Trustee requests that, upon the Trustee filing a notice that the Settlement Payment has been received, this Court enter an order dismissing the Complaint with prejudice and without costs, pursuant to F.R. Civ. P. 41(a)(2).

12. In evaluating a settlement for the estate, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185, *quoting In re GHR Cos.*, 50 B.R. 931 (Bankr. D. Mass. 1985). *In re Simplicity MA, LLC*, 2024 Bankr. LEXIS 2133 (Bankr. D.

Mass. 2024) A Trustee's judgment concerning the justifications for a settlement is ordinarily provided some deference. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87 (1st Cir. 1997); *In re FiberCore, Inc.*, 391 B.R. 647 (Bankr. D. Mass. 2008) (citations omitted).

13. The Trustee believes that the compromise set forth herein satisfies these criteria[1]. While the Trustee contends that the Debtor was insolvent and uncapitalized throughout the entire period, JDCU contested those facts and, indeed, nearly all of the facts asserted by the Trustee. When the Court granted JDCU's motion to strike the expert's supplemental report, and the pending motions in limine created further uncertainty regarding the Trustee's ability to get all of the relevant evidence admitted at trial, the Trustee agreed to the settlement. The receipt of the Settlement Payment, without the costs, delays and uncertainties in continued litigation, including a likely appeal, is beneficial to the estate. As to Ramos, the Trustee believes that he is essentially "judgment proof", and collection efforts against him would be unlikely to be productive.

14. For these reasons, the Trustee believes that the agreement described herein is in the best interests of the estate and should be approved.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 9019, and for cause shown, the Trustee respectfully prays:

1. That this Court enter an order approving the compromise with JDCU and Ramos, as described herein;
2. That the Trustee be authorized to execute the Stipulation and such documents as

[1] The comments set forth in this motion are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee, and the Trustee reserves all rights available to the estate if the compromise is not approved.

are necessary to effectuate this agreement;

3. That upon the Trustee filing a notice that the Settlement Payment has been received, the Court enter an order dismissing the Complaint with prejudice and without costs; and

4. For such further relief as this Court deems just and proper.

Respectfully submitted this 2nd day of July, 2026.

STEVEN WEISS,
CHAPTER 7 TRUSTEE

By: /s/ Steven Weiss
Steven Weiss, Esquire
BBO# 545619
sweiss@ssfpc.com
Mark Esposito, Esquire
BBO# 672638
mesposito@ssfpc.com
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737 1131

22\0137\Avoidance Claims\Complaint - Jeanne D'Arc\Settlement\Motion.Compromise.JDCU.1601

EXHIBIT A

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into this 30 day of June, 2026 by and among Steven Weiss solely in his capacity as Chapter 7 Trustee in the case of Top Line Granite Design, Inc. (the "Trustee"), Jeanne D'Arc Credit Union ("JDCU"), and Edmilson Ramos ("Ramos"):

## RECITALS

WHEREAS, On March 25, 2022 (the "Petition Date"), Top Line Granite Design, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court (Docket No. 22-40216-EDK), and the Trustee was appointed as Subchapter V Chapter 11 Trustee;

WHEREAS, on June 29, 2023, the case was converted to a Chapter 7 case, and the Trustee was appointed as and now serves as Chapter 7 Trustee;

WHEREAS, Ramos caused the Debtor to make various pre-petition transfers to JDCU (the "Transfers"), which the Trustee contends may be avoided and recovered under the applicable provisions of the Bankruptcy Code M.G.L. Ch. 109A (the "Claims");

WHEREAS, JDCU and Ramos dispute the contentions made by the Trustee;

WHEREAS, on March 6, 2024 the Trustee filed an adversary proceeding against JDCU (Case No. 24-4010), seeking recovery of the Transfers; further, in an amended complaint (the "Complaint"), the Trustee also asserted claims against Ramos;

WHEREAS, the Parties engaged in litigation concerning the Complaint, and

WHEREAS, the Trustee, JDCU, and Ramos (each, a "Party", and collectively, the "Parties") now wish to settle the various disputes over the Claims;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the receipt and sufficiency of which are hereby acknowledged, the Parties covenant and agree as follows:

1. Upon execution of this Agreement, the Trustee shall file a motion for approval of this Agreement.

2. On or before fifteen (15) days after the order approving this Agreement (the "Order") becomes final, JDCU shall pay the sum of Fifty Thousand ($50,000) Dollars (the "Settlement Payment") to the Trustee in full satisfaction of the Claims.

3. Upon delivery of the Settlement Payment (the "Payment Date"), JDCU, for itself and its heirs, administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released the Trustee and the

bankruptcy estate and their agents, employees, representatives, beneficiaries, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it, he, or she now has, has ever had or may hereafter have against the other that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with the Debtor on or prior to the Payment Date, except for those arising from, out of or incidental to a breach of or default under this Agreement. JDCU agrees not to pursue any claim in the Debtor's bankruptcy case pursuant to Bankruptcy Code § § 501, 502.

4. Upon the Payment Date, Ramos for himself and his heirs, administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released the Trustee and the bankruptcy estate and their agents, employees, representatives, beneficiaries, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it, he, or she now has, has ever had or may hereafter have against the other that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with the Debtor on or prior to the Payment Date, except those arising from, out of or incidental to a breach of or default under this Agreement.

5. Upon issuance and receipt of the Settlement Payment, the Trustee, for himself and the bankruptcy estate and their administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released Ramos, JDCU, TruStage Financial Group, Inc., and their officers, directors, affiliated and related entities, agents, employees, representatives, beneficiaries, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it, he, or she now has, has ever had or may hereafter have against the other that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with the Debtor on or prior to the Payment Date, except for those arising from, out of or incidental to a breach of or default under this Agreement.

Additionally, upon the Trustee's receipt of the Settlement Payment, the Parties shall file a stipulation of dismissal of the Trustee's complaint in Case No. 24-4010, with prejudice and without costs.

6. <u>Condition Precedent to The Parties' Obligations</u>: The Parties' obligations and the releases given herein shall be binding and effective on the first calendar day following the date on which

the Order in the Debtor's bankruptcy case becomes final and unappealable, which date shall be the "Effective Date" of this Agreement.

7. Impact of Failure of Condition Precedent: This Agreement will terminate and be of no further force and effect in the event that the condition precedent set forth in the immediately preceding paragraph is not satisfied.

8. Effect of Termination: In the event this Agreement terminates lawfully due to the failure of the United States Bankruptcy Court for the District of Massachusetts (the "Massachusetts Bankruptcy Court") to approve the Agreement or any other express condition precedent for any reason, this Agreement will be null and void in its entirety, none of the Parties will have any obligations to any other Party arising herefrom, and nothing contained herein will have any preclusive or prejudicial effect upon any of the Parties.

9. Successors and Assigns: The rights, obligations, benefits and privileges created under this Agreement will be binding upon, and inure to the benefit of, each of the Parties and their respective successors and assigns.

10. No Admissions: This Agreement will not constitute, be interpreted to be, construed, or used as evidence of any admission of liability, law or fact, a waiver of any right or defense, or to estop any Party, except to the extent expressly provided herein.

11. Authority: Each individual signing this Agreement hereby covenants and warrants that subject only to the entry of an order by the Massachusetts Bankruptcy Court approving this Agreement, he or she is fully authorized: (i) to sign this Agreement on behalf of the Party for which such individual is signing; and (ii) to bind such Party to all of the terms of this Agreement.

12. Entire Agreement: This Agreement sets forth the entire agreement among the Parties with respect to the subject matter hereof. This Agreement is not subject to any condition not provided for herein, and there are no other collateral or oral agreements among the Parties with respect to the subject matter hereof.

13. Counterparts: This Agreement may be executed in any number of counterparts, each of which will be deemed an original, and all of which taken together will be considered one and the same agreement.

14. Amendments: This Agreement may be amended or otherwise modified only in writing, executed by all Parties; provided, however, that any material modification will require the prior approval of the Massachusetts Bankruptcy Court.

15. Bankruptcy Court Jurisdiction: The Massachusetts Bankruptcy Court will have sole and exclusive jurisdiction over the approval of, and any dispute arising under or related to, this Agreement.

16. Governing Law: This Agreement will be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the Parties enter into this Agreement, as of the date hereof.

APPROVED AND AGREED TO this 30 day of June 2026.

July 2, 2026
Date

By: [signature]
STEVEN WEISS, as Chapter 7 Trustee for Top Line Granite Design, Inc.

JEANNE D'ARC CREDIT UNION

June 30 2026
Date

By: [signature]
Its CEO

______
Date

By: ____________________
Edmilson Ramos